H. Grant Law (SBN: 144505)
hlaw@shb.com
Amir Nassihi (SBN: 235936)
anassihi@shb.com
Mia Solvesson (SBN: 246291)
msolvesson@shb.com
SHOOK, HARDY & BACON L.L.P.
333 Bush Street, Suite 600
San Francisco, California 94104-2828
Telephone: 415.544.1900
Facsimile: 415.391.0281

Attorneys for Defendant
FORD MOTOR COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN FARMER, ARTHUR FARMER, ESTATE OF VIRGINIA M. FARLEY, VIRGINIA M. FARLEY REVOCABLE TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY, BUDGET RENT A CAR SYSTEM, INC., and DOES 1-100, inclusive,<br><br>Defendants. | Case No. ________________<br><br>**DEFENDANT FORD MOTOR COMPANY'S NOTICE TO PLAINTIFF OF FILING OF NOTICE OF REMOVAL IN FEDERAL COURT**<br><br>Complaint filed: June 7, 2007 |

**TO PLAINTIFF:**

**PLEASE TAKE NOTICE** that on July 9, 2007, Defendant FORD MOTOR COMPANY filed a Notice of Removal of this action in the Office of the Clerk of the United States District Court for the Northern District of California. A copy of the Notice of Removal is attached hereto as Exhibit A.

Dated: July 9, 2007

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: [signature]
H. GRANT LAW
AMIR NASSIHI
MIA O. SOLVESSON

Attorneys for Defendant
FORD MOTOR COMPANY

**EXHIBIT A**

H. Grant Law (SBN: 144505)
hlaw@shb.com
Amir Nassihi (SBN: 235936)
anassihi@shb.com
Mia Solvesson (SBN: 246291)
msolvesson@shb.com
SHOOK, HARDY & BACON L.L.P.
333 Bush Street, Suite 600
San Francisco, California 94104-2828
Telephone: 415.544.1900
Facsimile: 415.391.0281

Attorneys for Defendant
FORD MOTOR COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SUSAN FARMER, ARTHUR FARMER, ESTATE OF VIRGINIA M. FARLEY, VIRGINIA M. FARLEY REVOCABLE TRUST,

Plaintiffs,

vs.

FORD MOTOR COMPANY, BUDGET RENT A CAR SYSTEM, INC., and DOES 1-100, inclusive,

Defendants.

Case No. ________________

**NOTICE OF REMOVAL OF ACTION BY DEFENDANT FORD MOTOR COMPANY UNDER 28 U.S.C. §§ 1441, 1446 AND 1332 (DIVERSITY) AND REQUEST FOR JURY TRIAL**

Complaint filed: June 7, 2007

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant FORD MOTOR COMPANY ("Removing Defendant") hereby removes to this Court the action described below.

1. On June 7, 2007, the Complaint was filed in Contra Costa County Superior Court, in the action entitled *Susan Farmer, Arthur Farmer, Estate of Virginia M. Farley, Virginia M.*

*Farley Revocable Trust vs. Ford Motor Company, Budget Rent A Car System, Inc., and Does 1-100, inclusive*, Case No. C07-01240. A copy of the Complaint is attached as Exhibit A.

2. On June 12, 2007, Ford Motor Company was served with a copy of the Complaint and a summons from the state court. Defendant Budget Rent A Car System, Inc. ("Budget") was served with a copy of the Complaint and a summons from the state court on June 12, 2007.

3. Pursuant to 28 U.S.C. section 1446, subdivision (b), this Notice of Removal is timely filed within thirty (30) days of Defendant Ford Motor Company's receipt of notice of Plaintiffs' summons and Complaint.

4. This action may be removed to this Court pursuant to 28 U.S.C. section 1441(b) because this Court has original jurisdiction over this action pursuant to 28 U.S.C. section 1332(a). The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and Plaintiffs and Defendants are citizens of different states.

5. A defendant can establish the amount in controversy by the allegations in a Complaint. *Conrad Assocs. v. Hartford Accident & Indemn. Co.*, 994 F. Supp. 1196 (N.D. Cal. 1998), or by setting forth facts in the notice of removal that demonstrate that the amount in controversy exceeds $75,000. *Gaus v. Miles, Inc.*, 980 F.2d 564, 576 (9th Cir. 1992); *accord Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). Plaintiffs seek general damages, emotional distress damages, medical and incidental expenses, other special damages, loss of consortium damages, and costs of suit. (Complaint, Prayer, pp. 16-17.) In addition, Plaintiffs seek punitive and exemplary damages (*see id.* at 16), which are included in the calculation of the amount in controversy. *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943). The totality of these factors establishes that the amount in controversy meets the jurisdictional requirement.

6. Removing Defendant is informed and believes that Plaintiffs, Susan Farmer and Arthur L. Farmer are now, and were at the time of filing of the Complaint, citizens of California.

7. Removing Defendant is informed and believes that deceased, Virginia M. Farley was a resident of Ohio at the time of her death and executor of plaintiff, Estate of Virginia M.

Farley and Trustee for Plaintiff, Virginia M. Farley Revocable Trust, Gail F. Royster was and at the time of filing of the Complaint, a citizen of Ohio.

8. Removing Defendant is now, and was at the time of the filing of the Complaint, a Delaware corporation with its principal place of business in Dearborn, Michigan.

9. Removing Defendant is informed and believes that defendant Budget is a Delaware corporation with its principal place of business in Parsippany, New Jersey.

10. Removal requires the consent of all defendants. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 393 (1998) (Kennedy, J., concurring); *see Chicago, R.I. & P.R. Co. v. Martin*, 178 U.S. 245, 248 (1900). All defendants in this action consent to removal. *See* Exhibit B, Budget's Joinder in Notice of Removal.

11. Removing Defendant reserves the right to amend or supplement this Notice of Removal.

12. A complete copy of all process, pleadings, and orders served upon Ford Motor Company in this action is attached as Exhibit C. *See* 28 U.S.C. § 1446(a).

13. No further proceedings involving Ford Motor Company have occurred in the Contra Costa County Superior Court in this action as of the date of the filing of this Notice of Removal.

14. Removing Defendant has answered the Complaint in state court.

15. This action was pending in Contra Costa County Superior Court, requiring an initial intradistrict assignment to the Oakland or San Francisco Divisions.

16. Pursuant to 28 U.S.C. section 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the State of California, County of Contra Costa.

17. Pursuant to 28 U.S.C. section 1446(d), Removing Defendant is providing written notice of removal to Plaintiffs.

18. Removing Defendant requests a trial by jury on all issues so triable.

//

//

WHEREFORE, Defendant removes this action now pending against it in the Superior Court of the State of California, County of Contra Costa, to this Honorable Court.

Dated: July 9, 2007

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: ______________________

H. GRANT LAW
AMIR NASSIHI
MIA O. SOLVESSON

Attorneys for Defendant
FORD MOTOR COMPANY

# EXHIBIT A

Robert J. Nelson (State Bar No. 132797)
Scott P. Nealey (State Bar No. 193062)
Nancy Chung (State Bar No. 225584
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Attorneys for Plaintiffs

FILED
JUN 07 2007
K. TORRE, CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA
By D. WAGNER, Deputy Clerk

COPY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF CONTRA COSTA

SUSAN FARMER, ARTHUR FARMER, ESTATE OF VIRGINIA M. FARLEY, VIRGINIA M. FARLEY REVOCABLE TRUST

Plaintiffs,

v.

FORD MOTOR COMPANY, BUDGET RENT A CAR SYSTEM, INC. and DOES 1 through 100, inclusive

Defendants.

Case No. C07-01240

**COMPLAINT FOR PERSONAL INJURIES, EMOTIONAL DISTRESS, LOSS OF CONSORTIUM, AND EQUITABLE RELIEF INCLUDING RESTITUTION**

**DEMAND FOR JURY TRIAL**

PER LOCAL RULE 5 THIS CASE IS ASSIGNED TO DEPT 16

## I. INTRODUCTION

1. SUSAN FARMER, ARTHUR L. FARMER, the ESTATE OF VIRGINIA M. FARLEY, and the VIRGINIA M. FARLEY REVOCABLE TRUST, through the executor and trustee, GAIL F. ROYSTER, (herein collectively "Plaintiffs"), allege causes of action against Defendants FORD MOTOR COMPANY (hereinafter "FORD"); BUDGET RENT A CAR SYSTEM, INC., (hereinafter "BUDGET"); and DOES 1 through 100 for strict products liability, negligence, loss of consortium, violations of Cal. Bus. & Prof. Code § 17200 *et seq*. and Cal. Civ.

Code § 1750 *et seq.*, and in the case of ARTHUR L. FARMER, loss of consortium. In addition to compensatory damages, Plaintiffs further seek punitive and exemplary damages, injunctive relief, and restitution.

2. On June 8, 2006, Plaintiff SUSAN FARMER (hereinafter "FARMER") rented a 2006 Mercury Grand Marquis (hereinafter "GRAND MARQUIS"), VIN number 2MEFM75V46X631709 from BUDGET located at the Cleveland Hopkins Airport.

3. These causes of action arise from a tragic accident which occurred on June 10, 2006 in the parking lot of the Carousel Dinner Theatre in Akron, Ohio. Plaintiff FARMER started the ignition of the rented GRAND MARQUIS. In order to assist her elderly mother, VIRGINIA M. FARLEY (hereinafter "FARLEY"), into the vehicle, she placed the GRAND MARQUIS's automatic transmission in what she reasonably believed from the vehicle's "cues" – the location of the shift selector, the sound of the engine, and the vehicle did not move when she pulled her foot off the brake – to be "park." Plaintiff FARMER then exited the vehicle and walked behind it to the passenger side to assist FARLEY into the vehicle. As FARLEY opened the passenger door, the GRAND MARQUIS, without warning, self-shifted (*i.e.*, without any manipulation of the shift selector by FARMER or FARLEY) into a power reverse, knocking FARLEY to the ground seriously injuring her. In an attempt to protect FARLEY from the moving vehicle, Plaintiff FARMER, attempted to pull FARLEY away and got caught between the vehicle's floorboard and the open passenger door. Plaintiff FARMER was then dragged 80 feet across the parking lot. The car eventually hit a curb and Plaintiff FARMER fell free from the door gravely injured.

4. Plaintiffs allege the following based upon their own knowledge, publicly available information, and information and belief:

## II. JURISDICTION AND VENUE

5. This Court is proper because plaintiffs SUSAN and ARTHUR L. FARMER are, and at all relevant times herein, were residents of Contra Costa County in California. Further, the solicitation for and eventual reservation with BUDGET for the GRAND MARQUIS rental car was made in Contra Costa County, California.

6. Jurisdiction in this Court is proper because each defendant, FORD and BUDGET engages in substantial, continual and systemic business in California and are, therefore, subject to personal jurisdiction in this State.

## III. PARTIES

### A. Plaintiffs

7. Plaintiff SUSAN FARMER resides in Orinda, California. Due to the defects present in the 2006 GRAND MARQUIS, she sustained debilitating injuries when she was crushed and dragged by the vehicle for 80 feet across a parking lot.

8. Plaintiff ARTHUR L. FARMER resides in Orinda, California, and is the lawful husband of Plaintiff SUSAN FARMER. He has suffered the loss of the society, comfort and assistance from his beloved wife, SUSAN FARMER.

9. Ninety-three year old VIRGINIA M. FARLEY passed away on November 13, 2005. GAIL F. ROYSTER, a resident of Ohio, is the daughter of VIRGINIA M. FARLEY and the personal representative under C.C.P. § 377.30 to decedent VIRGINIA M. FARLEY as the executor of the ESTATE OF VIRGINIA M. FARLEY. GAIL F. ROYSTER brings causes of action alleged herein pursuant to C.C.P. § 377.30. GAIL F. ROYSTER is also the trustee for the VIRGINIA M. FARLEY REVOCABLE TRUST.

10. Decedent VIRGINIA M. FARLEY, a resident of Ohio, sustained major injuries due the defects present in the GRAND MARQUIS, when she was knocked to the ground and crushed by the vehicle in a parking lot.

### B. Defendants

11. Defendant FORD MOTOR COMPANY is a Delaware corporation with its principal place of business in Michigan authorized to, and is doing business in, the State of California. Defendant FORD designed, manufactured, tested, assembled distributed, marketed, advertised and sold the 2006 GRAND MARQUIS, which is the subject of this lawsuit. At all relevant times, FORD has manufactured automobiles, sport utility vehicles, trucks, and vans that are sold throughout the United States and in foreign countries.

12. Defendant BUDGET RENT A CAR SYSTEM, INC. is a Delaware

corporation with its principal place of business in Parsippany, New Jersey doing business in the state of California. Defendant BUDGET distributes and rents GRAND MARQUIS automobiles and rented the 2006 GRAND MARQUIS which is the subject of this lawsuit to Plaintiff FARMER.

13. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1-100, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants is an agent, employee or affiliate of Defendants and is responsible for the unlawful conduct herein alleged, and that said Defendants proximately caused the harm alleged herein.

14. Throughout this Complaint, Defendants FORD MOTOR COMPANY, BUDGET RENT A CAR SYSTEM, INC, and DOES 1-100 are referred collectively as "DEFENDANTS".

## IV. ALLEGATIONS REGARDING THE PARK-TO-REVERSE DEFECT AND FORD MOTOR'S KNOWLEDGE AND CONDUCT

15. A "park-to-reverse" defect can exist in a vehicle equipped with an automatic transmission when there is inadequate mechanical force ("detenting force") provided by the automatic transmission system to ensure that a vehicle always defaults into an intended gear position (such as park or reverse) when an operator inadvertently does not fully shift into the very center of the intended gear position.

16. In a vehicle with a park-to-reverse defect an operator of the vehicle in normal use can inadvertently place the shift selector *between* the intended park and reverse gear positions. Rather than defaulting into park or reverse gear (called a "detent") as it would in a properly designed vehicle which meets industry standards, in a vehicle with a park-to-reverse defect, the shift selector can remain for a period of time (several seconds or longer) *between* the intended park and reverse gear positions and from this "false park" position the vehicle then may (or may not) have a delayed engagement of powered reverse.

17. Because of the possible delay in the engagement of reverse gear when an

operator places the vehicle into what, from the vehicle's "cues," the operator would reasonably believe to be park, the park-to-reverse defect is unreasonably dangerous because an operator may have exited the vehicle, or be exiting the vehicle, when the vehicle suddenly and unexpectedly moves backwards in powered reverse.

18. As a result of injuries and deaths resulting from park-to-reverse accidents (also referred to as "inadvertent rearward movement") from at least the 1950's and 1960's, the American Automobile Industry has long been aware of the defect, and the need to design vehicles so as to prevent the vehicle's shift selector being inadvertently placed in a position *between* the intended park and reverse gear positions from which the vehicle can then have a delayed engagement of reverse.

19. Defendant FORD, specifically, was well aware of the need to design its automatic transmission system so that an operator could not leave the vehicle between park and reverse from which there could be a delayed engagement of reverse. Notice to Defendant FORD, well prior to Plaintiff FARMER's and VIRGINIA M. FARLEY's injuries, of the need to design vehicles to avoid a park-to-reverse defect included:

a. numerous park-to-reverse accidents on various vehicles made by Defendant FORD in the 1970's, 1980's and 1990's which Ford received notice of through customer complaints;

b. FORD investigated the park-to-reverse safety issue in the early 1970's. It was, at that time, the third highest volume safety complaint being logged in Customer Relation Potential problem reports;

c. numerous reports of injuries and deaths and an investigation by the National Highway Traffic Safety Administration ("NHTSA") of Defendant FORD MOTOR's vehicles equipped with C-3, C-4, C-6, FMX and JATCO Automatic Transmissions. In 1980, NHTSA received reports of over 23,000 problems of inadvertent vehicle movement on FORD built vehicles, resulting in 5,593 accidents, 1,720 injuries, and 97 deaths.

d. in February 1980, FORD reported knowledge of 2,252 accidents, 1,818 property damage, 703 injuries and 42 fatalities involving vehicles where inadvertent

rearward movement was involved. FORD also reported at least 361 lawsuits involving allegations of inadvertent rearward movement.

e. in an agreement signed with the Department of Transportation on December 30, 1980, FORD agreed to send warning labels to approximately 22 million owners rather than recalling them for mechanical repair.

f. a 1985 NHTSA study found that FORD park-to-reverse accidents had caused a total of at least 306 deaths.

g. in October 1991, FORD instituted a recall of Ford Aerostars, Bronco II's, Explorers and Rangers built in 1989 – 1991 to remedy the park-to-reverse problem in these vehicles.

h. well aware of the cause of the defect, and its danger, Ford designed the circuit boards in certain of its vehicles so Ford could easily install an out-of-park alarm to warn drivers when the vehicle was in false park.

20. Despite many of thousands of accidents, injuries, and deaths in park-to-reverse accidents, Defendant FORD elected not to install out-of-park alarms on *all* of its vehicles susceptible to park-to-reverse problems (and only recently installed them on a few vehicles such as the Ford Escape) or design its vehicles to prevent the problem. Ford instead adopted a consistent policy of refusing to admit the existence of the defect in the vehicle, and instead blaming any resulting accidents, injuries, and deaths on "operator error."

21. The standard of care in the automobile industry is to fully investigate complaints or reports received by an automobile manufacturer which appear to pose a potential or actual safety risk.

22. The investigative process by which complaints or incident reports are investigated is a technique called "root cause analysis" in which the vehicle manufacturer's engineering staff or outside consultants will (a) determine if the issue is safety-related; (b) carefully analyze the complaint to fully understand it; (c) attempt to reproduce the complaint on the subject vehicle or an exemplar; (d) determine if the problem is a manifestation of a unique vehicle feature (*e.g.*, a vehicle manufacturing defect); (e) if the problem is not so identified

identify the engineering feature of the product which allows for the mechanical system to perform in the manner complained of; and (f) determine if there is an engineering solution through redesigning the product which will prevent it as a mechanical system from manifesting the complaint in the system or if an adequate redress is not feasible, then warn adequately to prevent injury.

23. Despite the engineering standard being to conduct all necessary root cause analysis upon receiving complaints, and the fact that FORD conducted numerous root cause analyses on other potential and actual defects, FORD intentionally and purposefully avoided conducting any adequate root cause analysis on the park-to-reverse defects on any of its vehicles so as to avoid identifying a defect which would require Defendant FORD to undertake expensive measures to fix defective and dangerous vehicles which had been, and were being, sold to its customers and the public.

24. Defendant FORD's refusal over a period of over 20 years to conduct appropriate and necessary "root cause analysis" was purposeful and intentional and was done with the understanding that its failure to conduct root cause analysis and identify and fix the park-to-reverse defect on its vehicles would result in injuries and deaths, including the injuries suffered by Plaintiffs SUSAN FARMER, ARTHUR L. FARMER, and decedent VIRGINIA M. FARLEY.

25. It is appropriate engineering practice in the automobile industry to conduct a Design Failure Mode and Effects Analysis (DFMEA) any time a manufacturer or a supplier of the product creates a new design, makes a design change to an existing design, or has a different application of an existing component or subsystem.

26. In a DFMEA, engineers engage in a process by which they attempt to identify potential issues that may be presented by the design, redesign, or pairing of components. In a DFMEA all prior complaints, campaigns, warranty data or other documentation available on a specific component or system company-wide is reviewed and analyzed to identify potential failure modes of a product, develop a test protocol to test for each of the potential failure modes, and through completing such tests to rule out (or identify) the ability of a design, redesign or pairing of components to fail as have earlier designs.

27. Had a DFMEA been conducted on the transmission systems on Defendant FORD's other vehicles, or the GRAND MARQUIS rented by Plaintiff SUSAN FARMER, it would have easily identified the park-to-reverse defect in the GRAND MARQUIS.

28. Yet despite the fact that DFMEA is a standard procedure conducted by Defendant FORD, FORD at no time conducted any DFMEA on the transmission system of the GRAND MARQUIS, or of other of its vehicles as it related to the well known park-to-reverse problems.

29. The decision not to conduct a DFMEA on the transmission system of the GRAND MARQUIS, or other of Defendant FORD's vehicles, was purposeful and intentional so as not to identify the park-to-reverse defect which would require its being remedied and expose FORD to having to fix at considerable expense prior defective vehicles.

30. As discussed below Defendant FORD's acts in failing to design so as to prevent the park-to-reverse defect, test the vehicle to determine if the park-to-reverse defect existed, or warn of the danger via an out-of-park alarm or to remedy the park-to-reverse defect in the GRAND MARQUIS once it was produced was intentional and purposeful and demonstrated a conscious disregard for public safety in that Defendant FORD knew that accidents and serious injuries, such as those suffered by Plaintiffs SUSAN FARMER, ARTHUR L. FARMER and VIRGINIA M. FARLEY would result from Defendant FORD's actions and omissions.

31. These actions constituted malice, oppression, and/or fraud and were undertaken with the approval of, and were ratified by officers, directors, and managing agents of the company on behalf of Defendant FORD.

## V. ALLEGATIONS REGARDING BUDGET'S CONDUCT AND KNOWLEDGE

32. BUDGET has been in business since 1958 when it was founded in Los Angeles, California. From that time up until the time that Plaintiffs rented their 2006 GRAND MARQUIS, BUDGET has held itself out as a specialist as to the provision of rental cars. As a specialist in the field, BUDGET is aware of ongoing vehicle safety issues including those on FORD vehicles and on information and belief tracks complaints it receives as to particular safety defects and forwards them on to the respective automobile manufacturer, in this case FORD.

33. On information and belief, BUDGET has been long aware of park-to-reverse defects and problems on certain FORD and DaimlerChrysler vehicles, and has itself received reports of park-to-reverse incidents, and has been involved in litigation resulting from such incidents over the last thirty years.

34. On information and belief, despite its knowledge of the park-to-reverse problem, and that park-to-reverse defects existed in FORD vehicles which it was purchasing for rentals and eventual sale to unsuspecting consumers, BUDGET failed to ensure that the vehicles which it was selling did not manifest park-to-reverse problems and did not warn its rental car customers and the eventual purchasers of used vehicles from it of the park-to-reverse problem in FORD vehicles, including the GRAND MARQUIS.

35. On information and belief, despite its knowledge of park-to-reverse problems on FORD vehicles, BUDGET elected neither to only purchase vehicles which are incapable of park-to-reverse events, nor to provide supplemental warranties to unsuspecting consumers like Plaintiffs who rented the vehicles, or individuals who later purchased BUDGET owned vehicles when the vehicles were retired from its rental car fleet.

**FIRST CAUSE OF ACTION**
**(Strict Products Liability)**
**(Against All Defendants)**

36. Plaintiffs SUSAN FARMER, VIRGINIA M. FARLEY ESTATE, and VIRGINIA M. FARLEY REVOCABLE TRUST incorporate by reference all preceding paragraphs and allegations as if fully set forth herein.

37. On June 10, 2006, Plaintiff FARMER suffered severe physical and emotional injuries when the GRAND MARQUIS, after being placed in what she reasonably believed from the vehicle's "cues" to be in the park position, suddenly and without warning engaged powered reverse, striking and then dragging her for eighty feet across the parking lot. Decedent VIRGINIA M. FARLEY also suffered severe physical injuries when the GRAND MARQUIS knocked her to the ground.

38. Defendant FORD designed, engineered, manufactured, tested, assembled,

marketed, advertised, sold and/or distributed the GRAND MARQUIS.

39. Defendant BUDGET was the rental car agency that rented the GRAND MARQUIS vehicle to Plaintiff SUSAN FARMER.

40. Defendant BUDGET provided service and maintenance for the GRAND MARQUIS after its retail purchase and up to the date of the incident.

41. Defendants FORD and BUDGET are strictly liable to Plaintiffs SUSAN FARMER, the ESTATE OF VIRGINIA M. FARLEY, and the VIRGINIA M. FARLEY REVOCABLE TRUST because the GRAND MARQUIS was defective and unreasonably dangerous for normal use due to its defective design, manufacture, production, assembly, marketing, advertising, testing, sale, maintenance and service, and due to said Defendants' failure to provide adequate warnings of the substantial dangers known or knowable at the time of the GRAND MARQUIS' design, engineering, manufacturing, testing, assembly, marketing, advertising, inspection, maintenance, sale and/or distribution, up to the time of the incident.

42. Defendants FORD, BUDGET and the Doe Defendants designed, engineered, manufactured, tested, assembled, marketed, advertised, inspected, maintained, leased, rented, and placed on the market and in the stream of commerce a defective product, the GRAND MARQUIS, unreasonably dangerous to the consumer, knowing that the product would reach and did reach the ultimate consumer without substantial change in the defective condition it was in from the date when it left each Defendant's control.

43. Defendants FORD, BUDGET and the Doe Defendants knew or should have known that the ultimate users or consumers of this product would not, and could not, inspect the GRAND MARQUIS so as to discover the latent defects described above. The GRAND MARQUIS was defective when it left the control of each of these Defendants.

44. FORD, BUDGET and the Doe Defendants knew or should have known of the substantial dangers involved in the reasonably foreseeable use of the GRAND MARQUIS, whose defective design, manufacturing and lack of warnings caused it to have an unreasonably dangerous propensity in normal use to have a delayed engagement of a powered reverse, from what a reasonable person reasonably believes, and from what the vehicle's "cues" indicate, is

"park" and thus has a high propensity to cause injury and/or death to the driver and others.

45. The GRAND MARQUIS was, at the time of Plaintiff SUSAN FARMER's and VIRGINIA M. FARLEY's injuries, being used in the manner intended by FORD, BUDGET and the Doe Defendants, and in a manner that was reasonably foreseeable by Defendants as involving a substantial danger not readily apparent if adequate warnings of the danger were not given.

46. Plaintiff SUSAN FARMER and VIRGINIA M. FARLEY were foreseeable users of the GRAND MARQUIS.

47. Defendant FORD, despite clear knowledge of the extreme and hidden danger posed by the park-to-reverse defect in the GRAND MARQUIS (and other defective FORD vehicles with the same defect) from its tracking of reports of accidents and injuries due to the defect, failed to provide adequate warnings of the defect to operators (including but not limited to an out-of-park alarm) so that operators such as plaintiff SUSAN FARMER could protect themselves from the danger posed by the vehicle. FORD's decision not to warn of the danger posed by the defect was made by managing agents of the company acting within their authority and on behalf of FORD.

48. As further alleged above, and in paragraphs 15-35, Plaintiffs SUSAN FARMER, the ESTATE OF VIRGINIA M. FARLEY, and the VIRGINIA M. FARLEY REVOCABLE TRUST are entitled to an award of punitive damages as a result of Defendant FORD's conduct which constituted malice, oppression and/or fraud.

49. Plaintiffs SUSAN FARMER's and decedent VIRGINIA M. FARLEY's damages and injuries were the legal and proximate result of Defendants' failure to provide adequate warnings of the risks of substantial harm associated with the foreseeable use of the GRAND MARQUIS, and said Plaintiffs have suffered compensatory and general damages in excess of the jurisdictional minimum of this Court as a result. As a result, Defendants are liable to Plaintiffs SUSAN FARMER, the ESTATE OF VIRGINIA M. FARLEY, and the VIRGINIA M. FARLEY REVOCABLE TRUST for compensatory damages and Defendant FORD is liable for punitive and exemplary damages.

**SECOND CAUSE OF ACTION**
**(Negligence)**
**(Against All Defendants)**

50. Plaintiffs SUSAN FARMER, the ESTATE OF VIRGINIA M. FARLEY, and the VIRGINIA M. FARLEY REVOCABLE TRUST incorporate by reference all preceding paragraphs and allegations as if fully set forth herein.

51. Each Defendant owed a duty to the plaintiffs SUSAN FARMER and decedent VIRGINIA M. FARLEY to use reasonable care in the design, engineering, manufacturing, testing, assembly, marketing, advertisement, inspection, maintenance, sale, warning and distribution of the GRAND MARQUIS, as well as any "fix" for the park-to-reverse defect to be used by the public and ultimate users, like Plaintiffs, for the purpose for which they were intended.

52. Defendants breached said duty and are guilty of one or more of the following negligent acts and/or omissions:

a. Failing to use due care in the design, engineering, manufacturing, testing, assembly, marketing, advertising, inspection, maintenance, sale and/or distribution of the GRAND MARQUIS and/or to utilize and/or implement reasonably safe designs in the manufacture of the GRAND MARQUIS;

b. Failing to provide adequate and proper warnings (including but not limited to an out-of-park alarm) to the public and to Plaintiffs of the GRAND MARQUIS' propensity to be involved in park-to-reverse incidents when used in the manner for which it was intended;

c. Failing to design, manufacture and incorporate or to retrofit the GRAND MARQUIS with reasonable safeguards and protections against park-to-reverse incidents and the consequences thereof when used in the manner for which it was intended;

d. Failing to adequately prevent, identify, mitigate, and fix defective designs and hazards associated with park-to-reverse incidents in accordance with good engineering practices;

e. Failing to notify and warn the public including Plaintiffs of reported

park-to-reverse incidents and thus misrepresenting the safety of GRAND MARQUIS generally;

f. Failing to make timely and adequate corrections to the manufacture and design of the GRAND MARQUIS so as to prevent and/or minimize the problem of park-to-reverse incidents;

g. Failing to use due care in the testing, inspection, maintenance and servicing of the GRAND MARQUIS at all times prior to the incident; and

h. Otherwise being careless and negligent.

53. Defendants knew or should have known from their testing (or testing under a DFMEA they intentionally chose not to conduct as they knew the results would not be favorable) of the production models of the GRAND MARQUIS, and/or its predecessors, and/or from other vehicles they manufactured, distributed, inspected and maintained that the vehicle was defective.

54. Defendants knew or should have known that the GRAND MARQUIS had a propensity to have a delayed engagement of reverse when an operator left the shift selector in a position between park and reverse which was not park, but an operator would reasonably believe to be "park" from the vehicle's "cues." Defendants knew safer alternatives and adequate corrections were available which would have avoided the incident, and plaintiffs' damages and injury.

55. Defendants designed, engineered, manufactured, tested, assembled, marketed, advertised, inspected, maintained, sold, distributed, leased, rented, placed on the market and in the stream of commerce, and/or maintained and serviced the GRAND MARQUIS in a manner and in a condition unreasonably dangerous to the consumer.

56. Defendant FORD, despite knowledge of the extreme and hidden damaged posed by the park-to-reverse defect created by the design of the GRAND MARQUIS (and other defective FORD vehicles with the same defect) from its engineering studies and the tracking of reports of accidents and injuries, from this and other vehicle designs knowingly and deliberately manufactured and sold the GRAND MARQUIS with this defect and then failed to adequately fix or otherwise warn of the defect. FORD's decision to fail to adequately correct the danger posed

by the defect, as well as all decisions regarding the design, manufacturing, and sale were made by managing agents of the company acting within their authority and on behalf of FORD.

57. As further alleged above, and in paragraphs 15-35, Plaintiffs SUSAN FARMER, the ESTATE OF VIRGINIA M. FARLEY, and the VIRGINIA M. FARLEY REVOCABLE TRUST are entitled to an award of punitive damages as a result of Defendant FORD' conduct which constituted malice, oppression, and/or fraud.

58. Plaintiffs' damages and injuries were the legal and proximate result of the negligent actions of Defendants. As a result, defendants are liable to Plaintiffs for compensatory and general damages, and Defendant FORD is liable for punitive damages.

## THIRD CAUSE OF ACTION
## (Loss of Consortium)

59. Plaintiff ARTHUR L. FARMER incorporates by reference all preceding paragraphs and allegations as set forth herein.

60. Plaintiff ARTHUR L. FARMER was at all times herein mentioned lawfully married to Plaintiff SUSAN FARMER.

61. As a further legal result of the wrongful conduct and negligence of Defendants, and each of them, Plaintiff ARTHUR L. FARMER lost and was deprived of the service, love, companionship, comfort, affection, society, relations and solace of SUSAN FARMER as a wife. Plaintiff ARTHUR L. FARMER is informed and believes and therefore alleges, that because of the permanent injuries sustained by Plaintiff SUSAN FARMER, as herein alleged, Plaintiff ARTHUR L. FARMER will in the future continue to lose all or a portion of the aforesaid items, all to his damage in an amount in excess of the jurisdictional limits of this Court, which will be shown according to proof at time of trial.

## FOURTH CAUSE OF ACTION
## (Violation of the Consumer Legal Remedies Act)

62. Plaintiff incorporates by reference all preceding paragraphs and allegations as if fully set forth herein.

63. Defendant BUDGET is a "person" as defined by Civil Code section 1761(c).

64. Plaintiffs are "consumers" within the meaning of Civil Code section 1761(d).

65. The GRAND MARQUIS are "goods" within the meaning of Civil Code section 1761(a).

66. California Civil Code Section 1750, *et seq.*, precludes Defendants from representing that goods have characteristics and qualities which they do not have in transactions which were intended to result in the sale or lease of the GRAND MARQUIS to California consumers.

67. In engaging in the conduct described herein including that specified above, Defendant BUDGET violated the Consumer Legal Remedies Act ("CLRA") including Civil Code section 1770(a)(5) and 1770(a)(7). Specifically, Defendant BUDGET distributed, marketed, advertised, provided written instruction materials and warnings, and leased the GRAND MARQUIS with the specific intention and purpose that the GRAND MARQUIS be used by California consumers. In so conducting itself, defendant misrepresented that the GRAND MARQUIS was safe, of merchantable quality, and fit for its intended and reasonably foreseeable uses. Said Defendant failed to disclose the true facts by way of written warning and/or instruction, *inter alia*, that the GRAND MARQUIS was designed in such a manner that the transmission had a dangerous propensity to have a delayed engagement of powered reverse when an operator reasonably believed from the vehicle's cues that the vehicle was in park.

68. As a result of the violations of the Consumer Legal Remedies Act engaged in by defendant BUDGET, Plaintiffs, as well as their families, friends, guests and innocent bystanders were placed in peril of their safety.

69. Simultaneously with the filing of this Complaint, Plaintiffs served BUDGET by certified mail, return receipt requested, with notice of its alleged violations of CLRA §§ 1770(a)(5) and (7). A true and correct copy of this notice is attached hereto as Exhibit

A. If, within thirty (30) days of receipt of the notice letter, BUDGET fails to provide appropriate relief for its violations of CLRA §§ 1770(a)(5) and (7), Plaintiffs will amend this Complaint to seek damages for these violations under § 1780.

**RELIEF REQUESTED**

WHEREFORE, plaintiffs pray judgment against defendants, and each of them, as hereinafter follows:

**On PLAINTIFFS SUSAN FARMER'S, ESTATE OF VIRGINIA M. FARLEY'S, and VIRGINIA M. FARLEY REVOCABLE TRUST'S FIRST CAUSE OF ACTION:**

1. For medical and incidental expenses according to proof;
2. For other special damages according to proof;
3. For general and emotional distress damages;
4. For prejudgment interest on the award for damages rendered in favor of plaintiffs, calculated from the time the cause of action arose, or as provided in the California Civil Code; and
5. For punitive and exemplary damages.

**On PLAINTIFFS SUSAN FARMER'S, ESTATE OF VIRGINIA M. FARLEY'S, and VIRGINIA M. FARLEY REVOCABLE TRUST'S SECOND CAUSE OF ACTION:**

1. For medical and incidental expenses according to proof;
2. For other special damages according to proof;
3. For general and emotional distress damages;
4. For prejudgment interest on the award for damages rendered in favor of plaintiffs, calculated from the time the cause of action arose, or as provided in the California Civil Code; and
5. For punitive and exemplary damages.

**On PLAINTIFF ARTHUR L. FARMER'S THIRD CAUSE OF ACTION:**

1. For loss of consortium
2. For prejudgment interest on the award for damages rendered in favor of plaintiffs, calculated from the time the cause of action arose, or as provided in the California Civil

Code.

**On ALL CAUSES OF ACTION:**

1. For costs of suit; and
2. For such other and further relief as the court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated: June 7, 2007

Respectfully submitted,

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By: ______________________
Scott P. Nealey

Robert J. Nelson (State Bar No. 132797)
Scott P. Nealey (State Bar No. 193062)
Nancy Chung (State Bar No. 225584
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Attorneys for Plaintiff



**Exhibit A**

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

ATTORNEYS AT LAW

SCOTT P. NEALEY
PARTNER

EMBARCADERO CENTER WEST
275 BATTERY STREET, 30TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3339
TELEPHONE: (415) 956-1000
FACSIMILE: (415) 956-1008
mail@lchb.com
www.lchb.com

NEW YORK
NASHVILLE

June 7, 2007

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**

Budget Rent A Car System, Inc.
c/o CSC
PO Box 526036
Sacramento, CA 95852

Re: Notice of Violation of California Consumer Legal Remedies Act

Dear Budget Rent A Car System, Inc.:

Pursuant to the California Consumers Legal Remedies Act, Cal. Civ. Code section 1750, et seq. (the "CLRA"), Susan Farmer, Arthur Farmer, Estate of Virginia M. Farley, Virginia M. Farley Revocable Trust ("Plaintiffs"), through their undersigned counsel, hereby notify you that Budget Rent A Car System, Inc. ("Budget") is alleged to have violated the CLRA by warranting, marketing, advertising, selling, and leasing 2006 Mercury Grand Marquis ("Grand Marquis") automobiles that Budget knew contained park-to-reverse defects.

In a vehicle with a park-to-reverse defect, an operator of the vehicle can inadvertently place the shift selector *between* the intended park and reverse gear positions. Rather than defaulting into park or reverse gear as it would in a properly designed vehicle which meets industry standards, in a vehicle with a park-to-reverse defect, the shift selector can remain for a period of time (several seconds or longer) *between* the intended park and reverse gear positions and from this "false park" position the vehicle then may (or may not) have a delayed engagement of powered reverse. Because of the possible delay in the engagement of reverse gear when an operator places the vehicle into what, from the vehicle's "cues," the operator would reasonably believe to be park, the park-to-reverse defect is unreasonably dangerous because an operator may have exited the vehicle, or be exiting the vehicle, when the vehicle suddenly and unexpectedly moves backwards in powered reverse.

Budget distributed, marketed, advertised, and leased the Grand Marquis with the specific intention and purpose that the Grand Marquis be used by California consumers. In so conducting itself, Plaintiffs allege that Budget misrepresented that the Grand Marquis was safe, of

EXHIBIT A

merchantable quality, and fit for its intended and reasonably foreseeable uses. Specifically, Plaintiffs allege that Budget failed to disclose the true facts by way of written warning and/or instruction, *inter alia*, that the Grand Marquis was designed in such a manner that the transmission had a dangerous propensity to have a delayed engagement of powered reverse when an operator reasonably believed from the vehicle's cues that the vehicle was in park.

As alleged in the attached complaint, Budget's misrepresentations is alleged to constitute the following violations of the CLRA:

1. Budget has represented that the Grand Marquis has characteristics or benefits which they do not have (Cal. Civ. Code § 1770(a)(5)); and

2. Budget has falsely represented that the Grand Marquis is of a particular standard, quality, or grade when they are of another (Cal. Civ. Code § 1770 (a)(7)).

Pursuant to section 1782 of the CLRA, Plaintiffs hereby demand that within thirty (30) days of receiving this letter, Budget agree to correct, repair, replace or otherwise rectify the vehicles alleged to have been leased or sold in violation of Civil Code section 1770 as described above, as well as agree to reimburse Plaintiffs for any out-of-pocket expenses.

Unless Budget takes such action as demanded above within thirty (30) days after receipt of this letter, we intend to file an amended complaint seeking monetary damages, in addition to equitable relief, from Budget under the CLRA.

Please advise us immediately if you dispute the effectiveness of this notice. If you have any questions regarding this notice and demand, fell free to contact me at (415) 956-1000.

Very truly yours,

Scott P. Nealey

06-12-07 14:27 FROM- T-146 P.032/033 F-288

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): Scott P. Nealey, SBN 193062 Lieff, Cabraser, Heimann & Bernstein 275 Battery Street, 30th Floor San Francisco, CA 94111-3339 TELEPHONE NO.: (415) 956-1000 FAX NO. (Optional): (415) 956-1008 E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): Susan Farmer et al. | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa STREET ADDRESS: 725 Court Street MAILING ADDRESS: CITY AND ZIP CODE: Martinez, CA 94553 BRANCH NAME: | |
| PLAINTIFF/PETITIONER: Susan Farmer et al. DEFENDANT/RESPONDENT: Ford Motor Company et al. | CASE NUMBER: C07-01240 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [✓] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*
3. a. Party served *(specify name of party as shown on documents served):*
   Ford Motor Company

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   c/o CT Corporation System, 818 West Seventh St., Los Angeles, CA 90017
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* (2) at *(time):*
   b. [ ] **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* from *(city):* or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use Judicial Council of California POS-010 (Rev. January 1, 2007) **PROOF OF SERVICE OF SUMMONS** Code of Civil Procedure, § 417.10 American LegalNet, Inc. www.FormsWorkflow.com

| PLAINTIFF/PETITIONER: Susan Farmer et al. | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: Ford Motor Company et al. | C07-01240 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date)*: (2) from *(city)*:
   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)
   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section)*:

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☑ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)*:
   c. ☐ as occupant.
   d. ☐ On behalf of *(specify)*:
   under the following Code of Civil Procedure section:
   ☐ 416.10 (corporation) ☐ 415.95 (business organization, form unknown)
   ☐ 416.20 (defunct corporation) ☐ 416.60 (minor)
   ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
   ☐ 416.40 (association or partnership) ☐ 416.90 (authorized person)
   ☐ 416.50 (public entity) ☐ 415.46 (occupant)
   ☐ other:

7. **Person who served papers**
   a. Name:
   b. Address:
   c. Telephone number:
   d. The fee for service was: $
   e. I am:
   (1) ☐ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☐ a registered California process server:
   (i) ☐ owner ☐ employee ☐ independent contractor.
   (ii) Registration No.:
   (iii) County:

8. ☐ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) ▶ (SIGNATURE)

**EXHIBIT B**

Law Offices of
**MATHENY SEARS LINKERT & LONG, LLP**
DOUGLAS A. SEARS, ESQ. (SBN 48646)
dsears@msll.com
MICHAEL A. BISHOP, ESQ. (SBN 105063)
mbishop@msll.com
3638 American River Drive
Post Office Box 13711
Sacramento, CA 95853-4711
Telephone: (916) 978-3434
Facsimile: (916) 978-3430

Attorneys for Defendant, BUDGET RENT A CAR SYSTEM, INC.

LAW OFFICES OF
MATHENY SEARS LINKERT & LONG, LLP
POST OFFICE BOX 13711
SACRAMENTO, CALIFORNIA 95853-4711

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN FARMER, ARTHUR FARMER, ESTATE OF VIRGINIA M. FARLEY, VIRGINIA M. FARLEY REVOCABLE TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, BUDGET RENT A CAR SYSTEM, INC., and DOES 1-100 inclusive,<br><br>Defendants. | Case No.<br><br>**BUDGET RENT A CAR SYSTEM, INC.'S JOINDER IN NOTICE OF REMOVAL OF ACTION**<br><br>Complaint Filed: June 7, 2007 |

Defendant BUDGET RENT A CAR SYSTEM, INC., with full reservation of all rights and defenses, through its undersigned counsel, hereby joins in FORD MOTOR COMPANY's Notice of Removal to this Court of the State Court action described in the said Notice of Removal.

Attached hereto as Exhibit 1 is a true and correct copy of the Summons served on Defendant Budget on June 12, 2007. The Summons was accompanied by the Complaint, which is attached as Exhibit A to the Notice of Removal.

///

Attached hereto as Exhibit 2 is a true and correct copy of Defendant Budget Rent A Car System, Inc.'s State Court Answer which was filed on July 6, 2007.

Dated: July 6, 2007

MATHENY SEARS LINKERT & LONG, LLP

By: [signature]
MICHAEL A. BISHOP, ESQ., Attorneys for Defendant, BUDGET RENT A CAR SYSTEM, INC.

LAW OFFICES OF
MATHENY SEARS LINKERT & LONG, LLP
POST OFFICE BOX 13711
SACRAMENTO, CALIFORNIA 95853-4711

2

BUDGET RENT A CAR SYSTEM, INC.'S JOINDER IN NOTICE OF REMOVAL OF ACTION

# EXHIBIT C

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
JUN 07 2007
K. TORRE, CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
D. WAGNER, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FORD MOTOR COMPANY, BUDGET RENT A CAR SYSTEM, INC, AND DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SUSAN FARMER, ARTHUR FARMER, ESTATE OF VIRGINIA M. FARLEY, VIRGINIA M. FARLEY REVOCABLE TRUST

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Contra Costa
Wakefield Taylor Courthouses, 725 Court St., Martinez, CA 94533

CASE NUMBER: *(Número del Caso):* C07-01240

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott P. Nealey, LIEFF, CABRASER, HEIMANN & BERNSTEIN, 275 Battery St., 30th Floor, San Francisco, CA 94111 (415) 956-1000

DATE: *(Fecha)* JUN - 7 2007 CLERK OF THE SUPERIOR COURT Clerk, by *(Secretario)* D. WAGNER, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Budget Rent a Car System, Inc.
under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*:

06-12-07 14:22 FROM- T-146 P.002/002 F-269

6/12/07 3:20pm

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
JUN 07 2007
K. TORRE, CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA
D. WAGNER
Deputy Clerk

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
FORD MOTOR COMPANY, BUDGET RENT A CAR SYSTEM, INC, AND DOES 1 through 100, inclusive

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SUSAN FARMER, ARTHUR FARMER, ESTATE OF VIRGINIA M. FARLEY, VIRGINIA M. FARLEY REVOCABLE TRUST

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Contra Costa
Wakefield Taylor Courthouses, 725 Court St., Martinez, CA 94533

CASE NUMBER: *(Número del Caso):* C07-01240

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott P. Nealey, LIEFF, CABRASER, HEIMANN & BERNSTEIN, 275 Battery St., 30th Floor, San Francisco, CA 94111; (415) 956-1000

DATE: *(Fecha)* JUN - 7 2007 CLERK OF THE SUPERIOR COURT Clerk, by *(Secretario)* D. WAGNER, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Ford Motor Company

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.40 (association or partnership) ☐ CCP 416.60 (minor) ☐ CCP 416.70 (conservatee) ☐ CCP 416.90 (authorized person) ☐ other *(specify):*

4. ☒ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

06-12-07 14:22 FROM- T-146 P.003/033 F-268

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

Scott P. Nealey, SBN. 193062
LIEFF, CABRASER, HEIMANN & BERNSTEIN
275 Battery Street, 30th Floor, San Francisco, CA 94111-3339
TELEPHONE NO.: (415) 956-1000 FAX NO.: (415) 956-1008
ATTORNEY FOR (Name): Susan Farmer et al.

FOR COURT USE ONLY

FILED
JUN 07 2007
K. TORRE, CLERK OF THE COURT SUPERIOR COURT OF THE STATE OF CALIFORNIA COUNTY OF CONTRA COSTA
By D. WAGNER, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME:

CASE NAME:
Susan Farmer et al. v. Ford Motor Co. et al.

**CIVIL CASE COVER SHEET**

- [x] Unlimited (Amount demanded exceeds $25,000)
- [ ] Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**

- [ ] Counter
- [ ] Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: C07-01240

JUDGE:

DEPT:

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [x] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (*not specified above*) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. [ ] Large number of separately represented parties
   - b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. [ ] Substantial amount of documentary evidence
   - d. [ ] Large number of witnesses
   - e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. [ ] Substantial postjudgment judicial supervision
3. Type of remedies sought (*check all that apply*):
   a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action (*specify*): 4
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: 6/7/07
Scott P. Nealey
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. January 1, 2007] CIVIL CASE COVER SHEET American LegalNet, Inc. www.FormsWorkflow.com Cal. Rules of Court, rules 3.220, 3.400–3.403; Standards of Judicial Administration, § 19 www.courtinfo.ca.gov

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

FARMER V. FORD MOTOR CO.

NOTICE OF CASE MANAGEMENT CONFERENCE CIVMSC07-01240

1. NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE: 10/19/07 DEPT: 16 TIME: 8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES. ALL PARTIES SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY OF RECORD MUST APPEAR.

2. You may stipulate to an earlier Case Management Conference. If all parties agree to an early Case Management Conference, please contact the Court Clerk's Office at (925)957-5794 for Unlimited Civil cases and (925)957-5791 for Limited Civil cases for assignment of an earlier date.

3. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference and to discuss the suitability of this case for the EASE Program, private mediation, binding or non-binding arbitration, and/or use of a Special Master.

4. At any Case Management Conference the court may make pretrial orders including the following:

a. an order establishing a discovery schedule
b. an order referring the case to arbitration
c. an order transferring the case to limited jurisdiction
d. an order dismissing fictitious defendants
e. an order scheduling exchange of expert witness information
f. an order setting subsequent conference and the trial date
g. an order consolidating cases
h. an order severing trial of cross-complaints or bifurcating issues
i. an order determining when demurrers and motions will be filed

SANCTIONS

If you do not file the Case Management Conference Questionnaire or attend the Case Management Conference or participate effectively in the Conference, the court may impose sanctions (including dismissal of the case and payment of money).

Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this action, and that I delivered or mailed a copy of this notice to the person representing the plaintiff/cross-complainant.

Dated: 06/08/07

D. WAGNER
D. WAGNER, Deputy Clerk

Superior Court of California, County of Contra Costa

# NOTICE TO PLAINTIFFS IN UNLIMITED JURISDICTION CIVIL ACTIONS

**AFTER YOU FILE YOUR COURT CASE:**

1. **Have the forms the clerk gives you served on all defendants in this case:**
   a. The Complaint
   b. The Summons
   c. The Notice of Case Management Conference (shows hearing date and time)
   d. The Notice to Defendants
   e. Blank: Case Management Conference Statement (Judicial Council form CM-110)
   f. Blank: Stipulation to Attend ADR and Delay First Case Management Conference 90 Days
   g. Alternative Dispute Resolution (ADR) Information sheet

2. Within 60 days of the date you filed the complaint **you must prove that the forms have been legally delivered to the defendants** by filing the ***Proof of Service*** form (POS-010) (completed by the person who did the service) with the court.

3. **Go to the case management conference on the date indicated on** The Notice of Case Management Conference.

4. **Consider using mediation, arbitration, or neutral case evaluation (ADR) to resolve the dispute.** All Parties must answer questions about ADR on the *Case Management Conference Statement* form. For more information, see the enclosed ADR Information sheet, visit www.contracostacourts.org/adr or call (925) 957-5787.

5. **You may delay the first case management conference while you try to resolve the dispute in ADR.** If all parties agree to use ADR, complete and file the Stipulation to Attend ADR and Continue First Case Management Conference 90 Days form to tell the court you want to use this option.

All civil actions (*except juvenile, probate, family, unlawful detainer, extraordinary writ, and asset forfeiture*[1]) and personal injury cases where a party is claiming damages[2] must meet the Civil Trial Delay Reduction time limits for filing documents and moving their cases forward. These time limits are listed in California Rule of Court 201.7 and Local Court Rule 5. If parties miss these deadlines, a judge might issue an order (*Order to Show Cause*) for them to explain in court why they should not have to pay a fine or have their case dismissed.

**VIEW LOCAL COURT RULES AT: (WWW.CONTRACOSTACOURTS.ORG)**

[1] *Health and Safety Code §11470 et seq.*
[2] *Including claims for emotional distress and/or wrongful death.*

**Superior Court of California, County of Contra Costa**

# NOTICE TO DEFENDANTS in Unlimited Jurisdiction Civil Cases

YOU ARE BEING SUED. This packet should contain the following papers:

a. The *Summons*
b. The *Complaint*
c. The *Notice of Case Management Conference* (shows hearing date and time)
d. Blank: *Case Management Conference Statement* (Judicial Council form CM-110)
e. Alternative Dispute Resolution (ADR) Information sheet
f. Blank: *Stipulation to Attend ADR and Delay First Case Management Conference 90 Days*

NOTE: **The court strongly recommends consulting an attorney for all or part of your case. While you may represent yourself in this case, lawsuits can be very complicated, and the court cannot give you legal advice.**

## WHAT DO I DO NOW?

You Must:

1. **Complete the Case Management Conference Statement** (CM-110)
2. **File a response** (See other side of page)
3. **Appear in Court on the date and time given in the Notice of Case Management Conference.**
4. **File and serve your court papers on time.**

**IMPORTANT! YOU COULD LOSE YOUR CASE IF YOU DO NOT FILE A RESPONSE ON TIME.** If you were served in person you have to **file your response in 30 days.** If the server left a copy of the papers with an adult person in charge at your home or work and you also received a copy by mail you have 40 days. **If you do not file a response in time, the case can be decided against you—even before it is heard by a judge or before you can defend yourself.**

COURT FEES: You must pay court fees the first time you file your papers. If you also file a motion, you must pay another fee. If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

FORMS: Buy forms at the Forms Window in the Family Law Building or download them for free at www.courtinfo.ca.gov/forms/.

## YOU MUST FILE AND SERVE YOUR COURT PAPERS

You must file your forms (1 original and 2 copies) at the clerk's office. Someone over 18 years old who is NOT involved in your court case must serve one set of forms on the Plaintiff. The server completes a Proof of Service, Judicial Council form POS-040, that you must file with the court promptly.

## ARE THERE ALTERNATIVES TO GOING TO TRIAL?

If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the Stipulation to Attend ADR and Delay First Case Management Conference 90 Days can be filed with your other papers. For more information read the enclosed ADR Information or visit www.contracostacourts.org/adr. Or call (925) 957-5787.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF CONTRA COSTA

______________________________

______________________________ Plaintiff(s)

vs.

______________________________

______________________________ Defendant(s)

***Stipulation and Order* to Attend ADR and Delay First Case Management Conference 90 Days**

Case No.:______________ Date complaint filed:______________ First case management conference set for:______________

- ALL PARTIES MUST SIGN THIS FORM AND FILE THIS STIPULATION, WITH CASE MANAGEMENT STATEMENTS, AT LEAST 15 DAYS BEFORE THE FIRST CASE MANAGEMENT CONFERENCE
- PARTIES MUST ALSO SEND A COPY OF THE FORM WITH THE JUDGE'S SIGNATURE TO THE ADR OFFICE: FAX: (925) 957-5689 or MAIL: P.O. BOX 911, MARTINEZ, CA 94553
- THIS STIPULATION MAY NOT BE USED IN COMPLEX LITIGATION CASES

**Counsel and all parties certify they have met and conferred on the subjects set forth in Rule of Court 212(b), and have selected the following alternative dispute resolution (ADR) process: [check ☑one]:**

☐ Judicial mediation ☐ Judicial arbitration ☐ Neutral case evaluation

☐ Private mediation ☐ Private arbitration

**COUNSEL AND ALL PARTIES AGREE TO COMPLETE ADR WITHIN 90 DAYS, AND CERTIFY:**

1. This is not a complex civil case (as described in California Rules of Court, Rule 1800);
2. All parties have been served and intend to submit to the jurisdiction of the court;
3. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
4. Defendant(s)' first appearance fee has been paid or will be submitted with this Stipulation;
5. Copies of this Stipulation and self-addressed stamped envelopes are provided for returning file-stamped copies to counsel and the parties;
6. Case Management Conference Statements are submitted with this Stipulation;
7. All parties will attend ADR conferences as required by local court rule (Appendix C); and,
8. All parties know the court will not allow more than 90 days to complete ADR.

| | | | |
|---|---|---|---|
| Counsel for Plaintiff (print) | Fax | Counsel for Defendant (print) | Fax |
| Signature | | Signature | |
| Counsel for Plaintiff (print) | Fax | Counsel for Defendant (print) | Fax |
| Signature | | Signature | |

Pursuant to the Stipulation of the parties, and subject to the *Case Management Order* to be filed, **IT IS SO ORDERED** that the Case Management Conference set for:______________ is vacated and rescheduled for ______________ at (8:30 a.m. / ______________) **Plaintiff's counsel must notify all parties of the case management conference.**

**Dated:** ______________

______________________________
***Judge of the Superior Court***

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d. The party or parties are willing to participate in *(check all that apply):*
   (1) ☐ Mediation
   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   (4) ☐ Binding judicial arbitration
   (5) ☐ Binding private arbitration
   (6) ☐ Neutral case evaluation
   (7) ☐ Other *(specify):*

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**14. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.
   (1) Name of case:
   (2) Name of court:
   (3) Case number:
   (4) Status:

☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*



# CONTRA COSTA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All Judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form* (CM-110);
- File a *Stipulation to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions? Call (925) 957-5787, or go to www.contracostacourts.org/adr*

## MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

## PRIVATE MEDIATION

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

**TEMPORARY JUDGE**

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 244 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

**SPECIAL MASTER**

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

**COMMUNITY MEDIATION SERVICES**

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at (925) 957-5787

H. Grant Law (SBN: 144505)
Amir Nassihi (SBN: 235936)
Mia Solvesson (SBN: 246291)
SHOOK, HARDY & BACON L.L.P.
333 Bush Street, Suite 600
San Francisco, California 94104-2828
Telephone: 415.544.1900
Facsimile: 415.391.0281

Attorneys for Defendant
FORD MOTOR COMPANY

FILED
JUL 06 2007
K. TORRE CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA
By __________, Deputy Clerk
D. WEBER

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF CONTRA COSTA

SUSAN FARMER, ARTHUR FARMER, ESTATE OF VIRGINIA M. FARLEY, VIRGINIA M. FARLEY REVOCABLE TRUST,

Plaintiffs,

vs.

FORD MOTOR COMPANY, BUDGET RENT A CAR SYSTEM, INC., and DOES 1 through 100, inclusive,

Defendants.

Case No. C07-01240

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO COMPLAINT**

BY FAX

FORD MOTOR COMPANY ("Defendant"), answers SUSAN FARMER, ARTHUR FARMER, ESTATE OF VIRGINIA M. FARLEY, VIRGINIA M. FARLEY REVOCABLE TRUST's ("Plaintiffs") Complaint as follows:

Under Section 431.30 of the Code of Civil Procedure, Defendant denies all of the allegations in the Complaint and that Plaintiffs sustained damages.

FIRST AFFIRMATIVE DEFENSE

1. Defendant FORD MOTOR COMPANY alleges that the complaint and each cause of action thereof do not state facts sufficient to constitute a cause of action against this answering defendant.

SECOND AFFIRMATIVE DEFENSE

2. Defendant FORD MOTOR COMPANY alleges that plaintiffs and/or plaintiffs' decedent were guilty of comparative negligence in and about the matters alleged in said complaint, to wit: that at said time and place plaintiffs and/or plaintiffs' decedent failed and neglected to use any care or caution for plaintiffs' and/or plaintiffs' decedent's own safety and protection and then and there negligently and carelessly conducted themselves; and that plaintiffs and/or plaintiffs' decedent's injuries and damages, if any, were proximately and legally caused and contributed by the negligence of said plaintiffs and/or plaintiffs' decedent as aforesaid.

THIRD AFFIRMATIVE DEFENSE

3. Defendant FORD MOTOR COMPANY alleges that at the time of the injuries alleged in the complaint, plaintiffs and/or plaintiffs' decedent were employed and were entitled to, and did and will receive worker's compensation benefits from plaintiffs' and/or plaintiffs' decedent's employers; that plaintiffs' and/or plaintiffs' decedent's employers were negligent in and about the matters referred to in said complaint and that such negligence on the part of said employers proximately, legally and concurrently contributed to the happening of the accident and to the loss and damage complained of by plaintiffs and/or plaintiffs' decedent, if any there were; and that by reason thereof, defendant is entitled to set off any such benefits received or to be received by plaintiffs and/or plaintiffs' decedent against any judgment which may be rendered in favor of plaintiffs herein.

FOURTH AFFIRMATIVE DEFENSE

4. Defendant FORD MOTOR COMPANY alleges that the negligence or fault of other persons other than this answering defendant was the sole, contributory or concurrent proximate and legal cause of the injuries or damages allegedly suffered by the plaintiffs and/or plaintiffs' decedent. If liability is assessed against this answering defendant, which liability is denied by this answering defendant, this defendant is liable only for the amount of plaintiffs' and/or plaintiffs' decedent's non-economic damages allocated to it in direct proportion to its percentage of fault, pursuant to Section 1431.2 of the California Civil Code.

//

FIFTH AFFIRMATIVE DEFENSE

5. Defendant FORD MOTOR COMPANY alleges that plaintiffs' complaint and each cause of action thereof are barred by the applicable statute of limitations, to wit, California Code of Civil Procedure Sections 335.1, 337 and/or 339.

SIXTH AFFIRMATIVE DEFENSE

6. Defendant FORD MOTOR COMPANY alleges that plaintiffs and/or plaintiffs' decedent had full knowledge of all of the risks, dangers and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in plaintiffs and/or plaintiffs' decedent's actions and the magnitude of the risk involved, assumed the risk of injuries to themselves.

SEVENTH AFFIRMATIVE DEFENSE

7. Defendant FORD MOTOR COMPANY alleges that the subject product and its component parts were not used as instructed and intended, but were subjected to unforeseeable and unanticipated misuse, abuse, alteration and/or modification by plaintiffs and/or plaintiffs' decedent, which said misuse, abuse, alteration and/or modification were the proximate and legal cause of the injuries, if any, allegedly suffered by plaintiffs and/or plaintiffs' decedent.

EIGHTH AFFIRMATIVE DEFENSE

8. Defendant FORD MOTOR COMPANY alleges that plaintiffs and/or plaintiffs' decedent failed to mitigate the damages and injuries alleged in plaintiffs' complaint.

NINTH AFFIRMATIVE DEFENSE

9. Defendant FORD MOTOR COMPANY alleges that plaintiffs are barred from recovering against FORD because plaintiffs, plaintiffs' agents and/or persons or entities other than FORD are guilty of spoliation of evidence because they have lost, destroyed, covered over, misplaced, altered, modified, failed to preserve or otherwise made it impossible for FORD to gain access to relevant and material evidence (including, but not limited to the Ford vehicle in its post-accident condition).

//

//

TENTH AFFIRMATIVE DEFENSE

10. Defendant FORD MOTOR COMPANY alleges that the sole proximate and legal cause of the injuries and damages, if any, allegedly suffered by plaintiffs and/or plaintiffs' decedent was the negligent act or omission of the plaintiffs and/or plaintiffs' decedent in failing to properly shift the gearshift to the park position and/or failing to properly engage the parking brake, for which such act or omission this defendant is not legally or otherwise responsible.

ELEVENTH AFFIRMATIVE DEFENSE

11. Defendant FORD MOTOR COMPANY alleges that the sole proximate and legal cause of the injuries and damages, if any, allegedly suffered by the plaintiffs and/or plaintiffs' decedent herein was the failure, refusal, or omission to follow the warnings, cautions, instructions, or other writings accompanying the subject product, for which such act or omission this answering defendant is not legally or otherwise responsible.

TWELFTH AFFIRMATIVE DEFENSE

12. Defendant FORD MOTOR COMPANY alleges that Plaintiffs, by their own acts or conduct, are estopped from asserting any claims or damages or seeking any other relief whatsoever against Defendant.

THIRTEENTH AFFIRMATIVE DEFENSE

13. Defendant FORD MOTOR COMPANY alleges that Plaintiffs, by their own acts or conduct, have waived and/or released all claims, if any, against Defendants.

FOURTEENTH AFFIRMATIVE DEFENSE

14. Defendant alleges that the claims alleged against it in the COMPLAINT are preempted, in whole or in part, by 49 U.S.C. §30124, 49 U.S.C. Subt. VI, Pt. A, Ch. 301 and its implementing regulations, and the Supremacy Clause of the United States Constitution.

FIFTEENTH AFFIRMATIVE DEFENSE

15. Defendant alleges that plaintiffs' Complaint fails to allege a claim for which punitive damages can be recovered.

//

//

SIXTEENTH AFFIRMATIVE DEFENSE

16. Defendant alleges that the California Punitive Damage Statute is unconstitutional and that, it is void for vagueness, violative of the equal protection clause, violative of the due process clause (United States Constitution, Fifth Amendment and Fourteenth Amendment, Section 1 and California Constitution, Article I, Section 7), an undue burden upon interstate commerce, violative of the contracts clause (United States Constitution, Article I, Section 10, Clause 1 and California Constitution, Article I, Section 9), and constitutes cruel and unusual punishment (United States Constitution, Eighth Amendment and California Constitution, Article I, Section 17).

SEVENTEENTH AFFIRMATIVE DEFENSE

17. Defendant alleges that any award of punitive damages based on anything other than Defendant's conduct in connection with the sale of the specific single vehicle that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment, as incorporated into the Fourteenth Amendment, and Article 1, Sections 7 and 13, and Article 1, Sections 13 and 15, of the California Constitution, because any other judgment for punitive damages in this case cannot protect Defendant against impermissible multiple punishment for the same wrong.

EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiffs cannot recover punitive damages under California Civil Code Section 3294 on the grounds that California's choice of laws requires the application of Michigan law to claims for punitive damages.

NINETEENTH AFFIRMATIVE DEFENSE

19. Plaintiff's claim for punitive damages cannot be sustained to the extent it seeks to punish Defendant for alleged harm to non-parties and/or persons who are not before the court. Imposition of punitive damages under such circumstances would violate Defendant's procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the common law and public policies of the United States.

TWENTIETH AFFIRMATIVE DEFENSE

20. Defendant gives notice that it intends to rely on other defenses that become available during discovery in this case and reserves the right to amend its answer to assert any such defense.

Wherefore, Defendant prays as follows:

1. that Plaintiffs take nothing by way of their Complaint;
2. that Defendant be awarded costs of suit;
3. that Defendant be awarded reasonable attorneys' fees; and
4. for such other and further relief as the Court deems just and proper.

DATED: July 6, 2007

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: [signature]
H. GRANT LAW
AMIR NASSIHI
MIA SOLVESSON

Attorneys for Defendant
FORD MOTOR COMPANY

**PROOF OF SERVICE VIA U.S. MAIL**

The undersigned declare: I am over the age of 18 years and not a party to the within action. I am employed in the county where this service occurs. My business address is 333 Bush Street, Suite 600, San Francisco, California 94104, my facsimile number is (415) 391-0281. On the date shown below I served the following document(s):

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO COMPLAINT**

on the interested parties named herein and in the manner indicated below:

Robert J. Nelson
Scott P. Nealey
Nancy Chung
Lieff, Cabraser, Heimann & Bernstein
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

_X_ **FIRST CLASS U.S. MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons listed [below/above] by placing the envelope(s) for collection and mailing following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

___ **FACSIMILE:** Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at the fax numbers listed [above\below]. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

___ **BY EXPRESS MAIL NEXT DAY DELIVERY, AN OVERNIGHT DELIVERY SERVICE:** By placing a true and correct copy of the above document(s) in a sealed envelope addressed as indicated above and causing such envelope(s) to be delivered to the UNITED PARCEL SERVICE Air Service Center, on __________, to be delivered by their next business day delivery service on ______, to the addressee designated.

___ **E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail address(es) listed [below\above]. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 6, 2007, at San Francisco, California.

Sharon L. Teater
Sharon L. Teater

Law Offices of
MATHENY SEARS LINKERT & LONG, LLP
DOUGLAS A. SEARS, ESQ. (SBN 48646)
JOEL A. EISENBERG, ESQ. (SBN 245453)
3638 American River Drive
Post Office Box 13711
Sacramento, CA 95853-4711
Telephone: (916) 978-3434
Facsimile: (916) 978-3430

Attorneys for Defendant, BUDGET RENT A CAR SYSTEM, INC.

LAW OFFICES OF
MATHENY SEARS LINKERT & LONG, LLP
POST OFFICE BOX 13711
SACRAMENTO, CALIFORNIA 95853-4711

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF CONTRA COSTA

SUSAN FARMER, ARTHUR FARMER, ESTATE OF VIRGINIA M. FARLEY, VIRGINIA M. FARLEY REVOCABLE TRUST,

Plaintiffs,

v.

FORD MOTOR COMPANY, BUDGET RENT A CAR SYSTEM, INC. and DOES 1 through 100, inclusive,

Defendants.

Case No. C07-01240

**DEFENDANT BUDGET RENT A CAR SYSTEM, INC.'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT**

COMES NOW, Defendant BUDGET RENT A CAR SYSTEM, INC., and in answering Plaintiffs' unverified complaint on file herein admits, denies, and alleges, as follows:

**GENERAL DENIAL**

Answering each and every allegation of each and every paragraph of each cause of action of Plaintiffs' Complaint, this answering Defendant denies each and every, all and singular, generally and specifically, conjunctively and disjunctively, the allegations therein contained, and each of them; further, answering Plaintiffs' Complaint, and each and every part of each and every cause of action therein contained, this answering Defendant denies that Plaintiffs have been injured or damaged as a proximate result of any act or omission on the part of this answering

Defendant as alleged, or in any other way whatsoever, or at all; further answering Plaintiffs' Complaint, and each and every part of each and every cause of action therein contained, this answering Defendant denies that Plaintiffs have been damaged in any of the various sums alleged to have been unascertained at the time of the filing of the Complaint, or in any other sum or sums whatsoever, or at all.

**FIRST AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to plaintiff's complaint on file herein, this answering defendant is informed and believes and thereon alleges that at the time and place of the accident in question, plaintiff was guilty of carelessness and negligence in and about the matters and things set forth in plaintiff's Complaint; that said carelessness and negligence on plaintiff's own part proximately caused and contributed to the happening of the accident in question and the resultant alleged injuries and damage to plaintiff, if any.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to State Cause of Action)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to plaintiff's complaint on file herein, this answering defendant alleges that the complaint fails to state facts sufficient to constitute a or any cause of action against this answering defendant.

**THIRD AFFIRMATIVE DEFENSE**

**(Misuse of Product)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein, this answering Defendant is informed and believes and thereon alleges that at the time and place referred to in plaintiffs' complaint, Plaintiffs used the product in a manner for which it was not designed and that as a result of such misuse (which misuse was unforeseeable), Plaintiffs suffered the alleged injury and damage, if any.

///

LAW OFFICES OF
MATHENY SEARS LINKERT & LONG, LLP
POST OFFICE BOX 13711
SACRAMENTO, CALIFORNIA 95853-4711

**FOURTH AFFIRMATIVE DEFENSE**

**(Mitigation of Damages)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein, this answering Defendant alleges that following the alleged incident herein, Plaintiff failed and neglected to mitigate damages, and that said conduct or failure of conduct on Plaintiffs' own part proximately caused and contributed to the damages sustained by Plaintiffs, if any.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein, this answering Defendant alleges that Plaintiffs, with the exercise of reasonable diligence and effort, could have mitigated the damages alleged in the complaint; that the resulting damages, if any complained of in said complaint, were directly and proximately caused by the failure, neglect and refusal of the Plaintiffs to exercise reasonable diligence and effort to mitigate the damages alleged.

**SIXTH AFFIRMATIVE DEFENSE**

**(Comparative Fault Unknown Third Party)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein, and to each and every purported cause of action contained therein, this answering Defendant alleges that at the time and place of the events described in Plaintiffs' Complaint, persons and entities as yet unknown to this answering Defendant were careless, negligent, in breach of contract, in breach of fiduciary duty, in breach of warranty, express or implied, strictly liable and/or otherwise legally at fault in and about the matters and things alleged in Plaintiffs' Complaint which comparative negligence, breach of contract, breach of fiduciary duty, breach of warranty, strict liability and/or other legal fault proximately caused or contributed to the injuries and damages complained of, if any there were or are, and that liability should be apportioned among this answering Defendant and said persons and entities based upon their respective percentages of comparative fault.

LAW OFFICES OF
MATHENY SEARS LINKERT & LONG, LLP
POST OFFICE BOX 13711
SACRAMENTO, CALIFORNIA 95853-4711

LAW OFFICES OF
MATHENY SEARS LINKERT & LONG, LLP
POST OFFICE BOX 13711
SACRAMENTO, CALIFORNIA 95853-4711

**SEVENTH AFFIRMATIVE DEFENSE**

**(American Motorcycle)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint filed herein, this answering Defendant alleges that at the time and place of the events described in said complaint, Plaintiffs, themselves were careless, negligent, or otherwise legally at fault and that such carelessness, negligence or other legal fault on the part of Plaintiffs proximately caused or contributed, in whole or in part, to the injuries, losses and damages of which they complain, if any there are; by reason of these premises, Defendant respectfully requests that damages be apportioned according to the principles of comparative fault as set forth in decision of American Motor Cycle Association v. Superior Court (1978) 20 Cal.3d 578 [146 Cal.Rptr. 182] and that Plaintiffs' recovery be reduced in direct proportion to the amounts of said contributory or other legal fault.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Proposition 51)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein, and to each and every purported cause of action contained therein, this answering Defendant alleges that the injuries of which Plaintiffs complain are the proximate result of the acts, errors or omissions, negligence or other legal fault of parties, codefendants, persons, partnerships, corporations and entities, both named and unnamed. By virtue of the provisions of Civil Code section 1431 et seq. (Proposition 51, adopted June 3, 1986), answering Defendant respectfully requests that damages, if any, be allocated and apportioned amongst all causative factors and that Defendant be found legally responsible only for its determined share of legal fault.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action Re: Punitive Damages)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein, this answering Defendant alleges that the complaint fails to state facts sufficient to constitute a viable cause of action for punitive and/or exemplary damages against

2. That Defendant have judgment for costs incurred herein;

3. That Defendant recovers its reasonable attorneys' fees; and

4. For such other and further relief as the Court may deem just and proper.

Dated: July 6, 2007

**MATHENY SEARS LINKERT & LONG, LLP**

By: ____________________
JOEL A. EISENBERG, ESQ., Attorneys for Defendant, BUDGET RENT A CAR SYSTEM, INC.

LAW OFFICES OF
MATHENY SEARS LINKERT & LONG, LLP
POST OFFICE BOX 13711
SACRAMENTO, CALIFORNIA 95853-4711

6

DEFENDANT BUDGET RENT A CAR SYSTEM, INC.'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT

RE: **SUSAN FARMER, et al. v. FORD MOTOR COMPANY, et al.**
Contra Costa County Superior Court, Case No. C 07-01240

**PROOF OF SERVICE**
**[Code Civ. Proc. §§ 1013(a)(3) & 1011]**

I am a resident of the United States and employed in Sacramento County. I am over the age of eighteen years and not a party to the within entitled action. My business address is 3638 American River Drive, Sacramento, California.

On this date, I served: **DEFENDANT, BUDGET RENT A CAR SYSTEM, INC.'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT**

______ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

XXX **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California addressed as set forth below. I am readily familiar with my firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date of postage meter date is more than 1 day after date of deposit for mailing in affidavit.

______ **BY OVERNIGHT MAIL:** by causing document(s) to be picked up by an overnight delivery service company for delivery to the address(es) on the next business day.

______ **BY PERSONAL DELIVERY:** by causing personal delivery by **of the document(s) listed above to the person(s) at the addressee(s) set forth below.

| ATTORNEY FOR PLAINTIFFS | ATTORNEY FOR FORD MOTOR COMPANY |
|---|---|
| Robert J. Nelson, Esq.<br>Scott P. Nealey, Esq.<br>Nancy Chung, Esq.<br>LIEF, CABRASER, HEIMANN & BERNSTEIN<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111-3339<br>Dayphone: (415)956-1000<br>Fax: (415)956-1008 | Amir Nassihi, Esq.<br>Mia O. Solvesson, Esq.<br>SHOOK, HARDY & BACON, LLP<br>333 Bush Street, Suite 600<br>San Francisco, CA 94104<br>Tel. (415) 544-1909<br>Fax (415) 391-0281 |

I declare under penalty of perjury, according to the laws of the State of California, that the foregoing is true and correct.

Executed on this 6th day of July, 2007, at Sacramento, California.

Karla J. Diaz

LAW OFFICES OF
MATHENY SEARS LINKERT & LONG, LLP
POST OFFICE BOX 13711
SACRAMENTO, CALIFORNIA 95853-4711