Tammy B. Webb (SBN: 227593)
tbwebb@shb.com
H. Grant Law (SBN: 144505)
hlaw@shb.com
Amir Nassihi (SBN: 235936)
anassihi@shb.com
SHOOK, HARDY & BACON L.L.P.
333 Bush Street, Suite 600
San Francisco, California  94104-2828
Telephone:     415.544.1900
Facsimile:     415.391.0281
Attorneys for Defendant FORD MOTOR COMPANY

Douglas A. Sears (SBN: 48646)
dsears@mathenysears.com
Joel A. Eisenberg (SBN: 245453)
jeisenberg@mathenysears.com
MATHENY SEARS LINKERT & JAIME LLP
3638 American River Drive
Post Office Box 13711
Sacramento, California  95853-4711
Telephone:     916.978.3434
Facsimile:     916.978.3430

Attorneys for Defendant BUDGET RENT A CAR SYSTEM, INC.

Scott P. Nealey (SBN: 193062)
snealey@lchb.com
Nancy Chung (SBN: 225584)
nchung@lchb.com
LIEFF, CABRASER, HEIMANN & BERNSTEIN LLP
Embarcadero Center West
275 Battery Street , 30th Floor
San Francisco, CA 94111-3339
Telephone:     415.956.1000
Facsimile:     415.956.1008
Attorneys for PLAINTIFFS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| SUSAN FARMER, ARTHUR FARMER, ESTATE OF VIRGINIA M. FARLEY, VIRGINIA M. FARLEY REVOCABLE TRUST,<br><br>            Plaintiffs,<br><br>     vs.<br><br>FORD MOTOR COMPANY, BUDGET RENT A CAR SYSTEM, INC., and DOES 1-100, inclusive,<br><br>            Defendants. | Case No. C 07-03539 SI<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:        October 19, 2007<br>Time:       2:00 p.m.<br>Judge:     Susan Illston<br>Courtroom:  10<br><br>Complaint filed: June 7, 2007 |

130978v2

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Civil L.R. 16-10, the parties have met and conferred, and hereby submit this Joint Case Management Statement.

## 1.     JURISDICTION AND SERVICE

The complaint was filed on June 7, 2007 in Contra Costa County Superior Court. Defendants were properly served in Contra Costa Superior Court on June 12, 2007.  This action was removed to this Court on July 9, 2007 on the basis of diversity jurisdiction.   All defendants consented to removal.  Jurisdiction is proper because this action was removed in accordance with 28 U.S.C. § 1441(a) and, pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over this action.  The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and Plaintiffs and Defendants are citizens of different states.

Because this action was removed to this Court from Contra Costa Superior Court in accordance with Civil Local Rule 3-2(d), venue is automatically proper regardless of whether venue was improper in Contra Costa Superior Court.[1]

## 2.     FACTS

On June 8, 2006, Plaintiff Susan Farmer who resides in Orinda, California rented a 2006 Mercury Grand Marquis from a Budget Rent-A-Car located at Cleveland Hopkins International Airport.  On June 10, 2006, in the parking lot of the Carousel Dinner Theater in Akron, Ohio, Mrs. Farmer allegedly put the rented Grand Marquis into what Plaintiffs allege she believed from the vehicles "cues" to be park and then exited the vehicle to assist her elderly mother, Virginia M. Farley into the vehicle.  As Ms. Farmer opened the passenger door, the vehicle allegedly self-shifted from park into powered reverse, knocking Ms. Farley to the ground.  In an attempt to pull Ms. Farley away from the vehicle, Mrs. Farmer was caught between the vehicle's floorboard and the open passenger door.  Mrs. Farmer was allegedly dragged 80 feet across the parking lot.  Both Mrs. Farmer and Ms. Farley suffered injuries from the incident.  Ms. Farley passed away before this lawsuit was filed and her interests are being represented by Plaintiffs Estate of Virginia M. Farley

---

[1]     28 U.S.C. § 1441(a); *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665-66 (1953).

130978v2

and Virginia M. Farley Revocable Trust.  Plaintiffs, Mrs. Farmer, the Estate of Virginia M. Farley, and the Virginia M. Farley Revocable Trust, through executor and trustee, Gail M. Royster, brought this action against Defendants Ford Motor Company and Budget Rent A Car System, Inc. alleging strict products liability, negligence, loss of consortium, violations of Cal. Bus. & Prof. Code § 17200 *et seq.* and Cal. Civ. Code § 750 *et seq.*  In addition, Arthur L. Farmer, Mrs. Farmer's husband, alleges loss of consortium due to his wife's injuries.

Plaintiffs Susan and Arthur L. Farmer are residents of Contra Costa County in California. Further, the solicitation for and eventual reservation with Budget was made in Contra Costa County, California.

**3.**     **LEGAL ISSUES**

   **A**.     **Plaintiffs' Legal Contentions**

- Defendants Ford Motor Company and Budget are strictly liable to Plaintiffs Susan Farmer, the Estate of Virginia M. Farley, and the Virginia M. Farley Revocable Trust because the Grand Marquis had a park-to-reverse defect which was unreasonably dangerous for normal use and Defendants had failed to provide adequate warnings of the substantial dangers known or knowable due to the park-to-reverse defect.

- Defendant Ford Motor Company breached their duty to Plaintiffs Susan Farmer and decedent Virginia M. Farley to use reasonable care in the design, engineering, manufacturing, testing, assembly, marketing, advertisement, inspection, maintenance, sale, warning and distribution of the Grand Marquis.

- Defendants knew or should have known that the Grand Marquis has a propensity to have a delayed engagement of reverse when an operator inadvertently leaves the shift selector in a position between park and reverse which was not park (a dangerous and defective position created by the vehicle's design), but an operator would reasonably believe to be "park" from the vehicle's "cues."  Defendants knew safer alternatives and adequate corrections were available which would have avoided the defect, and

JOINT CASE MANAGEMENT STATEMENT
C 07-03539 SI

130978v2

1   plaintiffs' damages and injury, yet intentionally failed to address the defect in the
2   vehicle.

3   • Despite the engineering standard being to conduct necessary "root cause" analysis
4   upon receiving complaints, Defendant Ford Motor Company intentionally and
5   purposefully failed to conduct appropriate root cause analysis on the park-to-reverse
6   defects on many of its vehicles, including the Grand Marquis, in conscious disregard
7   for public safety, while installing designs (such as a secondary detent on Ford
8   Contours starting in MY 1996) designed to prevent exactly the type of injury which
9   occurred in this case.

10  • Defendant Ford Motor Company's actions constituted malice, oppression, and/or
11  fraud and were undertaken with the approval of, and were ratified by officers,
12  directors, and managing agents of the company on behalf of Defendant Ford Motor
13  Company.

14  • Defendant Budget violated the Consumer Legal Remedies Act (CLRA) including
15  Civil Code sections 1770 (a)(5) and 1770 (a)(7) by misrepresenting that the Grand
16  Marquis was safe, of merchantable quality and fit for its intended an reasonably
17  foreseeable uses.

18  **B.      Defendants' Legal Contentions**

19  Defendants dispute Plaintiffs' claims.  In addition, comparative fault is an issue in this case.

20  **4.    MOTIONS**

21  **A.      Prior and Pending Motions**

22  No motions have been heard before this Court.  Defendants' Motion to Transfer Venue
23  Pursuant to 28 U.S.C. § 1404(a) is currently set to be heard before this Court on November 30, 2007.

24  **B.      Anticipated Motions**

25  1.      Defendants' Motions

26  a.      Defendants' Motion to Transfer Venue.

27

4

28

130978v2

      b.    Defendants' Motion to Dismiss pursuant to Rule 12 of the FRCP.

      c.    Defendants' Motion for Partial Summary Judgment on Plaintiffs' punitive damages claim.

**5.    AMENDMENT OF PLEADINGS**

Plaintiffs will not amend their complaint unless this Court grants Defendants Rule 12 motion(s).

**6.    EVIDENCE PRESERVATION**

Plaintiffs' counsel sent a letter to Budget instructing it to preserve the subject vehicle. Pursuant to that request, the vehicle is currently being stored in Cleveland, Ohio.

Plaintiffs' counsel represented that he will be sending a letter to Ford Motor Company shortly to ensure that a litigation hold will be put in place with respect to issues implicated in this case.

**7.    DISCLOSURES**

The parties will exchange Rule 26 initial disclosures as set out below.

**8.    DISCOVERY**

The parties propose the following schedule based on a proposed November 24, 2008 trial date:

    **A.    Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)**:  The parties will exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) no later than November 2, 2007.

    **B.    Non-Expert Discovery Cut-Off**:    July 18, 2008

    **C.    Plaintiffs' Request Simultaneous Disclosure of Expert Witnesses and Reports**: Case-in-Chief reports: August 4, 2008.  Rebuttal reports:  September 4, 2008

    **D.    Defendants' Request A Staggering of Experts Disclosures**:

      1.    **Plaintiffs' Disclosure of Expert Witnesses and Reports**: August 4, 2008

      2.    **Defendants' Disclosure of Expert Witnesses and Reports**: September 4, 2008

JOINT CASE MANAGEMENT STATEMENT
C 07-03539 SI

130978v2

3.    **Rebuttal reports:** September 11, 2008

E.    **Expert Witness Discovery Cut-Off**: October 22, 2008

F.    **Proposed Changes in Limits On Discovery**:

1.    Fed. R. Civ. P. 26(b):  None.

2.    Fed. R. Civ. P. 30(a)(2)(A):  Given the nature of the present case and the number of parties, the parties waive the 10 deposition limit set forth in Fed. R. Civ. P. 30(a)(2)(A) and request 15 depositions per party, not including expert deposition.

3.    Fed. R. Civ. P. 30(a)(2)(B):  None.

4.    Fed. R. Civ. P. 30(a)(2)(C):  None.

5.    Fed. R. Civ. P. 30(d)(2):  None anticipated.

6.    Fed. R. Civ. P. 33(a):  None.

G.    **Need for a Protective Order**:  The parties anticipate that a protective order will be necessary in this case.  Plaintiffs will initiate the drafting of a proposed protective order.

H.    **Timing/Sequencing/Phasing/Scheduling of Discovery**:  The parties do not propose any timing, sequencing, phasing, or scheduling of discovery other than what is set forth in the parties' detailed discovery plan.  As set out in the plan, Plaintiffs request a simultaneous disclosure of expert witnesses and reports, with a later simultaneous exchange of rebuttal reports so as to give the parties an equal opportunity to address each others expert opinions.

Defendants request a staggering of expert disclosures.  The reasons for such a staggering include:  (1) Plaintiffs have the burden of proof, so should disclose their case for defect and damages first; (2) Because of the number of theories available to the Plaintiffs, simultaneous disclosure places an undue burden on defendants, who will have to address each potential theory in the absence of specific allegations (or early disclosure) by Plaintiffs; (3)  Staggered   disclosure   permits   both Plaintiffs and Defendant to focus their defect damages theories, minimizing waste of party and judicial resources.

JOINT CASE MANAGEMENT STATEMENT
C 07-03539 SI

130978v2

1      **I.      Proposed Date for Mid-Discovery Status Report and Conference**:   The parties

2   propose a mid-discovery conference date of April 25, 2008, with a joint status report to be filed on

3   April 18, 2008.

4      **J.      Discovery Relating to Electronic, Digital, and/or Magnetic Date**:  Parties agree to

5   comply with this Court's instructions regarding discovery relating to electronic, digital and/or

6   magnetic data as set forth in its Order Setting Mandatory Scheduling Conference and agree that the

7   conditions and requirements of Fed.R.Civ.P. 34 will apply.

8      The parties discussed electronic discovery issues as contemplated by the Federal Rules of

9   Civil Procedure.   Plaintiffs indicated a preference for documents produced as TIFF images with all

10   associated load files.  Should documents have already been collected in an earlier production from a

11   particular source, Plaintiffs are willing to accept that production if it is reasonably computer loadable

12   and that any meta-data or organizational structures available to Ford or its counsel (such as indexes

13   or codes indicating the source and or witness who is the producing custodian) is also produced.

14      Plaintiffs reserve the right to request that any available meta-data (such as track changes) be

15   produced, but will do so on a document by document or source or source basis.  From Prior

16   experience Plaintiffs anticipate that any such requests will be few, if any.  Plaintiffs further request

17   that materials be produced without being defaced with any stamps, case names, etc, and only be

18   bates stamping at the bottom and if necessary a "confidential" or other agreed designation being

19   placed at the bottom of the document so as not to cover or obscure any content.

20      While Ford is receptive to producing TIFF images for documents that may be exchanged in

21   discovery, Ford does not agree to produce documents in Native format. However, the parties agreed

22   to specifically address format production issues at a meet and confer after the exchange of the initial

23   discovery requests.  Otherwise, the parties did not identify any existing electronic discovery issues,

24   nor did they anticipate any such issues.  Should electronic discovery issues arise, the parties agreed

25   to meet and confer, and attempt to resolve any such issues prior to moving the court for relief

26

27

28

JOINT CASE MANAGEMENT STATEMENT
C 07-03539 SI

130978v2

**9.    CLASS ACTIONS**

N/A.

**10.    RELATED CASES**

N/A.  There are no known cases that should be consolidated with this case.

**11.    RELIEF**

**A.    On Behalf of Plaintiffs Susan Farmer, Estate of Virginia M. Farley, and Virginia M. Farley Revocable Trust:**

1.    For medical and incidental expenses according to proof;

2.    For other special damages according to proof;

3.    For general and emotional distress damages;

4.    For prejudgment interest on the award for damages rendered in favor of plaintiffs, calculated from the time the cause of action arose, or as provided in the California Civil Code; and

5.    For punitive and exemplary damages.

**On behalf of Plaintiff Arthur L. Farmer**:

6.    For loss of consortium

7.    For prejudgment interest on the award for damages rendered in favor of plaintiffs, calculated from the time the cause of action arose, or as provided in the California Civil Code.

**On behalf of all Plaintiffs:**

8.    Attorneys' fees and costs

Defendants seek dismissal of this suit, costs, and attorney's fees incurred as a consequence of this action.

**12.    SETTLEMENT AND ADR**

Plaintiff and Defendants are willing to engage in early private mediation with JAMS.

130978v2

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

A declination to proceed before a magistrate was previously filed in this case by Defendants. Accordingly, this case was transferred from Magistrate Judge Maria Elena James to This Court.

**14.    OTHER REFERENCES**

N/A.

**15.    NARROWING OF ISSUES**

The parties believe it is premature at this time to narrow the issues because discovery has not yet begun.

**16.    EXPEDITED SCHEDULE**

See Section 18 below.

**17.    SCHEDULING**

**A.    Non-Dispositive and Dispositive Pretrial Motions:  October 21, 2008**

**B.    Final Pretrial Conference:  November 10, 2008**

**18.    TRIAL**

Defendants request a trial date of November 24, 2008.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiffs state that there are no non-party interested entities or persons.

On July 9, 2007, Defendant Ford Motor Company filed with this Court Defendant Ford Motor Company's Certification of Interested Entities or Persons, stating that no other parties have a direct, pecuniary interest in the outcome of this case.

/ / /

JOINT CASE MANAGEMENT STATEMENT
C 07-03539 SI

130978v2

1   **20.    OTHER MATTERS THAT MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER**

2           N/A.

3   Dated:  October 12, 2007                    Respectfully submitted,

4                                               SHOOK, HARDY & BACON L.L.P.

5

6                                               By: */s/Amir Nassihi*_____
                                                    TAMMY B. WEBB
7                                                   H. GRANT LAW
                                                    AMIR NASSIHI
8                                                   MIA O. SOLVESSON

9                                                   Attorneys for Defendant
                                                    FORD MOTOR COMPANY
10  Dated:  October 12, 2007                    Respectfully submitted,

11                                              MATHENY SEARS LINKERT & JAIME
12                                              LLP

13                                              By: */s/Joel A. Eisenberg*_____
14                                                  DOUGLAS A. SEARS
                                                    JOEL A. EISENBERG
15
                                                    Attorneys for Defendant
16                                                  BUDGET  RENT  A  CAR  SYSTEM,
                                                    INC.
17  Dated:  October 12, 2007                    Respectfully submitted,

18                                              LIEFF, CABRASER, HEIMANN &
19                                              BERNSTEIN LLP

20

21                                              By: */s/Scott P. Nealey*_____
                                                    SCOTT P. NEALEY
22                                                  NANCY CHUNG

23                                                  Attorneys for Plaintiffs
                                                    SUSAN FARMER, ARTHUR
24                                                  FARMER, ESTATE OF VIRGINIA
                                                    M. FARLEY, VIRGINIA M. FARLEY
25                                                  REVOCABLE TRUST

26

27

28
                                                    JOINT CASE MANAGEMENT STATEMENT
                                                    C 07-03539 SI

130978v2