1  Tammy B. Webb (SBN: 227593)
   tbwebb@shb.com
2  H. Grant Law (SBN: 144505)
   hlaw@shb.com
3  Amir Nassihi (SBN: 235936)
   anassihi@shb.com
4  Mia Solvesson (SBN: 246291)
   msolvesson@shb.com
5  SHOOK, HARDY & BACON L.L.P.
   333 Bush Street, Suite 600
6  San Francisco, California  94104-2828
   Telephone:     415.544.1900
7  Facsimile:     415.391.0281
   Attorneys for Defendant FORD MOTOR COMPANY
8
   Douglas A. Sears (SBN: 48646)
9  dsears@mathenysears.com
   Joel A. Eisenberg (SBN: 245453)
10 jeisenberg@mathenysears.com
   MATHENY SEARS LINKERT & JAIME LLP
11 3638 American River Drive
   Post Office Box 13711
12 Sacramento, California  95853-4711
   Telephone:     916.978.3434
13 Facsimile:     916.978.3430
   Attorneys for Defendant BUDGET RENT A CAR SYSTEM, INC.
14

15                UNITED STATES DISTRICT COURT

16        NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

17 SUSAN FARMER, ARTHUR FARMER,          )   Case No. C 07-03539 SI
   ESTATE OF VIRGINIA M. FARLEY,         )
18 VIRGINIA M. FARLEY REVOCABLE          )   **DEFENDANTS FORD MOTOR
   TRUST,                                )   COMPANY'S AND BUDGET RENT A CAR
19                                       )   SYSTEM, INC.'S MEMORANDUM OF
              Plaintiffs,                )   POINTS AND AUTHORITIES IN SUPPORT
20                                       )   OF MOTION FOR TRANSFER OF VENUE
          vs.                           )   PURSUANT TO 28 U.S.C. §1404(a)**
21                                       )
   FORD MOTOR COMPANY, BUDGET RENT )       Date:        November 30, 2007
22 A CAR SYSTEM, INC., and DOES 1-100,   )   Time:        9:00 a.m.
   inclusive,                            )   Judge:       Susan Illston
23                                       )   Courtroom:   10
              Defendants.               )
24                                       )   Filed Concurrently Herewith: Declaration of
                                         )   Amir Nassihi ISO Motion; Declaration of Dave
25                                       )   Kachler ISO Motion; Declaration of Joel
                                         )   Eisenberg ISO Motion; Appendix of Authorities
26                                       )   ISO Motion; and [Proposed] Order
                                         )
27                                       )   Complaint filed: June 7, 2007
                                         )
28 ─────────────────────────────────────)

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

ISSUE .................................................................................................................................2

STATEMENT OF FACTS ...................................................................................................2

LEGAL STANDARD...........................................................................................................4

ARGUMENT ......................................................................................................................5

I.      Venue is proper in this District. ..............................................................................5

II.     This action might have been brought in the Northern District of Ohio. ...................6

III.    Transfer will serve the convenience of the parties and witnesses and will promote the
        interests of justice. ................................................................................................6

        A.      Plaintiffs' choice of forum is entitled to minimal, if any, deference. ............8

        B.      The convenience of the witnesses weighs in favor of transfer. ...................10

        C.      The convenience of the parties weighs in favor of transfer. ......................12

        D.      The ease of access to the evidence weighs in favor of transfer. .................13

        E.      The familiarity of each forum with the applicable law is a neutral factor. ..................14

        F.      The feasibility of consolidation of other claims is not relevant and, therefore, is a
                neutral factor. ...........................................................................................14

        G.      This District has no interest in this controversy and retaining this case would
                unnecessarily burden Bay Area citizens with jury duty..............................14

        H.      This District is considerably more congested than the Northern District of Ohio.......16

CONCLUSION...................................................................................................................16

# TABLE OF AUTHORITIES

**Cases**

*Aldaba v. Ford Motor Co.*, No. C 04-5369 MHP, 2005 WL 3560587 (N.D. Cal. Dec. 29, 2005) ................................................................6, 7, 10, 11, 16

*Alexander v. Franklin Res., Inc.*, No. C 06-7121 SI, 2007 WL 518859 (N.D. Cal. Feb. 14, 2007)..5, 8

*Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622 (9th Cir. 1991) ....................................8

*Bunker v. Union Pac. R.R. Co.*, No. C 05-04059 JSW, 2006 WL 193856 (N.D. Cal. Jan. 23, 2006) ..............................................................................................................................8, 10

*Ctr. for Biological Diversity & Pac. Env't v. Kempthorne*, No. C-07-0894 EDL, 2007 WL 2023515 (N.D. Cal. July 12, 2007)................................................................................5

*Douglas v. Modern Aero, Inc.*, 954 F. Supp. 1206 (N.D. Ohio 1997)....................................6

*Evancho v. Safo-Aventis*, No. C07-00098 SI, 2007 WL 1302985 (N.D. Cal. May 3, 2007)..............14

*Fabus Corp. v. Asiana Express Corp.*, No. C-00-3172 PJH, 2001 WL 253185 (N.D. Cal. March 5, 2001) ........................................................................................................7

*Goldstein v. Christiansen*, 638 N.E.2d 541 (Ohio 1994) ......................................................6

*Hernandez v. Union Pac. R.R. Co.*, No. C 04-04899 JW, 2005 WL 396614 (N.D. Cal. Feb. 18, 2005) ................................................................................................................10

*Hyundai Space & Aircraft Co.*, No. C 99-3255 SI, 1999 WL 910131 (N.D. Cal. Oct. 12, 1999) ......15

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000)................................................4, 5

*Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 489 (C.D. Cal. Jan. 5, 1981) .................................................................................................................10

*Nai-Chao v. Boeing Co.*, 555 F. Supp. 9 (N.D. Cal. 1982)....................................................13

*Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949 (9th Cir. 1968)..........................................8

*Piper Aircraft v. Reyno*, 454 U.S. 235 (1981) ..................................................................7

*Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663 (1953) ......................................................6

*Sierra-Bay Fed. Land Bank Ass'n. v. Superior Court*, 227 Cal. App. 3d 318 (1991)..........................14

*Stewart v. AT&T, Inc.*, No. C06-7363 SI, WL 1031263 (N.D. Cal. Apr. 3, 2007)................................8

*Strigliabotti v. Franklin Res., Inc.*, No. C 04-0883 SI, 2004 WL 2254556 (N.D. Cal. Oct. 5, 2004) ................................................................................................................10, 14

*Stuart v. Mobile ESPN*, No. C06-02094 SI, 2006 WL 2433416 (N.D. Cal. Aug. 21, 2006).........14, 15

*Van Dusen v. Barrack*, 376 U.S. 612 (1964) ..................................................................4

*Von Der Werth v. Johns Manville Corp.*, No. C 07-01456 JSW, 2007 WL 2348707 (N.D. Cal. Aug. 14, 2007) ........................................................................................................8

*Williams v. Bowman*, 157 F. Supp. 2d 1103 (N.D. Cal. 2001) .....................................5, 13

**Statutes**

28 U.S.C. § 1332(a) (2007)...........................................................................................6

28 U.S.C. § 1391(a) (2007)........................................................................................5, 6

28 U.S.C. § 1404(a) (2007).......................................................1, 2, 4, 5, 7, 13, 16

28 U.S.C. § 1441(a) (2007)...........................................................................................6

**Rules**

Fed. R. Civ. P. 45 .......................................................................................................10

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION FOR TRANSFER OF VENUE**

### INTRODUCTION

Defendants Ford Motor Company and Budget Rent A Car System, Inc. respectfully request that this Court transfer this case to the Northern District of Ohio as permitted under 28 U.S.C. § 1404(a) (2007).  While Ohio's Northern District has strong ties to this automobile products-liability lawsuit, this District has little, if any, connection.  The accident occurred in Ohio, all known nonparty percipient witnesses are located in Ohio, half of the Plaintiffs are from Ohio, the allegedly defective car is located in Ohio, the car was rented by Plaintiffs from a Budget located in Ohio, the car was primarily—if not solely—driven in Ohio, and the car had been maintained and serviced solely in Ohio.

On June 10, 2006, Plaintiffs Virginia Farley[1] and her daughter Susan Farmer were both injured by an allegedly defective Ford car that they rented from Budget in the Northern District of Ohio.  Mrs. Farmer was visiting her mother, Ms. Farley, in Ohio where Ms. Farley resided.  The Ford car was a 2006 Grand Marquis that was designed in Michigan, manufactured in Canada, and purchased for a Budget located in the Northern District of Ohio.  Plaintiffs were assisted by the Ohio police department and treated by Ohio paramedics and physicians.  Soon thereafter, Plaintiffs retained an Ohio lawyer to pursue litigation on their behalf and to ensure that the car was preserved in Ohio.  Yet Plaintiffs elected to file this action in Contra Costa County, a location with minimal, if any, connection to this controversy.

This action should be transferred to the Northern District of Ohio because the factors used by courts to determine which venue is more convenient and which better serves the interests of justice weigh in favor of doing so.

---

[1] Virginia Farley passed away from as-yet unknown causes before the filing of this complaint. The named Plaintiffs, the Estate of Virginia M. Farley and the Virginia M. Farley Revocable Trust, are both represented by personal representative and trustee Gail F. Royster.

1

2    **ISSUE**

3    This Court must decide if the convenience of the parties and witnesses and the interests of

4    justice weigh in favor of transferring this case to the Northern District of Ohio in accordance with 28

5    U.S.C. § 1404(a).

6    **STATEMENT OF FACTS**

7    On June 8, 2006, Mrs. Farmer rented a 2006 Grand Marquis from a Budget Rent A Car

8    located at Cleveland Hopkins International Airport in the Northern District of Ohio.[2]  Mrs. Farmer

9    was visiting her mother, Ms. Farley, in Ohio where Ms. Farley resided.[3]  On June 10, 2006, in the

10   parking lot of the Carousel Dinner Theater in Akron, Ohio, Mrs. Farmer allegedly put the rented

11   Grand Marquis into park, and then exited the car to assist her elderly mother, Ms. Farley, into the

12   car.[4]  As Mrs. Farmer opened the passenger door, the car allegedly self-shifted from park into

13   reverse, knocking Ms. Farley to the ground.[5]  In an attempt to pull Ms. Farley away from the car,

14   Mrs. Farmer was caught between the car's floorboard and the open passenger door.[6]  Mrs. Farmer

15   was reportedly dragged 80 feet across the parking lot.[7]  Both Mrs. Farmer and Ms. Farley sustained

16   injuries from the incident.[8]

17   Plaintiffs received assistance at the accident scene from members of the Akron Police

18   Department, including Officers Kerry A. Jackson, Edward Hornaceck, and Scott William Thomas.[9]

19   Plaintiffs were taken by Ohio paramedics to Akron City Hospital where they would have been

20   treated by additional Ohio medical personnel.[10]  The allegedly defective car is currently being stored

---

[2]   Plaintiffs' Compl. ¶¶ 2–3.

[3]   *See id.* ¶¶ 5 & 10.

[4]   *See id.* ¶ 3.

[5]   *See id.*

[6]   *Id.*

[7]   *Id.*

[8]   *Id.*

[9]   Declaration of Amir Nassihi ("Nassihi Decl.") ¶ 2 & Ex. A.

[10]  *See id.* Ex. A.

DEFENDANTS' MPA ISO MOTION FOR TRANSFER OF VENUE
CASE NO. C 07-03539 SI

130919v8

in Cleveland, Ohio.[11]   Soon after the accident (as early as June 13, 2006), Plaintiffs retained a Hudson, Ohio lawyer to pursue litigation on their behalf and to ensure that the car was preserved in Ohio.[12]

The 2006 Grand Marquis was designed in Michigan,[13] manufactured in Canada,[14] and purchased by Budget for its office in the Northern District of Ohio.[15]  Budget rented and maintained the car solely in Ohio.[16]  Of the previous renters of this car identified to date, none are residents of this District or even California.[17]  By contrast, four are Ohio residents: Melissa Hosmer, George Lee, Dean Guido, and Michael Hausnechtare.[18]

Ford has many manufacturing, assembly, and fabrication plants in Ohio, which employ about 9,000 people and total over 16 million square feet.[19]  Four of the plants in Ohio are located in the Northern District of Ohio.[20]  Ford has no manufacturing, assembly, or fabrication plants in California.[21]  The Northern District is located approximately 180 miles away from Delaware incorporated Ford's headquarters, which are in Dearborn, Michigan.[22]  Budget is a Delaware corporation with its principal place of business in Parsippany, New Jersey.[23]

---

[11]   Declaration of Dave Kachler ("Kachler Decl.") ¶ 6.

[12]   Attached to Amir Nassihi's Declaration as Exhibit B is a letter dated June 13, 2006, from Dean S. Hoover of Hoover & Gialluca LLC (located in Hudson, Ohio), informing Budget Rent A Car (among others) that he is Susan Farmer and Virginia Farley's attorney and requesting that the vehicle at issue be preserved in its then-current condition.

[13]   Nassihi Decl. ¶ 6.

[14]   Id. ¶ 6 & Ex. C.

[15]   Id. ¶ 7 & Ex. D.

[16]   Kachler Decl. ¶¶ 3–4.

[17]   Id. ¶ 5 & Ex. B.

[18]   Id.

[19]   Nassihi Decl. ¶¶ 9-11 & Exs. F & G.

[20]   Id. ¶ 9 & Ex. F.

[21]   Id. ¶ 8 & Ex. E.

[22]   Id. ¶ 12.

[23]   Declaration of Joel Eisenberg ("Eisenberg Decl.") ¶ 2.

3

130919v8

On July 6, 2007, Plaintiffs, Mrs. Farmer, the Estate of Virginia M. Farley, and the Virginia M. Farley Revocable Trust, through executor and trustee, Gail M. Royster, filed this action against Ford and Budget in Contra Costa County Superior Court, alleging strict products liability, negligence, violations of California Business & Professions Code § 17200 *et seq.* and California Civil Code § 750 *et seq.*[24] In addition, Arthur L. Farmer, Mrs. Farmer's husband, alleges loss of consortium due to his wife's injuries.[25] Ms. Farley passed away before this lawsuit was filed and her interests are apparently being represented by named Plaintiffs Estate of Virginia M. Farley and Virginia M. Farley Revocable Trust.[26]

On July 9, 2007, Defendants removed this action to this Court on the basis of diversity jurisdiction.

During the 12-month period ending on March 31, 2006, this District had 58 cases in trial with a median time interval of 27.5 months from the date they were filed to disposition at trial, whereas the Northern District of Ohio had only 35 cases in trial with a median time interval of 17.3 months.[27]

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964) (internal citations and quotation omitted). A motion for transfer lies within the broad discretion of the district court and must be determined on an individualized basis. *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir. 2000).

---

[24] Plaintiffs' Compl. ¶¶ 36–85 & 62–69.
[25] *Id.* ¶¶ 59–61.
[26] *See id.* ¶ 9.
[27] Nassihi Decl. ¶ 14 & Ex. I.

1    An action may be transferred "where the case might have been brought" for the convenience

2  of the parties and witnesses and in the interests of justice.  28 U.S.C. § 1404(a).  A diversity action

3  may be brought in "a judicial district in which a substantial part of the events or omissions giving

4  rise to the claim occurred."  *Id.* § 1391(a)(2)(2).

5    To support a motion for transfer, the moving party must establish: (1) that venue is proper in

6  the transferor district; (2) that the transferee district is one where the action might have been brought;

7  and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the

8  interests of justice.  *Alexander v. Franklin Res., Inc.*, No. C 06-7121 SI, 2007 WL 518859, at *2

9  (N.D. Cal. Feb. 14, 2007).  Transfer is discretionary, but is governed by certain factors specified in

10  § 1404(a) and in relevant caselaw.  *Id.* at *2.

11    Once venue is determined to be proper in both districts, courts evaluate the following factors

12  to determine which venue is more convenient to the parties and witnesses and better serves the

13  interests of justice:   (1) plaintiffs' choice of forum;  (2) convenience of the witnesses;  (3)

14  convenience of the parties; (4) ease of access to the evidence; (5) familiarity of each forum with the

15  applicable law; (6) feasibility of consolidation of other claims; (7) any local interest in the

16  controversy and the burden of jury duty on citizens in an unrelated forum; and (8) the relative court

17  congestion and time of trial in each forum.  *Id.*; *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106

18  (N.D. Cal. 2001); *Ctr. for Biological Diversity & Pac. Env't v. Kempthorne*, No. C-07-0894 EDL,

19  2007 WL 2023515, at *3 (N.D. Cal. July 12, 2007); *see also*, *Jones*, 211 F.3d at 498–99.

20                                              **ARGUMENT**

21    Defendants' Motion establishes that all requisites have been met to allow a Section 1404(a)

22  transfer: (1) venue is proper in the transferor district, (2) the transferee district is one where the

23  action might have been brought, and (3) the transfer will serve the convenience of the parties and

24  witnesses, and will promote the interests of justice.  *Alexander*, 2007 WL 518859.

25  **I.    Venue is proper in this District.**

26    Because this action was removed to this Court from Contra Costa Superior Court in

27  accordance with Civil Local Rule 3–2(d), venue is automatically proper regardless of whether venue

28
                                                      5
130919v8

1   was improper in Contra Costa Superior Court.   28 U.S.C. § 1441(a) (2007); *Polizzi v. Cowles*

2   *Magazines, Inc.*, 345 U.S. 663, 665–67 (1953).

3   **II.     This action might have been brought in the Northern District of Ohio.**

4          This action "might have been brought" and, in fact, should have been brought in the Northern

5   District of Ohio.  Plaintiffs could have brought this action in the Northern District of Ohio because

6   that is where the accident occurred and is, therefore, where "a substantial part of the events or

7   omissions giving rise to the claim occurred."  28 U.S.C. § 1391(a)(2).   The incident that is the

8   subject of this litigation occurred on June 10, 2006, in Summit County, Ohio, which is located in the

9   Northern District of Ohio.  Therefore, the Northern District of Ohio is a judicial district "where the

10  case might have been brought" and, as will be explained below, is the appropriate forum for this

11  case.

12         The Northern District of Ohio has subject matter jurisdiction over this diversity action

13  pursuant to 28 U.S.C. § 1332(a)(1) because the parties are diverse and the amount in controversy

14  exceeds $75,000.  Finally, the defendants are subject to personal jurisdiction in the Northern District

15  of Ohio because the Plaintiffs' claims involve a Ford vehicle rented to and used by the Plaintiffs in

16  the Northern District of Ohio.  As a result, Ohio's long-arm statute confers jurisdiction over the

17  Defendants, and the Northern District of Ohio's exercise of jurisdiction would not deprive

18  defendants of their due process rights.  *See Goldstein v. Christiansen*, 638 N.E.2d 541, 544–45 (Ohio

19  1994); *Douglas v. Modern Aero, Inc.*, 954 F. Supp. 1206, 1210 n.5 (N.D. Ohio 1997).

20  **III.    Transfer will serve the convenience of the parties and witnesses and will promote the
           interests of justice.**

21

22         One case particularly instructive in applying the factors used to determine which venue is

23  more convenient to a case such as this is *Aldaba v. Ford Motor Co.*, No. C 04-5369 MHP, 2005 WL

24  3560587 (N.D. Cal. Dec. 29, 2005).  Judge Patel dismissed the *Aldaba* case under the heightened

25

26

27

28

130919v8

*forum non conveniens* standard,[28] where a different jurisdiction was the focal point of the alleged injury, California did not have a strong interest in the litigation, and important sources of proof were not available in California. *Id.* at *9.

Judge Patel determined that the action's center of gravity lay in Mexico because the decedents were residents of Mexico, most of the plaintiffs were Mexican residents, the vehicle was in use in Mexico, the accident occurred on a roadway in Mexico, and the Mexican authorities and medical personnel conducted the post-accident investigations and emergency treatment for the victims. *Id.* at *7. In contrast, California's connection to the alleged injury was "minimal at best" because the only connections claimed by plaintiffs were that the vehicle was purchased in California and registered in that state from its purchase until the date of the accident and four of the fifteen plaintiffs were residents of California at the time of the filing. *Id.*

Here, an analysis of the eight factors for consideration in transferring venue reveals that the connection to California is yet more attenuated than the connection in the *Aldaba* case and the threshold Ford must meet is far lower than that applied in the *forum non conveniens* context. The facts weigh in favor of transfer to the Northern District of Ohio because the car was purchased in and rented to consumers in Ohio's Northern District, the accident occurred in Ohio's Northern District, and the medical personnel and police officers who witnessed the aftermath are all located in Ohio's Northern District, along with many other relevant witnesses. The car was neither purchased nor registered in California, unlike the *Aldaba* case. The only connection is that two of the four named Plaintiffs live in California. Each factor is discussed below and weighs heavily in favor of transfer of this action to the Northern District of Ohio.

---

[28]  Though many of the venue-transfer factors are similar to those considered under the common law doctrine of *forum non conveniens*, the Supreme Court has made clear that "[d]istrict courts were given more discretion to transfer under §1404(a) than they had to dismiss on grounds of *forum non conveniens*." *Piper Aircraft v. Reyno*, 454 U.S. 235, 253 (1981); *see also Fabus Corp. v. Asiana Express Corp.*, No. C-00-3172 PJH, 2001 WL 253185, at *1 (N.D. Cal. March 5, 2001). Thus, *forum non conveniens* cases are instructive in analyzing these factors.

7

**A.    Plaintiffs' choice of forum is entitled to minimal, if any, deference.**

There are three independent reasons why Plaintiffs' choice of forum is entitled to little or no deference.

First, the Ninth Circuit has established that courts should disregard a plaintiff's choice of forum where the suit is a result of forum shopping. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991).   One can reasonably infer forum shopping where plaintiff  initially prosecuted a lawsuit in the alternate jurisdiction. *Alexander*, 2007 WL 518859, at *4.

Here, forum shopping can reasonably be inferred because Plaintiffs initially attempted to pursue this case in Ohio, as demonstrated by their having originally retained counsel in Hudson, Ohio, as early as June 2006.[29]  And Plaintiffs reside in both Ohio and this District, yet elected to file here, a district with  no connection to the rental, accident, or alleged underlying torts.

Second, considerably less weight is given to plaintiff's choice when plaintiff does not reside in the forum. *Stewart v. AT&T, Inc.*, No. C06-7363 SI, 2007 WL 1031263, at *2 (N.D. Cal. Apr. 3, 2007).  Here, two of the named Plaintiffs represented by personal representative and trustee Gail F. Royster are affiliated with another forum; thus diminishing the deference accorded to Plaintiffs' choice.

Third, less weight is given to the plaintiff's choice of forum if the operative facts have not occurred within the forum, including those relating to the plaintiff's cause of action and defendant's contacts with the chosen forum. *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968); *Von Der Werth v. Johns Manville Corp.*, No. C 07-01456 JSW, 2007 WL 2348707, at *3 (N.D. Cal. Aug. 14, 2007).  "If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled to only minimum consideration." *Pac. Car & Foundry Co.*, 403 F.2d at 954.

Here, Plaintiffs' choice of forum should be given minimal deference because no acts allegedly giving rise to any particular cause of action in the complaint occurred in this district. *See Bunker v. Union Pac. R.R. Co.*, No. C 05-04059 JSW, 2006 WL 193856, at *2 (N.D. Cal. Jan. 23,

---

[29]   Nassihi Decl. ¶ 5 & Ex. B.

8

DEFENDANTS' MPA ISO MOTION FOR TRANSFER OF VENUE
CASE NO. C 07-03539 SI

2006) (holding that the plaintiff's choice of forum did not weigh against transfer because the cause of action or allegations giving rise to the claims occurred outside the Northern District of California). The entire basis of this action—injuries sustained as a result of the alleged malfunction of the Ford car—occurred in the Northern District of Ohio. And Plaintiffs' causes of action, and Defendant's alleged contacts related to those causes of action all amplify the fact that this case does not belong in the Northern District of California.

With respect to the First Cause of Action (Strict Products Liability), the design process, testing, manufacture, sale, rental, any maintenance or service, and the alleged failure of the car all occurred outside of California.[30] In fact, the sale, rental, any maintenance or service, and the alleged failure of the car all relate to the Northern District of Ohio.[31] The events allegedly giving rise to the Second Cause of Action (Negligence) also all occurred outside of California.[32] The Negligence count for allegedly failing to use due care refers to acts performed by Ford in Michigan and Canada and by Budget in the Northern District of Ohio.[33] The Third Cause of Action (Loss of Consortium) is derivative of Mrs. Farmer's injuries sustained in the Northern District of Ohio. Finally, the Fourth Cause of Action (Violation of the Consumer Legal Remedies Act) that has been brought solely against Budget has to do with the sale or lease of goods in California. But in the context of this case, Budget did not sell or lease goods in California.[34] Instead, Budget rented the car to Plaintiffs in the Northern District of Ohio.[35]

For the three reasons discussed above, Plaintiffs' choice of forum should be disregarded or afforded minimal deference.

---

[30] *See* Nassihi Decl. ¶¶ 2, 6 & 7 & Exs. C & D; Kachler Decl. at ¶¶ 3–5 & Ex. B.

[31] *See id.*

[32] *See id.*

[33] *See id.*

[34] *See* Kachler Decl. ¶ 4.

[35] Kachler Decl. ¶¶ 4–5 & Ex. B.

DEFENDANTS' MPA ISO MOTION FOR TRANSFER OF VENUE
CASE NO. C 07-03539 SI

130919v8

**B.    The convenience of the witnesses weighs in favor of transfer.**

"One of the most important factors in determining whether to grant a motion to transfer venue is the convenience of witnesses." *Strigliabotti v. Franklin Resources, Inc.*, No. C 04-0883 SI, 2004 WL 2254556, at *5 (N.D. Cal. Oct. 5, 2004) (internal citation omitted). "The trial court looks to who the witnesses are, where they are located, and the relevance of their testimony." *Bunker*, 2006 WL 193856, at *2. The court weighs both the number of witnesses and materiality of the expected testimony. *Hernandez v. Union Pac. R.R. Co.*, No. C 04-04899 JW, 2005 WL 396614, at *2 (N.D. Cal. Feb. 18, 2005). In making this assessment, the court also considers the effect of a transfer on the availability of witnesses and their live testimony at trial, given that "depositions, deadening and one-sided, are a poor substitute for live testimony." *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 489, 501 (C.D. Cal. Jan. 5, 1981) (internal citations omitted). Witnesses, after all, may not be compelled to attend trial unless they can be served with subpoenas within the trial district, or at any place outside of the district that is within 100 miles of the place of trial. *Id.*; Fed. R. Civ. P. 45(e). And even if they could, it would be inconvenient for these witnesses to have to leave their jobs and/or medical practices and patients and families to travel more than 4,800 miles roundtrip to testify before this Court.

Here, the crucial witnesses to the accident—including the responding officers, paramedics and physicians, employees of Budget, scene witnesses, and prior renters—are primarily located in Ohio. Therefore, these witnesses would be substantially inconvenienced if this case is not transferred to Ohio.

First, the persons and agencies who assisted Mrs. Farmer and Ms. Farley when the incident occurred (i.e., police officers and emergency medical service personnel) are all located in Summit County, Ohio.[36] Responding officers Kerry A. Jackson, Edward Hornaceck, and Scott William Thomas of the Akron Police Department are important witnesses that must be deposed, and one or both will likely need to testify at trial.[37] As noted in *Aldaba*, these witnesses are necessary for

---

[36]  *See* Nassihi Decl. ¶¶ 2–4 & Ex. A.

[37]  *See id.* ¶ 2 & Ex. A.

130919v8

determining liability. *See Aldaba*, 2005 WL 3560587, at *5 ("[I]t is clear that individuals such as emergency personnel and police officers who witnessed the aftermath of the accident are also important potential witnesses who would be crucial in any liability determination.").[38]

Second, Plaintiffs were taken to the Akron City Hospital in Ohio where they were treated by medical personnel who have important information about the injuries sustained by Mrs. Farmer and Ms. Farley.[39] The emergency medical personnel that cared for Plaintiffs as they were transported to the hospital, also located in Ohio, are also necessary witnesses.[40]

Third, Budget's employees at its Cleveland, Ohio rental facility will also be important percipient witnesses because they likely will have had occasion to drive the subject car and will have knowledge about the car's maintenance and/or repair before and after the Plaintiffs' accident. Thus, the Budget employees will likely have information as to whether or not they experienced the same problem about which Plaintiffs complain and will be knowledgeable about the routine maintenance and any repairs made to the car. What's more, all maintenance was performed on the car in Ohio's Northern District.[41] Therefore, the automotive shop or shops that serviced the car and performed any maintenance or repairs on the car are located in Ohio and their employees are also located in Ohio. In *Aldaba*, where the vehicle's use was outside of California, the court also considered pre-accident factors, such as vehicle maintenance and chain-of-title, to conclude that location of these records and witnesses outside of California weighed against maintaining jurisdiction in California. *Aldaba*, 2005 WL 3560587, at *5.

Fourth, in order to discover other percipient witnesses, the parties will need to interview or depose employees of the Carousel Dinner Theatre in Akron, Ohio, to determine if they witnessed the accident or have information about other persons who witnessed it. One such witness identified in

---

[38] Because parties have not yet commenced discovery, Ford has not been able to subpoena the necessary records to identify these individuals.

[39] *See* Nassihi Decl. ¶ 4 & Ex. A.

[40] *See id.* Because parties have not yet commenced discovery, Ford has not been able to subpoena the necessary records to identify these individuals.

[41] Decl. of Kachler at ¶ 3.

11

1   police records is named Katie, and she reportedly called in the details of this accident.[42]   Thus,

2   additional nonparty percipient witnesses to the incident located in Summit County, Ohio, such as

3   employees of the Carousel Dinner Theatre, will likely be discovered during litigation.

4        Last, another group of important percipient witnesses are those persons who rented the car

5   before the accident.   Those persons have knowledge as to whether they also experienced the car

6   allegedly "self-shift" during the time they rented the car.   None of the ten previous renters identified

7   to date live in this District, California, or even any of the Ninth Circuit states.[43]   But four of these

8   prior renters, (Melissa Hosmer, George Lee, Dean Guido, and Michael Hausnechtare),[44] are Ohio

9   residents living within the Northern District of Ohio.[45]

10       Here, needless inconvenience, disruption, expense, and delay will result if the nonparty

11   witnesses, the majority of whom are located in Ohio, are required to testify at a trial in California,

12   thousands of miles away—assuming they could even be convinced to travel to California.   Transfer

13   of this litigation to Ohio would minimize any inconvenience to the nonparty witnesses and minimize

14   any disruption to their lives caused by having to travel to California to testify.

15       **C.     The convenience of the parties weighs in favor of transfer.**

16       Ford is a Delaware corporation with its principal place of business in Dearborn, Michigan[46]

17   and Budget is a Delaware corporation with its principal place of business in Parsippany, New

18   Jersey.[47]   While neither Defendant is a resident of Ohio, it would be more convenient for Defendants

19   to defend this action in the Northern District of Ohio, where the acts allegedly giving rise to this suit

20   occurred, the majority of the witnesses live and work, and the medical providers, records, and

21   facilities are located.

---

[42]   Nassihi Decl. ¶ 3 & Ex. A.

[43]   Kachler Decl. ¶¶ 4–5, Ex. B.

[44]   Collectively, these individuals used the vehicle for about 20 days.

[45]   Kachler Decl. ¶¶ 4–5 & Ex. B.

[46]   Nassihi Decl. ¶ 12.

[47]   Eisenberg Decl. ¶ 2.

In addition, Ms. Farley, the decedent whose interests are being represented by her personal representative and trustee of her revocable trust, was a resident of Ohio until her death on November 13, 2005.[48]  As a result, two of the four named Plaintiffs, the Estate of Virginia M. Farley and the Virginia M. Farley Revocable Trust, are both represented by personal representative and trustee Gail F. Royster, who is also a resident of Ohio.[49]  Though the remaining Plaintiffs, Mr. and Mrs. Farmer, are residents of Orinda, California,[50] residence alone is not determinative of whether transfer is appropriate under Section 1404(a).  *See Williams*, 157 F. Supp. 2d at 1106 (noting that a plaintiff's choice of forum will not be afforded substantial weight where "the forum lacks a significant connection to the activities alleged in the complaint").

The Northern District of Ohio would be more convenient for parties because many of the key witnesses in this case reside in Ohio, which is well over 100 miles from this Court, it would be less expensive and more equitable to transfer this action to the Northern District of Ohio.  There, all parties will have equal access to sources of proof, both during depositions and at trial.  "To fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants." *Nai-Chao v. Boeing Co.*, 555 F. Supp. 9, 18 (N.D. Cal. 1982) (internal citation omitted).  Thus, this factor weighs in favor of transfer to the Northern District of Ohio.

### D.    The ease of access to the evidence weighs in favor of transfer.

Since this case has little connection to the Bay Area, little or no relevant evidence exists here. All parties will have greater ease of access to evidence in the Northern District of Ohio because the scene, car, and witnesses are all located there.[51]  In addition, the car's service and maintenance records are located in Ohio.[52]  Therefore, because most, if not all, of the evidence is located in Ohio,

---

[48]  Plaintiffs' Compl. ¶¶ 9–10.

[49]  *Id.* ¶ 9.

[50]  *Id.* ¶¶ 7–8.

[51]  *See* Nassihi Decl. ¶¶2–4 & Ex. A; Kachler Decl. ¶¶ 2–6 & Exs. A & B.

[52]  Kachler Decl. ¶¶ 2–3 & Ex. A.

13

DEFENDANTS' MPA ISO MOTION FOR TRANSFER OF VENUE
CASE NO. C 07-03539 SI

130919v8

1    this factor weighs in favor of transfer.  *See Stuart,* (2006) WL2433416 (reasoning that this factor

2    weighs in favor of transfer when the bulk of the evidence is located closer to the transferee court).

3    **E.      The familiarity of each forum with the applicable law is a neutral factor.**

4          Both Ohio's and California's federal courts are equally capable of applying federal law to

5    Plaintiffs' claims.  And to the extent state law is implicated, because Ohio has a stronger interest in

6    this action, Ohio's law should in any event apply if a conflict of law arises.[53]  In any event, "[Ohio's]

7    court is fully capable of applying California law" to the extent that California law is deemed to apply

8    to any of Plaintiffs' claims and, thus, "this is a neutral factor in the transfer analysis." *Strigliabotti,*

9    2004 WL 2254556, at *5; *see also Stuart v. Mobile ESPN*, No. C06-02094 SI, 2006 WL 2433416, at

10   *4 (N.D. Cal. Aug. 21, 2006) (noting that even if California law applied to a state law publicity

11   claim, this factor would not be compelling because the law is "straightforward").[54]

12   **F.      The feasibility of consolidation of other claims is not relevant and, therefore, is a
13          neutral factor.**

14         The feasibility of consolidation of other claims does not appear to be relevant in this case.

15   Therefore, this factor is neutral to the determination of whether this case should be transferred.  *See*

16   *Evancho v. Safo-Aventis*, No. C07-00098 SI, 2007 WL 1302985 (holding this factor neutral when

17   there is no evidence of other claims with which to consolidate).

18   **G.      This District has no interest in this controversy and retaining this case would
19          unnecessarily burden Bay Area citizens with jury duty.**

20         Defendants' links to this District, and even California as a whole, are no more than their

21   contacts with any other district in the nation.  In fact, Defendants' links to this District are

22

---

23   [53]  It is Ford's position that under the conflict-of-law doctrine, Ohio's substantive law should apply
24   to this case because, for the reasons discussed in this brief, this action's center of gravity lies in
     Ohio.  Therefore, California's interest in having its law applied is insignificant compared to
     Ohio's.  *Sierra-Bay Fed. Land Bank Ass'n v. Superior Court*, 227 Cal. App. 3d 318, 331 (1991).

25   [54]  Though this Court in *Evancho v. Safo-Aventis*, No. C07-00098, 2007 WL 1302985 (N.D. Cal.
26   May 3, 2007), gave weight to this factor when California labor laws were implicated, that
     appears based on the complexity of California's unique labor laws.  Here, Plaintiff's
     predominantly common-law based claims are "straightforward," and Ohio's district court is
27   "fully capable" of applying it to the extent it applies.

28                                        14

130919v8

substantially less significant than its contacts with most other districts in which they maintain offices. *See also Stuart*, 2006 WL 2433416, at *5 (explaining that this factor weighs in favor of transfer when the defendant's contacts "while not insignificant, are likely equivalent to their contacts with most other districts in this country, and are substantially less significant than their contacts with most other districts in which they maintain offices."). This alone weighs in favor of transfer. *Id.*

Also supporting transfer is the fact that all Plaintiffs' claims in this case are derivative of their claim that the Ford-made car was defective. Ford's links to California relative to the allegedly defective car are minimal. *See Stuart*, 2006 WL 2433416, at *5 (noting that defendant's relevant contacts are those relating to the torts at issue). After all, Ford does not have any manufacturing, assembly, or fabrication plants in California. Ford did not design and engineer the vehicle in California. By contrast, Michigan-based Ford's links to the neighboring state of Ohio are substantial, with eight large-scale manufacturing, assembly, and fabrication plants located in Ohio.[55] These Ohio plants total over 16 million square feet and employ about 9,000 people.[56] And four of these plants are physically located in the Northern District of Ohio.[57] These plants encompass about 9 million square feet and employ over 5,200 people.[58]

In addition, New Jersey based Budget purchased the car for its office within the Northern District of Ohio and in turn maintained, serviced, and rented it from a location within the Northern District of Ohio.[59]

In sum, this District and its citizens have no interest in retaining this litigation since none of the events related to this dispute occurred in this District. In a case such as this one, where there is minimal nexus to this District, the imposition of jury duty on the citizens of this District would be an unnecessary burden. *See Hyundai Space & Aircraft Co.*, No. C 99-3255 SI, 1999 WL 910131, at *5 (N.D. Cal. Oct. 12, 1999). The citizens of the Northern District of Ohio have a strong interest in

---

[55]   Nassihi Decl. ¶¶ 9–10 & Exs. F & G.

[56]   *Id.* ¶¶ 9–11 & Exs. F & G.

[57]   *Id.* ¶ 10 & Ex. G.

[58]   *Id.* Ex. F.

[59]   Kachler Decl. ¶¶ 2–5 & Exs. A & B.

DEFENDANTS' MPA ISO MOTION FOR TRANSFER OF VENUE
CASE NO. C 07-03539 SI

130919v8

1  providing a forum and a jury of peers for this action.  The overwhelming majority of witnesses and

2  evidence are located in the Northern District of Ohio, and the events allegedly giving rise to this

3  action took place in the Northern District of Ohio.  In addition, the Northern District of Ohio is

4  located a mere 180 miles away from Ford headquarters in Dearborn, Michigan.[60]  As such, this

5  factor weighs heavily in favor of transfer to the Northern District of Ohio.

6  **H.     This District is considerably more congested than the Northern District of Ohio.**

7  Another reason this Court should grant this Motion to Transfer Venue is that this District is

8  considerably more congested than the Northern District of Ohio.  The importance of court

9  congestion refers to whether a trial may be speedier in another court because its docket is less

10 crowded.  *Aldaba*, 2005 WL 3560587, at *4.  During the 12-month period ending on March 31,

11 2006, this District had 58 cases in trial with a median time interval of 27.5 months from the date they

12 were filed to trial, whereas the Northern District of Ohio had only 35 cases in trial with a median

13 time interval of 17.3 months.[61]  Therefore, it is clear that this Court should not be unduly burdened

14 with a case, such as this one, that is inextricably linked to another state, and for which an analysis of

15 the Section 1404(a) factors weigh so heavily in favor of transfer.

16 **CONCLUSION**

17 This case invites transfer because the Northern District of Ohio is a more convenient forum

18 that will better serve the interests of justice.  In fact, the totality of the determinative factors weigh in

19 favor of transfer:

20 •     Plaintiffs' choice of forum is entitled to minimal, if any, deference.

21 •     The convenience of the witnesses—the most important factor—weighs heavily in favor of

22        transfer.

23 •     The convenience of the parties weighs in favor of transfer.

24 •     The ease of access to the evidence weighs heavily in favor of transfer.

25 •     The familiarity of each forum with the applicable law is a neutral factor.

26 ---

[60]  Nassihi Decl. ¶ 12.

27 [61]  *See* Nassihi Decl. ¶ 14 & Ex. I.

28

DEFENDANTS' MPA ISO MOTION FOR TRANSFER OF VENUE
CASE NO. C 07-03539 SI

130919v8

1   •     The feasibility of consolidation with other claims is a neutral factor.

2   •     The local interest in the controversy and the burden of jury duty on citizens in an unrelated

3        forum weigh in favor of transfer.

4   •     The relative court congestion and time of trial in each forum weigh in favor of transfer.

5        Defendants submit that they have met their burden to demonstrate that this case belongs in

6   the Northern District of Ohio and therefore respectfully requests that this Court transfer this action to

7   the Northern District of Ohio.

8

9   Dated:  October 18, 2007               Respectfully submitted,

10                                   SHOOK, HARDY & BACON L.L.P.

11

12                                   By:  */s/Amir Nassihi*
                                       TAMMY B. WEBB

13                                         H. GRANT LAW

14                                         AMIR NASSIHI
                                       MIA O. SOLVESSON

15                                   Attorneys for Defendant

16                                   FORD MOTOR COMPANY

17  Dated:  October 18, 2007               Respectfully submitted,

18                                   MATHENY SEARS LINKERT & JAIME
                                 LLP

19

20                                   By:  */s/Joel A. Eisenberg*

21                                       DOUGLAS A. SEARS

22                                       JOEL A. EISENBERG

23                                   Attorneys for Defendant
                                 BUDGET  RENT  A  CAR  SYSTEM,

24                                   INC.

25

26

27

28

DEFENDANTS' MPA ISO MOTION FOR TRANSFER OF VENUE
CASE NO. C 07-03539 SI

130919v8