**Tab 1**



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 3560587 (N.D.Cal.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

C
Ruelas Aldaba v. Michelin North America, Inc.
N.D.Cal.,2005.
Only the Westlaw citation is currently available.
United States District Court,N.D. California.
Maria de Lourdes RUELAS ALDABA, Enrique Ruelas Aldaba, Alvaro Ruelas Aldaba, Cesar Ruelas Aldaba, Sergio Ruelas Aldaba a minor, by Rutilio Ruelas Aldaba, his guardian ad litem; Rutilio Ruelas Aldaba, Maria Marta Ruelas Aldaba, Maria De Los Angeles Ruelas Aldaba, Maria de Jesus Ruelas Aldaba and Roman Ruelas Aldaba as Surviving Heirs of Jose Maria Ruelas Juarez and Teresa Aldaba Arroyo, Deceased; Efrain Fride Montes, Jose Williams Fride Ruelas, a minor, by Efrain Fride Montes, his guardian ad litem, and Jonathan Fride Ruelas, a minor by, by Efrain Fride Montes, his guardian ad litem, as Surviving Heirs of Maria Ines Ruelas Aldaba, Deceased; Efrain Fride Montes as Surviving Heir of Fatima Iris Ruelas, Deceased; Jose Ruelas Briones, a minor, by Rutilio Ruelas Aldaba, his guardian ad litem; Anastacio Ruelas Briones, a minor, by Rutilio Ruelas Aldaba, Individually and as Surviving Heirs of Angelica Briones Salazar, Plaintiffs,
v.
MICHELIN NORTH AMERICA, INC., Ford Motor Company; and Does 1-100, inclusive, Defendants.
No. C 04-5369 MHP.

Dec. 29, 2005.

Elise R. Sanguinetti, Hinton, Alfert & Sumner, Walnut Creek, CA, for Plaintiffs.
H. Grant Law, Randall D. Haimovici, Shook, Hardy & Bacon LLP, San Francisco, CA, Cristina M. Ciminelli, Yukevich, Calfo & Cavanaugh, Steven D. Smelser, Yukevich & Sonnet, Los Angeles, CA, for Defendants.

PATEL, J.

Re: Defendant's Motion to Dismiss

*1 On May 3, 2005 plaintiffs Maria de Lourdes Ruelas Aldaba et. al brought this class action against Michelin North America, Inc. ("Michelin") and Ford Motor Company ("Ford") alleging strict product liability, negligence, misrepresentation and negligent infliction of emotional distress. Plaintiffs seek recovery of punitive and compensatory damages resulting from a motor vehicle accident. Michelin has settled all claims with plaintiff. Now, before the court is defendant Ford's motion to dismiss plaintiffs' complaint for *forum non conveniens,* arguing that Mexico affords plaintiffs an available and adequate alternate forum. Having considered the parties' arguments and for the reasons stated below, the court enters the following memorandum and order.

BACKGROUND[FN1]

FN1. Unless otherwise noted, the facts set forth below are drawn from the allegations in plaintiff's first amended complaint.

On December 25, 2003 plaintiff Rutilio Ruelas Aldaba ("the Driver") was driving a 1984 Ford Bronco II ("Ford Bronco") in Zacatecas, Mexico when the right-rear tire of the Ford Bronco experienced a tread/belt separation, causing the vehicle to veer to the right. When the Driver attempted to straighten the car, the Ford Bronco rolled over. Jose Maria Ruelas Juarez (age 61),[FN2] Tereza Aldaba Arroyo (age 53), Maria Ines Ruelas Aldaba (age 35), Angelica Briones Salazar (age 26), Fatima Iris Salazar (age 26), and minor children Sergio Ruelas Aldaba (age 9), Jose Ruelas Briones (age 10) and Anastacio Ruelas Briones (age 5) (the "Minor Children") were all occupants of the vehicle during this rollover incident. All the adults, except for the Driver, died as a result of the injuries they sustained during this accident. The Driver and the Minor Children all sustained severe injuries from the accident.

FN2. The approximate ages of the plaintiffs are taken from Defendant's moving papers.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 2
Not Reported in F.Supp.2d, 2005 WL 3560587 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

Jose Maria Ruelas Juarez, one of those killed in the accident, originally purchased the Ford Bronco and the tire in San Jose, California in 2002.[FN3] The vehicle was registered in California from 2002 until the time of the accident. Pl. Opp., Exh. 7. The Ford Bronco was designed and manufactured by Ford, a company whose principal office is in Dearborn, Michigan but which conducts business within the state of California. Michelin, a New York corporation, with a principal place of business in Greenville, South Carolina, also conducts business within California. Michelin designed and manufactured the allegedly defective tire.

> FN3. However, at oral argument, plaintiffs asserted that Cesar Ruelas Aldaba, one of the plaintiffs who is currently resident in California, was the original owner who gifted the vehicle to his brother Rutilio Ruelas Aldaba for his use in Mexico.

Maria de Los Ruelas Aldaba, Maria de Los Angeles, Alvaro Ruelas Aldaba ("Alvaro"), Enrique Ruelas Aldaba ("Enrique"), and Cesar Ruelas Aldaba ("Cesar"), together the ("California plaintiffs") are residents of Contra Costa county in California, save Maria de Los Angeles who is now a resident of Texas. Maria de Los Ruelas Aldaba has been a resident of California for the past six years and a resident of the United States for fourteen years. *See* Maria de Los Ruelas Aldaba Dec. Alvaro and Cesar have been residents of California for the past seven years. *See* Cesar Dec. These California plaintiffs are among the biological children of Jose Maria Ruelas Juarez and Teresa Aldaba Arroyo (who were both killed in the accident in Zacatecas) but they were not in the Ford Bronco at the time of the accident.[FN4] All the rest of the plaintiffs are residents of Mexico. All plaintiffs, including the California plaintiffs, are citizens of Mexico.

> FN4. Additionally, at oral argument plaintiffs conceded that Jose Maria Ruelas Juarez and Teresa Aldaba Arroyo had never been residents of California.

*2 Other than the individuals who were in the Ford Bronco at the time of the accident, there were no eyewitnesses to the accident. Plaintiffs have identified approximately 207 individuals who were involved in the design and/or manufacture of the Ford Bronco and these individuals are located in Michigan. *See* Aff. Watts ¶ 3.

On December 12, 2004 plaintiffs, comprising the Driver and surviving heirs resident in both California and Mexico, filed suit in federal district court for damages for personal injuries and wrongful death. On August 4, 2005 defendants Ford and Michelin filed a joint motion to dismiss for *forum non conveniens.* On October 5, 2005 Michelin settled with plaintiffs and withdrew from the motion to dismiss.

*LEGAL STANDARD*

*IForum Non Conveniens*

The common law principle of *forum non conveniens* allows a court to decline otherwise proper jurisdiction when the chosen forum is disproportionately inconvenient to the defendant or inappropriately burdensome on the court. *Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).* The applicable standard is whether "defendants have made a clear showing of facts which ... establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience, which may be shown to be slight or nonexistent ..." *Cheng v. Boeing Co., 708 F.2d 1406, 1410 (9th Cir.1983).* Consequently, dismissal for *forum non conveniens* is "an *exceptional tool* to be employed sparingly," and courts have declined to "perceive it as a doctrine that compels plaintiffs to choose the optimal forum for their claim." *Ravelo Monegro v. Rosa, 211 F.3d 509, 514 (9th Cir.2000), cert. denied, 531 U.S. 1112, 121 S.Ct. 857, 148 L.Ed.2d 771 (2001)* (emphasis added).

Dismissal for *forum non conveniens* by a court is appropriate where there is (1) an adequate alternate forum and (2) the balance of private and public interests clearly indicates that trial in the alternate forum would be more convenient for the parties.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

See *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506-08, 67 S.Ct. 839, 91 L.Ed. 1055 (1947);[FN5] *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 767 (9th Cir.1991); *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142-43 (9th Cir.2001). While there is usually a "strong presumption in favor of honoring the plaintiff's choice of forum, a foreign plaintiff's choice is afforded less deference."*Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696, 703 (9th Cir.1995).*See also Piper Aircraft*, 454 U.S. at 255-56 ("When the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable. Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference."). In adopting this "home forum" standard, the Supreme Court indicated that the appropriate distinction to draw was between a *"resident or citizen* plaintiff ... and [a] foreign plaintiff ..."*Id.*(emphasis added). Consequently, a resident or citizen plaintiff's choice of forum will not be disturbed unless the "private interest" and "public interest" factors strongly favor trial in the foreign country." See*Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir.2002).

> FN5. In the year following the Supreme Court's decision in *Gulf Oil,* the enactment of 28 U.S.C. section 1404(a), which allows a district court to transfer rather than dismiss an action if a more convenient district within the United States exists, served to partly displace the common law doctrine of *forum non conveniens.*Nonetheless, the doctrine is still applicable if a district court determines that an action should have been brought in a country outside of the United States. See*Yerostathis v. A. Luisi, Ltd.*, 380 F.2d 377, 379 (9th Cir.1967); *Paper Operations Consultants Int'l, Ltd. v. SS Hong Kong Amber*, 513 F.2d 667, 670 (9th Cir.1975).

### DISCUSSION

### I. *Availability and Adequacy of Mexico as an Alternative Forum*

*3 In order to dismiss an action under *forum non conveniens,* the alternative forum must be both available and adequate. *Lueck,* 236 F.3d 1143.An alternative forum is available if all parties are amenable to process and are subject to the jurisdiction of the forum. See*Lockman*, 930 F.2d at 768;*Piper Aircraft,* 454 U.S. at 242. A forum is inadequate if it does not provide plaintiff with a "sufficient remedy for his wrong." *Dole,* 303 F.3d at 1118. However, the prospect of a lesser recovery does not justify denying a *forum non conveniens* motion. See*Lockman,* 930 F.2d at 769 (citing *Borden, Inc. v. Meiji Milk Prod. Co.*, 919 F.2d 822, 829 (2nd Cir.1990)).*See also Lueck,* 236 F.3d at 1143. Neither does the fact that the "foreign forum does not provide the same range of remedies as are available in the home forum."*Ceramic Corp. of Am. v. Inka Mar. Corp.*, 1 F.3d 947, 949 (9th Cir.1993). The "alternative forum must [simply] provide some potential avenue for redress."*Id.* A defendant's agreement to submit to the personal jurisdiction of a foreign country establishes the availability of an alternate forum. See*Lockman,* 930 F.2d at 768.

Defendant contends that the current action should be dismissed because, under the *forum non conveniens* standard, Mexico presents an alternative forum which is both "available" and "adequate." Plaintiffs dispute defendant's assertion, contending that there is no guarantee that Mexican courts will find jurisdiction over a product liability lawsuit. In support, plaintiffs rely on the Seventh Circuit's recent holding in *In re Bridgestone/Firestone, Inc.*, 420 F.3d 702 (7th Cir.2005). In that case, following a determination by a Mexican court in the Morelas district that it did not have personal jurisdiction over the defendant (Ford Explorer), the appeals court vacated the district court's dismissal order of a products liability case for *forum non conveniens.*FN6The appeals court found that remand to the district court was proper because a number of questions remained about the information available to the Mexican court when it rendered its decision and concerns about the

plaintiff's conduct during this process also counseled further investigation. "If the district court determines that the plaintiffs acted in good faith and that the Mexican court decisions are entitled to recognition here, [then] those decisions establish that Mexico is *not* an available forum."*Id.* at 707 (emphasis added). After this remand, the District Court of the Southern District of Indiana has yet to issue a ruling on the availability of Mexico as a forum.

> FN6. The Mexican court in the Fourth Court of First Instance for Civil Cases of the First Judicial District in Morelos held that "the defendants have their main administration outside the territory of Mexico, [and because] the acts charged and that constitute the grounds for the lawsuit, consisting of the design and manufacture of a tire and a vehicle, were performed by persons legally independent of the person whose domicile is located within the territory of this court ..., it is appropriate to declare the lack of jurisdiction of this Court to try the matter bought before it."*In re Bridgestone/Firestone,* 420 F.3d at 705. This ruling was confirmed by Auxiliary Chamber of the Supreme Court of Justice of the State of Morelos.

In the case at hand, the court understands that defendant Ford Motor Company will subject itself to the jurisdiction of the appropriate Mexican courts, thus avoiding the problem of *Bridgestone/Firestone.*Courts have held that where a defendant is willing to submit to jurisdiction in Mexico, Mexico is then deemed to be an available forum. *See, e.g.Vasquez,* 323 F.3d at 671. Thus, unless the Mexican courts decline jurisdiction, this court finds that plaintiffs have an available forum.

*4 Additionally, plaintiffs contend that Mexico would not afford plaintiffs an adequate remedy because of differences in the procedures and guarantees of that judicial system. However, the Ninth Circuit has held that the adequacy requirement in the *forum non conveniens* analysis is met so long as the foreign forum affords the plaintiff "some remedy," even if it is a "lesser remedy" than would likely be obtained here in the United States. See*Lueck,* 236 F.3d at 1144. Although relief under a strict liability theory is unavailable in the Mexican judicial system, plaintiffs can recover under actions for personal injury and wrongful death. *See* Serna De La Garza Aff. ("Garza Aff.") at 3. Further, courts have held, in cases involving manufacturing defects in U.S. products used in Mexico, that Mexico is an available and adequate forum. *See, e.g.Vasquez v. Bridgestone/Firestone, Inc., et al., 325 F.3d 665 (5th Cir.2003)* (finding that the fact that Mexican law did not allow for strict liability did not mean that Mexico was an inadequate forum); *Gonzalez v. Chrysler Corp. et al., 301 F.3d 377 (5th Cir.2002)* (finding that Mexico was an adequate forum despite a cap placed on recovery for tort damages which would result in a de minimis recovery). Thus, contrary to plaintiffs' contentions, Mexico affords plaintiffs an adequate forum for recovery.

*II Balancing of Private and Public Interest Factors*

*(1)Private Interest Factors*

Not only is Mexico an available and adequate forum for the redress of plaintiffs' injuries, but the private interest factors in the present action weigh in favor of granting defendant's motion to dismiss. The factors to be considered include: the relative ease of access to sources of proof; the availability of compulsory process for attendance of unwilling witnesses; the cost of attendance of willing witnesses; the possibility of viewing the premises, if this is appropriate to the action; and "all other practical problems that make trial of a case easy, expeditious and inexpensive."*Gulf Oil,* 330 U.S. at 508. The court should also look at enforceability of a judgment if one is obtained, and any advantages or obstacles to a fair trial.*Id.*

When examining these factors, rather than focusing on the number of witnesses in each location, the court "should examine the materiality and importance of the anticipated witnesses' testimony and

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Page 5

Not Reported in F.Supp.2d, 2005 WL 3560587 (N.D.Cal.)

**(Cite as: Not Reported in F.Supp.2d)**

then determine their accessibility and convenience to the forum."*Gates Learjet Corp. v. Jensen,* 743 F.2d 1325, 1335 (9th Cir.1984); *Lueck,* 236 F.3d at 1146. In contrast, for documentary evidence, the issue "is not the importance of the documentary evidence, ... but its volume, inasmuch as evidence outside the forum would have to be reproduced and transported ..."*Gemini Capital Group v. Yap Fishing Corp.,* 150 F.3d 1088, 1093 (9th Cir.1998). The importance of court congestion in the inquiry refers to "whether a trial may be speedier in another court because of its less crowded docket," not "whether a dismissal will reduce a court's congestion."*Gemini,* 150 F.3d at 1095. The last factor, that of seeking an expeditious trial, is advanced by the ability to join third party defendants who would otherwise be beyond the scope of the court's jurisdiction. *SeeContact Lumber,* 918 F.2d at 1451-52.

*5 In reliance on the Ninth Circuit's holding in *Lueck,*[FN7] defendant makes a number of arguments in support of its claim that the private factors support a dismissal of plaintiffs' claim. First, defendant argues that the fact that only three of the fifteen plaintiffs in the case reside in California, while the rest reside in Mexico, would mean significant inconveniences for the parties in their quest to secure live witness testimony. In addition, defendant insists that it will be difficult to compel any potentially unwilling witnesses, the vast majority of whom reside in Mexico, to attend trial in California because they would have to rely on the expensive and tedious Hague Convention procedures. Thus, defendant argues, it will be effectively forced to use deposition testimony instead of live testimony. In sum, defendant contends that litigating in Mexico would increase its access to potential witnesses enabling them to construct a viable defense and raise claims such as lack of causation and contributory negligence.

> FN7. The facts in *Lueck* are similar to those of the case at hand. As a result of an alleged malfunctioning of a plane's ground proximity warning system, a plane crash occurred in New Zealand. The estates of the individuals killed and surviving passengers sued in the United States District Court of Arizona. The district court granted defendant's motion for dismissal based on the doctrine of *forum non conveniens* and the Ninth Circuit affirmed.

The mere fact that a majority of *plaintiffs* reside in Mexico is not dispositive as the relevant inquiry, with respect to the availability of witnesses in a *forum non conveniens* analysis, is one of "materiality" and "importance." *SeeLueck,* 236 F.3d 1146.Plaintiffs contend that in this action, the plaintiffs named are the *only* witnesses to the accident, and all of these plaintiffs are ready and willing to travel to California for trial proceedings. *See* Watts Aff. ¶ 3. Additionally, plaintiffs argue this action is a products liability suit alleging a defect in the design and/or manufacture of a product. Thus, defendant's witnesses who are familiar with the design and manufacture process, in conjunction with the eyewitnesses of the car accident, are the most important witnesses. The approximately 207 individuals who have been identified by plaintiffs as potential witnesses to testify on the subject of design and manufacture are residents in the United States. *Seeid.*

However, it is clear that individuals such as emergency personnel and police officers who witnessed the aftermath of the accident are also important potential witnesses who would be crucial in any liability determination. Additionally, the majority of pre-accident factors, such as vehicle maintenance, are also found in Mexico since the vehicle was in use in Mexico prior to the accident. Furthermore, given the fact that the Ford Bronco's title history lists numerous individuals as owners, establishing the chain-of-title may necessitate the use of witnesses who are residents in Mexico. *See* Pl. Opp., Exh. 7. In a similarly postured case, the Fifth Circuit has held that plaintiff's argument that "the alleged wrongful act was the original design of the vehicle and tires ... [and that it] reaches back too far in the accident's causal chain [is not persuasive]. Identifying the situs of the wrongful conduct as an American designer's drawing board ignores the production, sale, and alleged failure of the product, which all

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

occurred in Mexico. If accepted, plaintiff's argument would curtail the rights of foreign governments to regulate their internal economies and threaten to engulf American courts with foreign claims."*Vasquez,* 323 F.3d at 674. In the present action, although the production and apparent sale of the vehicle occurred in the United States, the vehicle was in use in Mexico and the alleged failure of the manufacturing occurred in Mexico. Testimony with respect to these factors would be an important and material part of an action seeking to establish liability on the part of the vehicle manufacturers. Thus, the substitution of live testimony for deposition testimony as well as reliance on the extensive Hague convention procedures does represent a significant inconvenience for defendant. Trial in Mexico will be more convenient for both parties because the majority of important witnesses are residents in Mexico and not California.

*6 Second, defendant asserts that its documentary evidence can be easily submitted to Mexican authorities because all the documentation relating to the design of the Ford Bronco and the allegedly defective tire is in the control of defendant and Michelin, while the same is untrue for plaintiffs' evidence. In *Lueck,* the court noted that a United States court cannot easily compel the production of documents or the attendance of persons which are in a foreign land and which are not in the control of either party. *Lueck,* 236 F.3d at 1146. Defendant argues that the documentary evidence concerning the "actual performance" of the tires, as opposed to the design documentation, is crucial to its case. *See id.*(noting that although manufacture of the plane components was relevant, the actual performance of the allegedly defective equipment in relation to the performance of the flight crew was essential to the suit.). Consequently, defendant asserts that its efforts to gain access to important sources of proofs impacting this "actual performance," such as accident investigation reports and health records, will be hampered if the litigation is allowed to proceed in this forum. Plaintiff disagrees, arguing that the crucial documents are rather the design and manufacture documents. Additionally, plaintiff notes that defendant has already been served with the documents such as the autopsies, relevant medical records, marriage licenses, the police report, and the death certificates. *See* Watts Aff. ¶ 3.

However, documents and testimony concerning the design and manufacture of the allegedly defective product as well as documents that are concerned with the vehicle's "actual performance," are important for the construction of a defense by Ford. The court in *Lueck* found that *both* forms of evidence were important and thus as a result of the importance of each, the fact that the district court could not "compel production of much of the New Zealand evidence, whereas the parties control[ed], and therefore ... [could] bring, all the United States evidence to New Zealand, [meant that] the private interest factors weigh[ed] in favor of dismissal."FN8*Lueck,* 236 F.3d, at 1147. Although plaintiff in the present case asserts that defendants are in receipt of many of the necessary documents, the fact remains that any additional documentation generated by the Mexican authorities and medical personnel which would be useful to defendants would not be in the control of either party and difficult for a United States court to obtain.

> FN8. In noting that evidence concerning the actual performance of the plane's landing gear was essential, the *Lueck* court also held that "the manufacturing of the components" as well as "post crash tests" were important sources of evidence. *Lueck,* 236 F.3d at 1146.

Additionally, plaintiffs have noted that as a result of defendant's voluminous discovery responses, if this action is litigated in Mexico, plaintiffs will incur substantial translation costs. Pl. Opp., Exh. 1 ¶ 5. The expense associated with translation is an important consideration in determining the most appropriate forum. *See, e.g.In re Bridgestone/Firestone,* 305 F.Supp.2d at 936 (noting that in these product liability cases against vehicle manufacturers "the necessity of translation weighs in favor of a U.S. forum because ... the amount of accident-specific and damages related evidence will be less than the amount of evidence needed to prove defect and

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 3560587 (N.D.Cal.)
(Cite as: Not Reported in F.Supp.2d)

Page 7

damages"). Thus, in the present action, plaintiffs would experience more inconvenience than defendant if the action were to proceed in Mexico because thousands of pages of design and manufacturing documents would have to be translated into Spanish.

*7 Lastly, defendant contends that the possibility of viewing the scene of the car accident favors litigation in Mexico as opposed to California. However, the only authority cited by defendant for this proposition is a case from the Eastern District Court of Texas which found that neither the plaintiffs nor the accident had any connections to Texas. That court further discounted the need for the jury to view the premises, noting that jury viewing of accident scenes are rare and that in most cases, photographs of the scene will be adequate. *Urena Taylor v. Daimler Chrysler Corp., 196 F.Supp.2d 428, 432 (E.D.Tex.2001)*. In the current action, the more than 100 photographs that are already in defendant's possession as well as reports from plaintiffs' accident reconstruction expert (who has already visited the site) would in all likelihood suffice. Even if a jury viewing would be likely in this case, the inability to view the scene of the accident is not a factor that weighs with any significance in favor of defendant.

Consequently, the fact that the important sources of proof for each of the parties is either in Mexico or within the control of the parties favors dismissal. The translation of design documents into Spanish will represent some inconvenience for the plaintiffs but this is significantly outweighed by the ability of both parties to adequately access potential witnesses and documents.

*(2) Public Interest Factors*

The public interest factors also weigh strongly in favor of litigating the current action in Mexico. This inquiry weighs potential administrative difficulties due to court congestion; the burden of imposing jury duty on citizens with no relation to the litigation; the local interest in deciding local controversies at home; the court's familiarity with the governing law; and the avoidance of unnecessary problems in conflicts of laws and the application of foreign law. *Gulf Oil*, 330 U.S. at 508-09. A choice of law analysis also factors in the public interest balancing. *See Alpha Therapeutic Corp. v. Nippon Hoso Kyokai, 199 F.3d 1078, 1090 (9th Cir.1999); Zipfel v. Halliburton, 832 F.2d 1477, 1482 (9th Cir.1987), cert. denied, 486 U.S. 1054 (1988)* ("Before dismissing a case for *forum non conveniens*, a district court must first make a choice of law determination"). The burden is on the party seeking to invoke foreign law. *See Zipfel, 832 F.2d at 1482*. However, the Ninth Circuit has held that "a choice of law analysis is only determinative when the case involves a United States statute requiring venue in the United States, such as the Jones Act or the Federal Employers' Liability Act." *Lueck, 236 F.3d at 1148*.

California does not have a strong interest in retaining this litigation, as the action's center of gravity lies in Mexico. All of the decedents in the 2003 accident were residents of Mexico. All of the plaintiffs and all of the decedents are Mexican citizens. All of the plaintiffs are Mexican residents, save four biological children of Jose Maria Ruelas Juarez and Teresa Aldaba Arroyo (two of the decedents who were themselves Mexican citizens and residents at the time of their death). Additionally, the vehicle was in use in Mexico, the accident occurred on a roadway in Mexico and Mexican authorities and medical personnel conducted the post-accident investigations and emergency treatment for the victims. In contrast, California's connection to the alleged injury is minimal at best. The only connections claimed by plaintiffs are (1) the fact that the allegedly defective vehicle was purchased in California and registered within this state from its purchase date until the date of the accident and (2) the fact that four of the fifteen plaintiffs were residents of California at the time of the filing. The Fifth Circuit has noted in *Vasquez* that "Mexico has an interest in protecting its own citizens from defective products acquired in Mexico and causing injury there." *Vasquez*, at 673. Here, although the product was purchased in California, Mexico has a stronger interest in mediating this dispute as it in-

volves the injury of its citizens within its own borders. As noted by the *Piper Aircraft* court, the "interest in this accident is simply not sufficient to justify the enormous commitment of judicial time and resources that would inevitably be required if the case were to be tried here."*Piper Aircraft,* 454 U.S. at 261.

*8 Further, defendants contention that plaintiff's choice of forum should be discarded merely because they are not citizens of the United States but merely residents of California is misguided. The fact that some of the plaintiffs in this action are residents of California would ordinarily require deference on the part of the courts.[FN9] *SeePiper Aircraft,* 454 U.S. at 255-56;*seealsoLueck,* 236 F.3d at 1147 (finding that New Zealand had a stronger interest in the litigation than Arizona because *none* of the plaintiffs were "*citizens or residents* of the United States"); *Bridgestone/Firestone,* 305 F.Supp.2d at 933 (noting that under *Piper Aircraft,* the distinction is between a U.S. resident or citizen plaintiff and a foreign plaintiff). Pursuant to *Piper Aircraft,* the choice by a *resident* plaintiff of its home forum deserves deference unless the private and public factors strongly favor dismissal. *SeeDole Food,* 303 F.3d at 1118. In the present action, as discussed *infra,* the private and public factors do clearly favor trial in Mexico and it is for this reason, rather than the fact that plaintiffs are not citizens, that deference may properly be waived.

> FN9. Defendant makes strenuous mention of the fact that the California plaintiffs were not in the vehicle at the time of the accident. This distinction defendant makes is not persuasive since these California plaintiffs are the biological children of the deceased and thus are entitled to bring a wrongful death action in California courts.

Defendant also contends that retaining jurisdiction in the current action would serve to add a needless burden to the docket of the Northern District. However, defendant misconstrues this factor by merely asserting that the case would overburden the docket of this court and by not offering any evidence that the courts in Mexico have a docket that is less crowded. *SeeGemini,* 150 F.3d at 1095. Thus, this factor does not weigh in favor of or against retaining jurisdiction.

Defendant also argues that because the claim arose in Mexico, there is a strong likelihood that Mexican law will apply and thus this court should decline jurisdiction. In a choice of law analysis in this action, California's "governmental interest" approach is applicable. *SeeVasquez,* 325 F.3d at 674 (noting that "a federal court sitting in diversity applies the conflict-of-laws rules of the state in which it sits"). Under this "governmental interest" test, the "sovereign with the greater interest in having its law applied controls."*Dole Food,* 303 F.3d at 1119. Given the strong interest that Mexico has in this litigation, there is a strong likelihood that Mexican law would apply despite the fact that the tire and vehicle design are at issue. *See, e.g.Vasquez,* 325 F.3d at 674 (noting that "the aggregate of other specific contacts favors application of Mexican law" even though the design of the tires and vehicles is what allegedly caused the injury); *Rodriguez v. Ford Motor Co.,* No. Civ. B 04-036, B 04-037, B-04-043, 2004 WL 2952612 *7 (S.D.Tex. Nov.22, 2004) (making an identical argument). Nonetheless, since the current case does not involve a statute which mandates venue in the United States, this court declines to make a determination as to whether Mexican law would apply in the present action. Mexico has a much stronger interest in the present action and thus to avoid the potential complications of construing foreign law, this factor weighs in favor of declining jurisdiction.

*9 Consequently, given the strong interest that Mexico has in litigating this action and the likelihood of the application of Mexican law, the court will not defer to the "home forum" choice of the plaintiffs who are resident in California. The balance of public factors demonstrates that Mexico is a more appropriate forum for litigation.

*III Summary*

Defendant has met its burden in demonstrating that

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Mexico provides an adequate alternative forum and the balance of private and public interest factors weighs heavily in favor of dismissing the current action. In *Zemerno v. McDonnell Douglas Corp., 246 F.Supp.2d 646 (S.D.Tex.2003)*, a case with facts very similar to the case at hand, the court found that since the plaintiffs and decedents were all Mexican citizens, the aircraft was operated by a Mexican airline and the accident occurred within Mexico, "the weight of the public interest factors supports dismissal of this torts case." Furthermore, the court found that given the fact that sources of proof were relatively accessible and many potentially important witnesses were in Mexico, "Mexico is the focal point of this case, and Mexican law will most likely apply." *Id.* at 664. California does not have a strong interest in the current litigation and the important sources of proof are not available in California or cannot be easily obtained by the court. Moreover, the focal point of this alleged injury is within Mexico, and residents of California should not be burdened with an essentially foreign dispute. Consequently, the court finds that it would be in the convenience of the parties to dismiss the current action, subject to plaintiff's ability to proceed in Mexico.

## CONCLUSION

For the foregoing reasons, the court GRANTS defendant's motion to dismiss for *forum non conveniens,* subject to the following conditions and provided that plaintiffs are able to proceed against defendant in Mexico. Consequently, the court will stay the proceedings until parties notify the court that the appropriate Mexican courts have asserted personal jurisdiction over Ford Motor Company and over this action. Any applicable statute of limitations is tolled in plaintiffs favor from the time of filing this action.

As a condition for the granting of this motion, defendant Ford Motor Company agrees: (1) to submit to the jurisdiction of the appropriate courts in Mexico, (2) to make all its witnesses and evidence available for the proceedings in Mexico, and (3) to be bound by any final judgment the Mexican courts issue against it.

IT IS SO ORDERED.

N.D.Cal.,2005.
Ruelas Aldaba v. Michelin North America, Inc.
Not Reported in F.Supp.2d, 2005 WL 3560587 (N.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.