**Tab 2**

Westlaw.
Slip Copy
Slip Copy, 2007 WL 518859 (N.D.Cal.)
(Cite as: Slip Copy)

Page 1

C
Alexander v. Franklin Resources, Inc.
N.D.Cal.,2007.
Only the Westlaw citation is currently available.
United States District Court,N.D. California.
Stephen ALEXANDER, Individually and on behalf of all others similarly situated, Plaintiff,
v.
FRANKLINRESOURCES, INC., Franklin Advisers, Inc. and Franklin Templeton Distributors, Inc., Defendants.
No. C 06-7121 SI.

Feb. 14, 2007.

Seth A. Safier, Adam Gutride, Gutride Safier LLP, San Francisco, CA, Charles J. Piven, Law Offices of Charles J. Piven, P.A., Baltimore, MD, for Plaintiff.
Anthony Zaccaria, Daniel A. Pollack, Edward T. McDermott, Pollack & Kaminsky, New York, NY, Jordan S. Elias, Wilson Sonsini Goodrich & Rosati, San Francisco, CA, Peri Nielsen, Wilson Sonsini Goodrich & Rosati, Palo Alto, CA, for Defendants.

SUSAN ILLSTON, United States District Judge.
*1 On February 2, 2007, the Court heard argument on defendants' motion to transfer this action to the United States District Court for the District of New Jersey, Newark Division. Having considered the parties' arguments, Court GRANTS defendants' motion for the reasons set forth below and TRANSFERS this action to the District of New Jersey.

### I. This action

Plaintiff Stephen Alexander, a resident of Delaware, is a shareholder of several mutual funds created, sold, advised, and managed by the Franklin Templeton Fund Family. On November 16, 2006 plaintiff filed a class action in this Court on behalf of purchasers of shares in those funds between January 1, 2000 through November 17, 2004. Defendants are Franklin Resources, Inc.; Franklin Advisers, Inc.; and Franklin Templeton Distributors, Inc. Plaintiff alleges defendants have: (1) entered into illegal kickback arrangements with several brokers and dealers; (2) financed the kickbacks by illegally charging excessive and improper fees to investors; (3) failed to disclose the kickback arrangements in prospectuses and "Statements of Additional Information" provided to investors in violation of federal securities law; and (4) issued public statements that were materially false and misleading in violation of federal securities law. Complaint ¶¶ 14-22. Plaintiff alleges defendants violated federal securities laws, including § 12(a)(2) and § 15 of the Securities Act, and § 10(b) and § 20(a) of the Exchange Act. Id. at ¶¶ 27-56.

### II. The New Jersey actions

Plaintiff Alexander has already sued these same defendants in the United States District Court for the District of New Jersey. In an order dated June 29, 2004, Magistrate Judge Ronald J. Hedges consolidated Alexander's action and two related suits as In re Franklin Mutual Funds Fee Litigation, Master File 04-CV-983 (WJM) (RJH).See In re Franklin Mutual Funds Fee Litig., 388 F.Supp.2d 451, 456 n. 2 (D.N.J.2005).[FN1] In an order granting the defendants' motion to dismiss with leave to amend, Judge Martini described Alexander's action as follows:

> FN1. Defendants state that on August 23, 2006, the New Jersey court consolidated a fourth action, Wolbrink, with the prior consolidated action.

Plaintiffs allege that defendants (collectively referred to as "Franklin" in the Complaint) in conjunction with securities brokers engaged in a kickback scheme that benefitted everyone involved but the Funds and their shareholders. Essentially, the defendants made undisclosed payments to brokers to encourage them to push the Franklin Funds on unsuspecting investors. This practice was known as a "shelf-space" arrangement....
Defendants allegedly concealed these arrange-

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

ments, and the concomitant shifting of monies from the Funds to the brokerages, by not disclosing this information in the Franklin Funds' prospectuses or other public filings. This created potential conflicts of interest with brokers, who may have steered unwitting investors into the Franklin Funds for the sole purpose of increasing their commissions. Further, Franklin Funds shareholders were unaware at that time that fund assets were being depleted in a manner inimical to fund liquidity and performance.

*2 *Id.* at 457-58. According to defendants, the plaintiffs in *In re Franklin Mutual Funds Fee Litigation,* have amended the complaint, and a motion to dismiss that complaint is pending. In addition, Judge Martini denied the plaintiffs' motion for class certification, finding that the nature of plaintiffs' claims was derivative rather than direct. *Id.* at 467-68.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (internal citations and quotation omitted). A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir.2000).

To support a motion for transfer, the moving party must establish: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses, and will promote the interests of justice. *See Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.,* 850 F.Supp. 503, 506 (C.D.Cal.1992). Transfer is discretionary, but is governed by certain factors specified in § 1404(a) and in relevant case law.

As an initial matter, the Court finds that venue is proper in either this district or New Jersey. Plaintiff brings several claims under the Exchange Act; Section 27 of that Act provides that venue is proper in any district "wherein the defendant is found or is an inhabitant or transacts business." 15 U.S.C. § 77aa. Defendants are headquartered in San Mateo, California, and thus venue is proper in this district. Plaintiffs allege, *inter alia,* that defendants failed to disclose kickback arrangements and issued false and misleading prospectuses to "hundreds of thousands" of class members nationwide. Complaint at ¶¶ 19, 23-24, 30-31. These allegations, among others, are sufficient to establish venue in New Jersey. *See Washington Pub. Util. Group v. U.S. Dist. Court for W. Dist. of Wash.,* 843 F.2d 319, 328 (9th Cir.1988) (finding venue in Arizona under 15 U.S.C. § 77aa because "[t]he allegedly misleading financial statements, which are the basis of the claims of federal securities violations ... were sent to all fifty states, including Arizona").

Once venue is determined to be proper in both districts, courts evaluate the following factors to determine which venue is more convenient to the parties and the witnesses: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. *See Williams v. Bowman,* 157 F.Supp.2d 1103, 1106 (N.D.Cal.2001). Where a party requests transfer "in the interests of justice," courts consider: (1) avoidance of multiple actions, (2) sending the action to the state most familiar with the governing law, and (3) the feasibility of consolidation with other actions. *See A.J. Industries, Inc. v. United States Dist. Ct.,* 503 F.2d 384 (9th Cir.1974).

*3 The Court concludes that, while most of the factors are neutral in the § 1404 analysis, the in-

terests of justice weigh strongly in favor of transfer. The Court is persuaded that this action and the consolidated New Jersey cases are, if not identical, substantially similar. All of the parties to the instant case are parties to the New Jersey cases. In both this case and in New Jersey, Alexander alleges that defendants engaged in a kickback scheme financed by fund assets, and that defendants failed to disclose the kickback arrangements in Franklin prospectuses. Compare *In re Franklin Mut. Funds Fee Litig.*, 388 F.Supp.2d at 457-58 (describing allegations of kickback scheme, depletion of fund assets, and failure to disclose kickbacks in prospectuses), with Complaint ¶¶ 2, 17 ("[d]efendants used the assets of Franklin Funds investors [to pay] illegal kickback payments"; "prospectuses and [statements of Additional Information] were deceptive and misleading as they failed to describe the kickback scheme"). In sum, the Court finds that transfer is in the interest of judicial economy, and that this action is likely to be consolidated with the pending New Jersey cases. See *A.J. Industries, 503 F.2d at 389* ("[T]he feasibility of consolidation is a significant factor in a transfer decision.").

Plaintiff asserts that this case is completely different than the consolidated New Jersey actions because this case involves direct class claims, while the New Jersey actions involve derivative claims. Plaintiff's assertion begs the question, however, because Alexander originally filed the New Jersey case as a class action, and Judge Martini disagreed with Alexander's characterization of those claims. See *In re Franklin Mut. Funds Fee Litig.*, 388 F.Supp.2d at 462-64;compare *id.* at 456 (New Jersey action was brought on behalf of "all investors who owned shares in any of 103 Franklin and Templeton Mutual Funds ... during the period from March 2, 1999 to November 17, 2004"), with Complaint ¶ 23 (this case is brought on behalf of a class of "persons or entities who purchased shares or like interests in any of the Franklin Funds between January 1, 2000 and November 14, 2003 inclusive."). It may very well be the case that plaintiff's claims in this case are also derivative rather than direct; the Court need not resolve this issue, however, because it is apparent that regardless of the true nature of plaintiff's claims, the instant claims and the New Jersey claims arise out of the same factual predicate.

The remaining § 1404(a) factors do not, on balance, significantly favor either venue. With respect to the convenience of the parties, appearing in a single district is more convenient than appearing in two different districts on opposite coasts of the country. Plaintiff argues that the Court should afford considerable weight to his choice of forum. However, a plaintiff's choice of forum is not dispositive, and where plaintiff does not reside in the forum, the Court may afford his choice considerably less weight. See Schwarzer et al., *Federal Civil Procedure Before Trial* § 4:760 (2006)). Here, plaintiff Alexander is a resident of Delaware, and neither of the other proposed lead plaintiffs appears to be a California resident.[FN2] In addition, plaintiffs' choice of forum is less significant where the plaintiff purports to represent a nationwide class. See *id.* at § 4:764; *Berenson v. Nat'l Financial Servs.*, 319 F.Supp.2d 1, 3 (D.D.C.2004).

> FN2. On February 5, 2007, plaintiff's counsel filed a motion to appoint Vivian Miller, who is the executor of the estate of Iona Hoefke, and Donald Ulferts as lead plaintiffs in this action. Plaintiff's counsel also seek appointment as lead counsel. Plaintiff's opposition to the instant motion states that Mr. Ulferts is a resident of Nevada. None of plaintiff's papers state Ms. Miller's (or the estate's) residence.

*4 Furthermore, the Ninth Circuit has established that courts should disregard a plaintiff's forum choice where the suit is a result of forum-shopping. See *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir.1991). One could reasonably infer forum shopping here, where the same plaintiff represented by the same law firm filed a similar lawsuit in New Jersey, and after receiving unfavorable rulings from that court, filed the instant case. At the hearing, plaintiff's counsel explained that they chose this district because defendants are located in San Mateo, California. However, defendants

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

have always resided in this district, and the Court is not satisfied with plaintiffs' explanation. Accordingly, the Court disregards plaintiff's choice of forum.

The remaining § 1404(a) factors do not strongly favor either venue. Although plaintiffs assert that the majority of documentary evidence is located in California, the Court agrees with defendants that both venues provide similar ease of access to evidence because the documents can be copied and delivered to either venue. Where federal law governs all claims raised, as here, "either forum is equally capable of hearing and deciding those questions."*DealTime. com Ltd. v. McNulty,* 123 F.Supp.2d. 750, 757 (S.D.N.Y.2000). The New Jersey court docket is less congested than that of this district, which favors transfer,[FN3] while this district arguably has a greater interest in the controversy due to defendants' residence here and the California Attorney General's investigation of Franklin. The parties dispute which forum is more convenient for witnesses, but do not identify any specific potential witnesses aside from three Fund Advisors (who reside in New Jersey, the Bahamas, and Singapore). Even assuming that plaintiffs are correct that many of the witnesses are Franklin employees located in this district, defendants state that these witnesses will also be appearing in the New Jersey action, and thus this factor is neutral in the § 1404(a) analysis.

> FN3. Defendants state, and plaintiff does not dispute, that the median time from filing to disposition is 7.3 months in the Northern District of New Jersey and 9.8 months in the Northern District of California. *See* Def' Motion at 8 n. 4, *citing* http://www.uscourts.gov/cgi-bin/cmsd2005.pl

For the foregoing reasons and good cause shown, the Court hereby GRANTS defendants' motion to transfer. (Docket No. 10). In light of the transfer, the Court DENIES all other pending motions without prejudice to renewal in the transferee court.

(Docket Nos. 21, 23, 26, and 28). The parties are directed to meet and confer regarding the status of the related action, *Ulferts v. Franklin Resources Inc., et al.,* C 06-7847 SI, and to file in that case no later than **February 21, 2007,** a joint letter brief regarding the impact, if any, of this order on the *Ulferts* case.

**IT IS SO ORDERED.**

N.D.Cal.,2007.
Alexander v. Franklin Resources, Inc.
Slip Copy, 2007 WL 518859 (N.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.