**Tab 3**

Westlaw.

946 F.2d 622                                                                                    Page 1
946 F.2d 622, 20 U.S.P.Q.2d 1698
**(Cite as: 946 F.2d 622)**

▷

Alltrade, Inc. v. Uniweld Products, Inc.
C.A.9 (Cal.),1991.

United States Court of Appeals,Ninth Circuit.
ALLTRADE, INC., Plaintiff-Appellant,
v.
UNIWELD PRODUCTS, INC., Defendant-Ap-
pellee.
**No. 90-55605.**

Submitted June 5, 1991.FN*

FN* The panel finds this case appropriate
for submission without oral argument pur-
suant to Ninth Circuit Rule 34-4 and
Fed.R.App.P. 34(a).
Decided Sept. 23, 1991.
As Amended Oct. 31, 1991.

Trademark owner appealed from order of the
United States District Court for the Central District
of California, Terry J. Hatter, Jr., J., dismissing, un-
der first-to-file rule, owner's appeal from decision
of Trademark Trial and Appeal Board in cancella-
tion proceeding brought by competitor. The Court
of Appeals, D.W. Nelson, Circuit Judge, held that:
(1) application of first-to-file rule did not deprive
owner of its statutory right to appeal; (2) applica-
tion of first-to-file rule was within discretion of dis-
trict court; and (3) dismissing appeal, rather than
staying proceeding, was error.

Affirmed in part, reversed in part, and remanded.
West Headnotes
**[1] Trademarks 382T ☞1327**

382T Trademarks
    382TVII Registration
        382TVII(B) Proceedings Concerning Federal
Registration
            382Tk1315 Judicial Review or Interven-
tion
                382Tk1327 k. Further Review. Most
Cited Cases
    (Formerly 382k293)

Court of Appeals reviews district court's decision to
accept or decline jurisdiction based on first-to-file
rule for abuse of discretion.

**[2] Trademarks 382T ☞1317(2)**

382T Trademarks
    382TVII Registration
        382TVII(B) Proceedings Concerning Federal
Registration
            382Tk1315 Judicial Review or Interven-
tion
                382Tk1317 Nature and Form of Rem-
edy; Jurisdiction and Authority of Courts
                    382Tk1317(2) k. Multiple Remed-
ies or Proceedings. Most Cited Cases
    (Formerly 382k293)
Application of first-to-file rule in dismissing trade-
mark owner's appeal from decision of Trademark
Trial and Appeal Board in cancellation proceeding
brought by competitor, based on competitor's filing
of prior action in another district challenging as-
pects of Board's decision with which it disagreed,
did not deprive owner of its statutory right to ap-
peal, where other court had not ruled on owner's
motion to dismiss, making it uncertain whether
owner could assert its claims in that forum. Lanham
Trade-Mark Act, § 21, 15 U.S.C.A. § 1071.

**[3] Judgment 228 ☞725(1)**

228 Judgment
    228XIV Conclusiveness of Adjudication
        228XIV(C) Matters Concluded
            228k723 Essentials of Adjudication
                228k725 Facts Necessary to Sustain
Judgment
                    228k725(1) k. In General. Most
Cited Cases
Findings that are immaterial to decision, especially
if they cannot be appealed, are devoid of preclusive
legal effect.

**[4] Trademarks 382T ☞1317(2)**

382T Trademarks

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

382TVII Registration
382TVII(B) Proceedings Concerning Federal Registration
382Tk1315 Judicial Review or Intervention
382Tk1317 Nature and Form of Remedy; Jurisdiction and Authority of Courts
382Tk1317(2) k. Multiple Remedies or Proceedings. Most Cited Cases
(Formerly 382k293)

Application of first-to-file rule to trademark owner's appeal from Trademark Trial and Appeal Board was within discretion of district court, and neither fairness considerations nor equitable concern barred application of rule. Lanham Trade-Mark Act, § 21, 15 U.S.C.A. § 1071.

[5] Trademarks 382T ☞1317(2)

382T Trademarks
382TVII Registration
382TVII(B) Proceedings Concerning Federal Registration
382Tk1315 Judicial Review or Intervention
382Tk1317 Nature and Form of Remedy; Jurisdiction and Authority of Courts
382Tk1317(2) k. Multiple Remedies or Proceedings. Most Cited Cases
(Formerly 382k293)

Circumstances under which exception to first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping.

[6] Trademarks 382T ☞1317(2)

382T Trademarks
382TVII Registration
382TVII(B) Proceedings Concerning Federal Registration
382Tk1315 Judicial Review or Intervention
382Tk1317 Nature and Form of Remedy; Jurisdiction and Authority of Courts
382Tk1317(2) k. Multiple Remedies or Proceedings. Most Cited Cases
(Formerly 382k293)

It is not an abuse of discretion, and therefore not reversible error, for district court judge to weigh facts and conclude that first-to-file rule should apply.

[7] Trademarks 382T ☞1317(2)

382T Trademarks
382TVII Registration
382TVII(B) Proceedings Concerning Federal Registration
382Tk1315 Judicial Review or Intervention
382Tk1317 Nature and Form of Remedy; Jurisdiction and Authority of Courts
382Tk1317(2) k. Multiple Remedies or Proceedings. Most Cited Cases
(Formerly 382k293)

Dismissing trademark owner's appeal from decision of Trademark Trial and Appeal Board entered in competitor's cancellation proceeding, rather than staying proceeding pending decision in first-filed action on owner's motion to dismiss, was error, where owner would risk encountering statute of limitations problems if first-filed action were dismissed. Lanham Trade-Mark Act, § 21, 15 U.S.C.A. § 1071.

[8] Trademarks 382T ☞1317(2)

382T Trademarks
382TVII Registration
382TVII(B) Proceedings Concerning Federal Registration
382Tk1315 Judicial Review or Intervention
382Tk1317 Nature and Form of Remedy; Jurisdiction and Authority of Courts
382Tk1317(2) k. Multiple Remedies or Proceedings. Most Cited Cases
(Formerly 382k293)

Where first-filed action presents likelihood of dismissal, second-filed suit should be stayed, rather than dismissed.

*623 Louis S. Mastriani, Barbara A. Murphy, and Larry L. Shatzer, II, Adduci, Mastriani, Meeks & Schill, Washington, D.C., for plaintiff-appellant.
Neil F. Greenblum, Roger P. Glass, Michael J.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

946 F.2d 622                                                                                                    Page 3
946 F.2d 622, 20 U.S.P.Q.2d 1698
**(Cite as: 946 F.2d 622)**

Fink, and <u>Jordan S. Weinstein</u>, Sandler, Greenblum & Bernstein, Arlington, Va., for defendant-appellee.

Appeal from the United States District Court for the Central District of California.

Before D.W. NELSON, <u>O'SCANNLAIN</u> and <u>TROTT</u>, Circuit Judges.

D.W. NELSON, Circuit Judge:

This case focuses on an apparent conflict between two legal principles: First, the well-established "first to file rule," which allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court; second, the statutory right to appeal enjoyed by a party "dissatisfied" with a "decision" of the Trademark Trial and Appeal Board ("Board").

Invoking the former principle, the district court dismissed a challenge to a Board decision filed by appellant Alltrade, Inc. ("Alltrade"), on the ground that it duplicated a prior suit. Claiming that the dismissal deprived it of its statutory right to appeal, Alltrade seeks review of the district court's *624 holding in the name of the latter. We hereby affirm the decision not to hear appellant's complaint at this time. However, we also hold that, in order better to reconcile these twin principles, the district court should have stayed, rather than dismissed, the second-filed suit.

### I. Factual and Procedural Background

On December 31, 1986, appellee Uniweld Products, Inc. ("Uniweld"), filed a petition pursuant to <u>15 U.S.C. § 1064</u> seeking cancellation by the Board of three federal trademark registrations owned by appellant Alltrade. In support of its petition, Uniweld alleged prior use of the mark "ALL-TRADES" and argued that continued use by appellant would be likely to cause confusion. In addition, Uniweld claimed that Alltrade had not complied with a number of statutory registration requirements, that the inferior quality of appellant's goods damaged its reputation, and that Alltrade had committed fraud by using the registration symbol for goods not set forth in the registration.

The Board rendered its decision on December 12, 1989. In ruling for Uniweld, it held as follows: [B]ecause the parties use these very similar marks on tools which are related products, confusion is likely. Because petitioner [Uniweld] used this mark prior to respondent's [Alltrade's] adoption and use of its mark, petitioner is entitled to judgment in its favor. Accordingly, the petition to cancel is granted.

En route to this conclusion, however, the Board rejected as bases for cancellation Uniweld's contention that "actual confusion" had occurred, that Alltrade's goods were of inferior quality, and that Alltrade had failed to comply with statutory requirements. Because appellee did not have to establish either of the above allegations in order to prevail, the essence of the Board's decision was unaffected by these findings.

Under <u>15 U.S.C. § 1071(b)(1)</u>, the deadline for seeking review of the Board's decision was sixty days from issuance, or February 12, 1990. See<u>37 C.F.R. § 2.145(d) (1990)</u>. In January and early February of that year, Alltrade conducted settlement discussions with Uniweld, interspersed with statements indicating that it intended to appeal the Board's decision in the United States District Court for the Central District of California. According to appellant, the suggestion was explicitly made on February 2, 1990.

On February 8, 1990, Uniweld filed an action in the United States District Court for the Southern District of Florida (the "Florida action") charging Alltrade with federal and state unfair competition (Counts I & III), common law trademark infringement (Count II), and violation of Florida's anti-dilution laws (Count III). Moreover, Uniweld sought review of those aspects of the Board's decision with which it disagreed (Count IV).[FN1] A day later, and unaware of the Florida action,[FN2] Alltrade filed the action at issue in this appeal in the United States District Court for the Central District of California (the "California action"), seeking review of the Board's decision (Count I) and a declaratory judgment stating that it did not infringe

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

946 F.2d 622
946 F.2d 622, 20 U.S.P.Q.2d 1698
(Cite as: 946 F.2d 622)

Uniweld's trademark (Count II).[FN3]

FN1. Appellee disputed the Board's findings that there was no evidence (1) of actual confusion; (2) that Uniweld had been damaged by Alltrade's sale of inferior goods; and (3) that Alltrade's registrations were void for failure to comply with statutory requirements.

FN2. Alltrade first became aware of the Florida action on February 16, 1990.

FN3. On February 14, five days after Alltrade filed its action, Uniweld added a second defendant, Foreign and American Car Parts Warehouse, Inc. ("Foreign and American"), to its Florida suit.

Finding the issues in the California action "duplicative of issues in the Action already before the Southern District of Florida," and mindful of the presence of an additional defendant in the Florida suit, the California district court applied the first-to-file rule and dismissed Alltrade's action. Alltrade then filed this timely appeal.

*625 II. First-To-File Rule

[1] The first-to-file rule was developed to "serve[ ] the purpose of promoting efficiency well and should not be disregarded lightly." *Church of Scientology v. United States Dep't of the Army,* 611 F.2d 738, 750 (9th Cir.1979); *see also EEOC v. University of Pennsylvania,* 850 F.2d 969, 971 (3d Cir.), *cert. granted in part,*488 U.S. 992, 109 S.Ct. 554, 102 L.Ed.2d 581 (1988), *order amended,*490 U.S. 1015, 109 S.Ct. 1660, 104 L.Ed.2d 173 (1989), *aff'd on other grounds,*493 U.S. 182, 110 S.Ct. 577, 107 L.Ed.2d 571 (1990). It may be invoked "when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Systems, Inc. v. Medtronic, Inc.,* 678 F.2d 93, 95 (9th Cir.1982). We review a court's decision to accept or decline jurisdiction based on the first-to-file rule for abuse of discretion. *Id.*

a.

[2] In the present case, two prerequisites clearly have been met. The first is chronology, as Uniweld filed its suit prior to Alltrade; the second is the identity of the parties involved. Nevertheless, as appellant points out, there is some doubt regarding the similarity of the issues at stake. As the losing party in the proceeding before the Board, Alltrade contends that it alone had the right to bring an appeal. Therefore, it argues, the Florida district court lacks jurisdiction to hear that portion of Uniweld's action purporting to appeal the Board's decision.[FN4] As a result, appellant claims, a basic requirement for applying the first-to-file rule-that the issues in the two suits be identical-is not met. Indeed, even if the Florida court were to agree to hear Uniweld's appeal, Alltrade contends that to prevent it from bringing its own appeal in the forum of its choice would frustrate the purpose of section 1071.[FN5]

FN4. Alltrade has filed a motion in the Florida district court requesting that it dismiss Uniweld's purported appeal for failure to state a claim. As of the time of this appeal, the motion was still pending.

FN5. Alltrade has all but conceded that Count II of the California action-requesting a declaratory judgment of non-infringement-is a compulsory counterclaim to Uniweld's action for unfair competition, trademark infringement, and dilution. Therefore, the dispute essentially revolves around the characterization of appellant's and appellee's respective appeals of the Board's decision.

The ambiguity begins with the language of section 1071, granting a right of appeal to parties "*dissatisfied* with the *decision* " of the Board. 15 U.S.C. § 1071(b)(1) (emphasis added).[FN6] While "dissatisfaction" hints at a broad construction of the statute-insofar as both parties might have cause for discontent-"decision" considerably narrows the scope-for a decision generally supports one party or the other. Courts that have construed this and ana-

946 F.2d 622
946 F.2d 622, 20 U.S.P.Q.2d 1698
(Cite as: 946 F.2d 622)

logous provisions typically have held that a party benefiting from a ruling, yet disagreeing with specific findings, cannot appeal.

> FN6. Under section 1071, a party "dissatisfied with the decision of the Commissioner or Trademark Trial and Appeal Board" can have further proceedings conducted as a civil suit in a district court. See 15 U.S.C. § 1071(b)(1); Redken Lab., Inc. v. Clairol, Inc., 501 F.2d 1403, 1404 (9th Cir.1974).

Thus, in Maremont Corp. v. Air Lift Co., 463 F.2d 1114 (C.C.P.A.1972), the court confronted an appeal by Air Lift, the prevailing party below. Calling it "pure surplusage," and carefully adorning every reference to Air Lift's "appeal" with quotation marks, the court strongly suggested that it was improper.[FN7] Likewise, in *626 Klemperer v. Price, 271 F.2d 743 (C.C.P.A.1959), the appellant sought review of some of the Board's rulings that did not affect its favorable decision. The court dismissed the appeal, reasoning that "[i]t is evident that [appellant] is not dissatisfied with the decision of the board. ... His dissatisfaction is merely with holdings of the board on other points not necessary to that decision." Id. at 744. See also W.W. Windle Co. v. Commissioner, 550 F.2d 43, 45 (1st Cir.), cert. denied, 431 U.S. 966, 97 S.Ct. 2923, 53 L.Ed.2d 1062 (1977).[FN8]

> FN7. The court's decision to allow Air Lift to proceed stemmed from the fact that the losing party had also taken an appeal. The court explained: "Here ... the losing party below has taken an appeal, so there can be no question that a 'case or controversy' is properly before us, and the only question is whether Air Lift's action in separating some of its arguments into an unnecessary cross-appeal disables us from considering them. We conclude that it does not." Maremont, 463 F.2d at 1117. Had the losing party not appealed the decision, dismissal would have been proper and if "[the loser below] later sought review of the Board's

decision by way of its own appeal, the [winner below] would be entitled to raise in that appeal the issues he was prematurely seeking to raise by way of a separate appeal." Id. at 1116 (emphasis in original).

> FN8. Appellee relies on SCOA Industries, Inc. v. Kennedy & Cohen, Inc., 530 F.2d 953 (C.C.P.A.1976), for the contrary proposition. But the case is easily distinguishable. In SCOA, appellant sought review of a Board order striking its allegations of fraud from the complaint. While noting that "[a]ppellant's dissatisfaction is evident," 530 F.2d at 955, the court went on to find that the Board's action was not a "decision," and therefore was unappealable. Id. How such a holding can provide support for Uniweld's position is difficult to fathom.

The principle has roots in the more general proposition that "[o]rdinarily, only a party aggrieved by a judgment or order of a district court may exercise the statutory right to appeal therefrom." Deposit Guaranty Nat'l Bank v. Roper, 445 U.S. 326, 333, 100 S.Ct. 1166, 1171, 63 L.Ed.2d 427 (1980); see also Clapp v. Commissioner, 875 F.2d 1396, 1398 (9th Cir.1989).

However, there stands a somewhat contrary tradition pursuant to which even a "winning" party can appeal those aspects of a ruling with which it is dissatisfied. In Electrical Fittings Corp. v. Thomas & Betts Co., 307 U.S. 241, 59 S.Ct. 860, 83 L.Ed. 1263 (1939), respondents had sued petitioners for patent infringement. The district court, in ruling for petitioners, found that there had been no infringement. Although it could have stopped there, it went on to adjudge the patent valid-a finding that, at that point, was purely superfluous. On petitioners' appeal of that portion of the decree, the Supreme Court held as follows:

A party may not appeal from a judgment or decree in his favor, for the purpose of obtaining a review of findings he deems erroneous which are not necessary to support the decree. But here the decree

itself purports to adjudge the validity of [the patent], and though the adjudication was immaterial to the disposition of the cause, it stands as an adjudication of one of the issues litigated. We think the petitioners were entitled to have this portion of the decree eliminated.

307 U.S. at 242, 59 S.Ct. at 860. Interpreting this holding some 40 years later, the Court wrote: "In a sense, the petitioner in *Electrical Fittings* sought review of the District Court's procedural error. The District Court ... was incorrect to adjudge the patent valid after ruling that there had been no infringement. By doing so, the District Court had decided a hypothetical controversy." *Roper,* 445 U.S. at 335 n. 7, 100 S.Ct. at 1172 n. 7; *see also Restatement (Second) of Judgments § 27,* cmt. h.

By the same token, in the present case the Board unnecessarily decided the questions of actual confusion, inferior quality, and registration fraud-as, indeed, it acknowledged in its order. *See* Opinion of the Trademark Trial and Appeal Board, E.R. at 8 ("Actual confusion ... is not required"); *id.* at 9 ("Even if [petitioner's argument that respondent's goods are of inferior quality and that petitioner is damaged thereby] ... had been proved, it would be irrelevant").

As a result, were Uniweld's appeal construed as an attack on the Board's procedurally erroneous decision to reach certain issues, the Florida court might have jurisdiction to entertain it.[FN9] *See, e.g., Weight Watchers Int'l, Inc. v. I. Rokeach & Sons, Inc.,* 546 F.Supp. 841, 842 (S.D.N.Y.1982) (although the word "decision" in section 1071 "refers to the actual result of a proceeding, as opposed to rulings and findings noted in the opinion but not essential to the judgment reached," the winning party below was allowed to appeal the Board's action in needlessly reaching an issue).

FN9. We note however that on the face of Uniweld's complaint, appellee clearly is appealing the *merits* of the Board's decision on these issues. *See* Uniweld's Amended Complaint,

90-6110-CTV-Roetgger, E.R. at 28.

[3] *627 Ultimately, reconciliation of the two principles in the context of section 1071 lies in the hands of the Florida court, not its California counterpart. As we conclude below, the fact that the Florida court's jurisdiction over Uniweld's Board appeal is questionable weighs against *dismissing* the instant litigation. *See infra; cf. Jefferson Ward Stores v. Doody Co.,* 560 F.Supp. 35, 36 (E.D.Pa.1983). But, until the Florida district court has ruled on Alltrade's motion to dismiss, it cannot be said with certainty whether Alltrade will be able to bring its own appeal of the Board decision as a counterclaim to Uniweld's. At this stage, we cannot conclude that application of the first-to-file rule deprives Alltrade of its statutory right to appeal for, if the Florida court decides not to dismiss Uniweld's appeal, Alltrade could assert its claims in that forum.[FN10]

FN10. Although Alltrade might feel that being forced to bring its appeal in Florida flouts the purpose of 1071, such a conclusion presupposes that section 1071 enables only losing parties to appeal. That, of course, is the question: For if Uniweld's reading is correct, allowing *it* to choose the forum does no violence to the statute.

One further point should be noted. In arguing that it should have a right to appeal the Board's decision, Uniweld claims that inability to appeal unfavorable rulings might have an effect on subsequent litigation *via* collateral estoppel. For instance, in this case, Uniweld suggests that the Board's finding on actual confusion and on product quality might estop it from making the claim in its infringement action.

We find this argument without merit and emphasize that it is not one of the grounds of our decision. Uniweld simply has overlooked a critical fact: Findings that are immaterial to a decision, *especially if they cannot be appealed,* are devoid of preclusive legal effect. *See, e.g., Partmar Corp. v. Paramount Pictures Theatres,* 347 U.S. 89,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

946 F.2d 622                                                                                   Page 7
946 F.2d 622, 20 U.S.P.Q.2d 1698
**(Cite as: 946 F.2d 622)**

99 n. 6, 74 S.Ct. 414, 420 n. 6, 98 L.Ed. 532 (1954) (noting that "[i]t is only when a finding of law or fact is not necessary for a decree that the prevailing party may not appeal and the finding does not form the basis for collateral estoppel"); *Restatement, Judgments, § 68* ("Where a party to a judgment cannot obtain the decision of an appellate court because the matter determined against him is immaterial or moot, the judgment is not conclusive against him in a subsequent action on a different cause of action.").

b.

[4] Appellant further argues that, even assuming these requirements have been met, equitable concerns militate against application of the rule in this case. In particular, Alltrade alleges that Uniweld filed its action with knowledge and in anticipation of appellant's own suit. As evidence of appellee's bad faith, appellant points to the fact that Uniweld requested release of the original Board record to file it with the Florida district court. Alltrade points out that Uniweld then hastily brought portions of the confidential business documents into the public record in violation of the Board's protective order. Alltrade asserts that these actions were undertaken in order to present the courts with a *fait accompli*, in the hope of fortifying Uniweld's first-to-file claim.FN11

FN11. In *Alltrade, Inc. v. Uniweld Products, Inc.,* No. 90-6507-CIV-KING, the district court for the Southern District of Florida held that by alleging that Uniweld had placed records in an open court file, Alltrade had stated a cause of action for misappropriation of trade secrets and breach of confidence sufficient to survive a motion to dismiss. The court in which the records were filed subsequently ordered that the records be returned to the board.

In addition, Alltrade argues that California is a more convenient forum than Florida because, heav-

ily present in the former state, its offices, employees, and business records are virtually absent from the latter. Insofar as Uniweld also has significant ties to California, appellant argues that, on balance, it would make sense to overlook the first-to-file rule in this case. As for the presence of an additional party in the Florida action, Alltrade dismisses it both as another one of Uniweld's subterfuges and as essentially irrelevant in light of the insignificance of appellee's claims against Foreign and American.FN12

FN12. Foreign and American has requested that the Florida court stay Uniweld's action against it and sever it from Uniweld's suit against Alltrade.

[5] We recognize that "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel*628 rigid mechanical solution of such problems." *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952); *see also Pacesetter,* 678 F.2d at 95; *Church of Scientology,* 611 F.2d at 750; *Codex Corp. v. Milgo Elect. Corp.,* 553 F.2d 735, 737 (1st Cir.), *cert. denied,*434 U.S. 860, 98 S.Ct. 185, 54 L.Ed.2d 133 (1977). The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, *see Crosley Corp. v. Westinghouse Elec. & Mfg. Co.,* 130 F.2d 474, 476 (3d Cir.), *cert. denied,*317 U.S. 681, 63 S.Ct. 202, 87 L.Ed. 546 (1942); anticipatory suit, and forum shopping, *see Mission Ins. Co. v. Puritan Fashions Corp.,* 706 F.2d 599, 602 n. 3 (5th Cir.1983) ("Anticipatory suits are disfavored because they are aspects of forum-shopping"); *Factors, Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 217, 219 (2d Cir.1978), *cert. denied,*440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *Mattel, Inc. v. Louis Marx & Co.,* 353 F.2d 421, 424 n. 4 (2d Cir.), *cert. dismissed,*384 U.S. 948, 86 S.Ct. 1475, 16 L.Ed.2d 546 (1965).

However, notwithstanding the fact that Alltrade has raised serious questions concerning Uniweld's conduct, it has summoned the wrong precedents and

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

946 F.2d 622
946 F.2d 622, 20 U.S.P.Q.2d 1698
**(Cite as: 946 F.2d 622)**

Page 8

addressed itself to the wrong court. The most basic aspect of the first-to-file rule is that it is discretionary; "an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts." *Kerotest,* 342 U.S. at 183-184, 72 S.Ct. at 221; *see also Pacesetter,* 678 F.2d at 95. The cases cited by appellant are cases in which exceptions to the rule have been allowed; they stand for the proposition that district court judges can, in the exercise of their discretion, dispense with the first-filed principle for reasons of equity.

[6] But it is not an abuse of discretion, and therefore not reversible error, for a district court judge to weigh the facts and conclude that the rule should apply.FN13 The decision and the discretion belong to the district court.

> FN13. Of course, if the issues or parties involved in the two suits were not the same, adherence to the first-to-file rule *would* be reversible error for it would constitute a misapplication of the law. *Cf. Pacesetter,* 678 F.2d at 96.

As for the respective convenience of the two courts, normally [this argument] should be addressed to the court in the first-filed action. Apprehension that the first court would fail to appropriately consider the convenience of the parties and the witnesses should not be a matter for our consideration.

. . . . .

The court in the second-filed action is not required to duplicate this inquiry.

*Pacesetter,* 678 F.2d at 96 (citing *Kerotest,* 342 U.S. at 185, 72 S.Ct. at 222).

Accordingly, neither fairness considerations nor equitable concerns bar the application of the rule to the instant case.

### III. Dismissal, Stay, or Transfer

[7] In the alternative, appellant urges that we reverse the district court's decision to dismiss, rather than stay or transfer, this case. Because Alltrade has

filed a motion to dismiss the Board appeal in the Florida court and to transfer the infringement and anti-dilution claims to California, it believes a stay would be preferable to dismissal pending a decision on its motion.

Although this court has on past occasions affirmed dismissal of second-filed actions, *see, e.g., Pacesetter,* 678 F.2d at 95, we find that the district court erred in this case. As discussed earlier, doubts remain about the propriety of Uniweld's appeal of the Board decision in Florida. While some district courts have ruled that such jurisdictional uncertainty warrants an exception to the first-filed rule, *see, e.g., Jefferson Ward Stores,* 560 F.Supp. at 36; *\*629Creighton Omaha Regional Health Care Corp. v. Lomas & Nettleton Co.,* 486 F.Supp. 392, 397 (D.Neb.1980), at the very least it counsels against outright dismissal.

[8] Indeed, were the Florida district court to dismiss Uniweld's appeal, Alltrade would have to file a new suit in California and would risk encountering statute of limitations problems.FN14 In such cases, where the first-filed action presents a likelihood of dismissal, the second-filed suit should be stayed, rather than dismissed. *See Asset Allocation & Mgt. v. Western Employers Ins.,* 892 F.2d 566, 571 (7th Cir.1989) ("Granted, the statute of limitations problems may not be serious.... But why take chances? It is simpler just to stay the second suit".)FN15 Should the Florida court dismiss the appeal and transfer what remains of the first-filed action, "the stay could be lifted and the actions consolidated." *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24,* 751 F.2d 721, 729 n. 1 (5th Cir.), *cert. denied,*474 U.S. 844, 106 S.Ct. 133, 88 L.Ed.2d 110 (1985). Of course, should the Florida court decide that it has jurisdiction to hear Uniweld's appeal of the Board's decision, "the stay could be lifted and the second-filed action dismissed or transferred." *Id.*FN16

> FN14. The applicable regulation provides that "[t]he time ... for commencing a civil action ... is two months from the date of the decision of the Trademark Trial and

946 F.2d 622
946 F.2d 622, 20 U.S.P.Q.2d 1698
**(Cite as: 946 F.2d 622)**

Page 9

Appeal Board or the Commissioner, as the case may be." 37 C.F.R. § 2.145(d) (1990).

FN15. As the Seventh Circuit remarked, of course, dismissal of the duplicative suit is justified where there is a finding of harassment. *Id.*

FN16. Although the court in *West Gulf* held dismissal to be proper in most cases, it specifically remarked that "[a] stay may, for example, be appropriate to permit the court of first filing to rule on a motion to transfer." *Id.*

## CONCLUSION

The district court's decision to apply the first-to-file rule was not an abuse of discretion. However, in light of the motions to dismiss and to transfer pending in the Florida district court, and of the questions regarding appellee's right to appeal the Board's decision, we reverse the order of dismissal in favor of a stay. This case is remanded for further proceedings consistent with this opinion. Each party shall bear its own costs.

AFFIRMED in part, REVERSED in part, and REMANDED.

C.A.9 (Cal.),1991.
Alltrade, Inc. v. Uniweld Products, Inc.
946 F.2d 622, 20 U.S.P.Q.2d 1698

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.