**Tab 8**



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 253185 (N.D.Cal.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

C
Fabus Corp. v. Asiana Exp. Corp.
N.D.Cal.,2001.
Only the Westlaw citation is currently available.
United States District Court, N.D. California.
FABUS CORPORATION, Youssef Melamed for Melco Fabrics, First Fire & Marine Insurance Co., Ltd., Mozafar Tabibnia for C and M Imports, Inc., D.A. Trading Co., and Dongbu Insurance Co., Ltd., Plaintiff(s),
v.
ASIANA EXPRESS CORPORATION and Hyundai Merchant Marine Co., Ltd., Defendant(s).
No. C-00-3172 PJH.

March 5, 2001.

MEMORANDUM AND ORDER
HAMILTON, J.
*1 Now before the court is the motion of defendant and third party plaintiff Asiana Express Corporation ("Asiana") to transfer this case to the United States District Court for the Central District of California, pursuant to 28 U.S.C. section 1404. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion for the following reasons.

BACKGROUND

The present case stems from an alleged failure to deliver cargo consigned under a bill of lading. Plaintiffs are Fabus Corporation ("Fabus"), Youssef Melamed for Melco Fabrics ("Melco"), Mozafar Tabibnia for C and M Imports, Inc. ("C & M"), D.A. Trading Co. ("D.A.") and the insurers of the cargo, Dongbu Insurance Co., Ltd. ("Dongbu") and First Fire & Marine Insurance Co., Ltd. ("First Fire & Marine" and, together with Dongbu, the "Insurers"). Defendants are Asiana and Hyundai Merchant Marine Co., Ltd. ("Hyundai").

Asiana and Hyundai are both companies involved in the shipping of cargo from Korea to the United States. According to the complaint, plaintiffs contracted with Asiana to carry a sealed container, containing rolls of fabric, from Busan, Korea to Los Angeles, California. The container was loaded aboard the M/V Hyundai Discovery in Busan, Korea and discharged at the port of Los Angeles on or about September 4, 1999. On or about September 6 or 7, 1999, while the container was at Asiana's facility in Torrance, California, the container was stolen.

Plaintiffs filed a complaint in this court on September 1, 2000. On January 31, 2001, Asiana filed a third party complaint for indemnity and contribution against its security company, Bulldog Signal Alarm Company, Inc. ("Bulldog"). On that same day, Asiana also filed the present motion to transfer.

DISCUSSION

I. Legal Standard

Title 28 U.S.C. section 1404(a) provides that, for the convenience of the parties, witnesses and in the interests of justice, the court may at its discretion transfer an action to any other venue in which it could originally have been brought. While the analysis conducted under section 1404 is essentially the same as that conducted in a *forum non conveniens* analysis, section 1404(a) vests courts with power to exercise broader discretion to grant transfers upon a lesser showing of inconvenience than is required under the *forum non conveniens* analysis. See *Norwood v. Kirkpatrick,* 349 U.S. 29, 32 (1955). The courts have determined that the court's discretion under section 1404 applies to admiralty cases as well as general civil cases. See *Trans-Asiatic Oil Ltd. v. Apex Oil,* 743 F.2d 956, 959 (1st Cir.1984).

The moving party in a motion to transfer bears the burden of showing that the transfer is appropriate. See *Securities Investor Protection Corp. v. Vigman,* 764 F.2d 1309, 1316-17 (9th Cir.1985), *rev'd in part on other grounds by Holmes v. Securities Investor Protection Corp.,* 503 U.S. 258 (1992). The

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

weight of the burden, however, depends partly on the plaintiff's venue choice. *Id.* The general rule is that the plaintiff's choice of venue is accorded substantial weight. *Id.* Accordingly, transfers generally do not take place unless the convenience and justice factors strongly favor venue elsewhere. *Id.* Nevertheless, while the plaintiff's venue choice is an important consideration in determining whether a motion should be granted, it is not absolute. *See Bryant v. ITT Corp.,* 48 F.Supp.2d 829, 832 (N.D.Ill.1999). The degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff's venue choice is not its residence or where the forum chosen lacks a significant connection to the activities alleged in the complaint. *See, e.g., Chrysler Capital Corp. v. Woehling,* 663 F.Supp. 478, 482 (D.Del.1987) (when the plaintiff chooses a forum which has no connection to himself or the subject matter of the suit, and is thus not his "home turf," the burden on the defendant is reduced and it is easier for the defendant to show that the balance of convenience favors transfer); *Hernandez v. Graebel Van Lines,* 761 F.Supp. 983, 991 (E.D.N.Y.1991)(under circumstances where an accident occurred in a different venue and most of the witnesses were within the proposed transferee district, the plaintiff's choice of forum is not entitled to the same "great weight" that might normally attach).

II. Asiana's Motion for Transfer to a More Convenient Forum

*2 Both parties concede that plaintiffs' present claims originally could have been brought in the United States District Court for the Central District of California ("the Central District"). However, while plaintiffs assert their right to choose this court as the venue for their claims,[FN1] Asiana contends that all the remaining factors, i.e., the convenience of the parties, of witness, and the interests of justice, substantially weigh in favor of venue in the Central District.

> FN1. The court notes that while it has considered the arguments raised by plaintiffs in their opposition papers, plaintiffs filed said papers eight days after they were due. *See* Civil L.R. 7-3(a).

The court agrees with Asiana. First, the witnesses identified are nearly entirely located in the Los Angeles area. Accordingly, a trial venue located in the Central District would certainly be more convenient for the witnesses than a trial venue in San Francisco.

Second, the Central District is a more convenient forum than the Northern District for many of the parties. Both Asiana and third-party defendant Bulldog are located in the Los Angeles area, as well as a majority of the plaintiffs in this case.[FN2] Accordingly, a trial in the Central District would take less time away from work for said parties' employees, some of whom will likely be significant to this litigation. For the two plaintiffs located in Korea, the Northern District cannot be presumed to be more convenient than the Central District. Finally, it is worth noting that the convenience of plaintiffs' counsel, located in the Bay Area, is not a factor to be considered in determining whether the Northern District is a convenient forum. *See Soloman v. Continental American,* 472 F.2d 1043, 1047 (3rd Cir.1973) (the convenience of counsel is generally *not* to be factored into the determination of venue).

> FN2. Although Fabus has an office located in Contra Costa County, its Los Angeles office is listed as its official address in the subject bill of lading.

Third, the interests of justice and efficiency of judicial administration favor the Central District. This court has an interest in preventing the creation of unnecessary litigation expenses; the litigation of this case in the Northern District would nearly certainly be more expensive for defendant, and likely those plaintiffs, located in the Los Angeles area. Further, because this case has a significant connection to the Los Angeles area (e.g., Los Angeles was the delivery site, the alleged theft occurred in Los Angeles, most of the parties are located in the Los Angeles area), the Central District has a much more substantial interest in seeing a resolution of this lit-

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:07-cv-03539-SI   Document 25-9   Filed 10/18/2007   Page 4 of 4

Not Reported in F.Supp.2d                                                                                           Page 3
Not Reported in F.Supp.2d, 2001 WL 253185 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

igation. Finally, as a practical matter, to the extent that visiting the site of the theft becomes relevant, the Central District is much better situated to accommodate such matters.

In fact, the only factor supporting the Northern District as a venue at all is the degree of deference afforded to plaintiffs' venue choice. Given the overwhelming weight of the factors discussed above which favor the Central District, the court finds that even though plaintiffs chose the Northern District to litigate their claims, the convenience of the parties and witnesses and the interests of justice compel the transfer of this case to the Central District.

*3 As a separate matter, with regard to plaintiffs' arguments that Asiana waived its right to transfer this case, the court finds said arguments to be unpersuasive. Specifically, with regard to plaintiffs' argument that the forum selection clause in Asiana's bill of lading constitutes a waiver of its rights to move for a change of venue, the court finds the language in the forum selection clause does not provide any limitation on either party's right to influence the venue, provided that the venue is located in California.

With regard to plaintiffs' second argument that by filing a third party complaint, Asiana waived its right to change the venue, the filing of pleading does not preclude a motion to transfer under section 1404(a) for convenience of parties and witnesses. *See generally Upjohn Co. v. General Accident Ins. Co., 581 F.Supp. 432, 436 (D.D.C.1984).*

### CONCLUSION

Asiana's motion to transfer the present case to the Central District is GRANTED.

The hearing on this motion, previously set for March 7, 2001, is hereby VACATED. *See* Civil L.R. 7-1(b). The clerk is ordered to transfer this file to the United States District Court for the Central District of California.

This order fully adjudicates the motion listed at 12 on the clerk's docket for this case.

IT IS SO ORDERED.

N.D.Cal.,2001.
Fabus Corp. v. Asiana Exp. Corp.
Not Reported in F.Supp.2d, 2001 WL 253185 (N.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.