**Tab 9**



638 N.E.2d 541  Page 1
70 Ohio St.3d 232, 638 N.E.2d 541, 1994-Ohio-229
(Cite as: 70 Ohio St.3d 232, 638 N.E.2d 541)

Supreme Court of Ohio.
GOLDSTEIN et al., Appellants,
v.
CHRISTIANSEN, Judge, et al., Appellees.
No. 94-396.

Submitted July 27, 1994.
Decided Sept. 14, 1994.

Limited partners sued general partners and out-of-state accounting firm that general partners hired to provide services for limited partnerships, and that allegedly concealed general partners' wrongdoing. Firm moved to dismiss for lack of personal jurisdiction. The Court of Common Pleas, Lucas County, denied motion. Firm filed complaint for writ of prohibition. The Court of Appeals dismissed complaint, and firm appealed. The Supreme Court held that assertion of personal jurisdiction was not patently and unambiguously erroneous.

Affirmed.

Douglas, J., concurred in judgment only.

West Headnotes

**[1] Prohibition** 1
314k1 Most Cited Cases
To obtain writ of prohibition, relators must establish that courts or officer against whom writ is sought is about to exercise judicial or quasi-judicial power, that exercise of that power is unauthorized by law, and that denying writ will result in injury for which no other adequate remedy exists in ordinary course of law.

**[2] Prohibition** 3(2)
314k3(2) Most Cited Cases
Absent patent and unambiguous lack of jurisdiction, appeal from decision overruling motion to dismiss for lack of personal jurisdiction will generally provide adequate legal remedy which precludes extraordinary relief through issuance of writ of prohibition. Rules Civ.Proc., Rule 12(B)(2).

**[3] Constitutional Law** 3964
92k3964 Most Cited Cases
  (Formerly 92k305(5))

**[3] Courts** 12(2.1)
106k12(2.1) Most Cited Cases
When determining whether state court has personal jurisdiction over nonresident defendant, court is obligated to determine whether state's "long-arm" statute and applicable civil rule confer personal jurisdiction and, if so, whether granting jurisdiction under statute and rule would deprive defendant of right to due process of law pursuant to Fourteenth Amendment to United States Constitution. U.S.C.A. Const.Amend. 14.

**[4] Prohibition** 3(3)
314k3(3) Most Cited Cases
Trial court was not patently and unambiguously erroneous in asserting personal jurisdiction over Florida accounting firm that provided services to Ohio limited partnerships, for purposes of limited partners' action against accounting firm for, inter alia, concealing general partners' wrongdoing, and, thus, availability of appeal was adequate legal remedy that precluded prohibition relief; firm "transacted business" in Ohio by allegedly disseminating misleading financial information to Ohio investors as part of purported active participation in general partners' misconduct, and Ohio court possessed strong interest in settling dispute since large number of investors lived in Ohio. R.C. § 2307.382(A)(1); Rules Civ.Proc., Rule 4.3(A)(1).

**[5] Partnership** 366
289k366 Most Cited Cases
In limited partnership, general partner owes fiduciary duty to limited partners, and professional relationship established with one fiduciary, e.g., general partner, extends to those in privity, e.g., limited partner, regarding matters to which fiduciary duty relates.

**[6] Prohibition** 11

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

314k11 Most Cited Cases
Where personal jurisdiction turns upon some fact to be determined by trial court, its ruling that it has jurisdiction, if wrong, is simply error for which prohibition is not proper remedy.

**541 On April 8, 1993, intervening appellees, eight limited partners, filed a complaint on behalf of ten limited partnerships in the Lucas**542 County Court of Common Pleas against four general partners, various general and limited partnerships, and relators-appellants, Donald J. Goldstein, C.P.A., and Goldstein, Lewin & Co. *Tussing v. Powell,* Lucas C.P. No. 93-0987. The limited partners, four of whom *233 are Ohio residents, are investors in the limited partnerships, which own and operate bowling alleys in Florida, Texas and Louisiana. Two of the ten limited partnerships were created in Ohio, although they own and operate bowling alleys in Florida.

The complaint in *Tussing v. Powell* alleged that the four general partners, both individually and through various business entities, regularly solicited the plaintiff limited partners and other Ohio residents to invest in the limited partnerships, received funds from Ohio investors, regularly disseminated financial information to Ohio investors, held partnership meetings in Ohio, maintained a limited partnership advisory committee in Ohio, and conducted their routine business in Ohio. Two of the four general partners are Lucas County residents and a third is a former Lucas County resident. Ninety of the approximately two hundred and ten investors in the various limited partnerships live in the Toledo, Ohio area. The limited partners essentially claimed that the general partners had engaged in a pattern of self-dealing and conversion of partnership funds for their own purposes without the knowledge and consent of the limited partners.

Relators-appellants, Donald J. Goldstein, C.P.A., a Florida resident, and Goldstein, Lewin & Co., a Florida professional corporation in which Goldstein is a director, officer and key employee, were employed at all pertinent times as the accountants for the limited partnerships. The limited partners alleged that appellants transacted business in Ohio by participating in the Ohio activities of the general partners and by regularly sending financial statements to the plaintiffs and other Ohio investors.

The limited partners claimed that appellants had been guilty of malpractice in their capacity as accountants for the limited partnerships, general partners, and other affiliated business entities by (1) actively participating in the decisions of the general partners on the use of partnership funds, (2) possessing knowledge of the general partners' misconduct, (3) consciously ignoring and failing to disclose the misconduct to the limited partners, (4) preparing and submitting misleading financial statements to the limited partners that concealed the wrongdoing of the general partners, and (5) misrepresenting to the limited partners that they were not aware of any misconduct by the general partners.

On May 25, 1993, appellants filed a Civ.R. 12(B)(2) motion to dismiss themselves from the common pleas court suit on the basis that the Ohio court lacked personal jurisdiction over them. In an affidavit attached to the dismissal motion, appellant Goldstein stated, *inter alia,* that (1) neither appellant had ever maintained a place of business in Ohio, (2) appellants had never contracted to supply services or sell goods to Ohio residents, (3) appellants did not possess any license to act as accountants in Ohio, (4) appellants did not solicit business in Ohio, (5) appellants did not own Ohio property, (6) all accounting services provided by *234 appellants to the limited partnerships were performed in Florida, (7) periodically, appellants mailed certain standard financial information to limited partner investors, a number of whom lived in Ohio, without regard to their places of residence, and (8) the provision of accounting services by appellants did not require filing any documents with the state of Ohio or a physical inspection of Ohio property.

After the plaintiff limited partners filed affidavits in opposition to appellants' dismissal motion, appellants filed an additional affidavit that verified the factual statements included in a reply brief in support of their dismissal motion, including that (1) many of the investors to whom appellants sent financial statements lived in Ohio, (2) all of the assets

of the two Ohio limited partnerships were in Florida, (3) the financial information provided to Ohio residents were copies of reports prepared for the various limited partnerships as a whole, and (4) appellants never purposefully availed themselves of the protection of the Ohio courts.

In a decision filed November 15, 1993, respondent-appellee, Judge Robert G. Christiansen of the Lucas County Court of Common **543 Pleas, overruled appellants' Civ.R. 12(B)(2) dismissal motion. On November 29, 1993, appellants filed a complaint which sought a writ of prohibition to prevent Judge Christiansen from conducting further proceedings in the common pleas court case. Appellants alleged that Judge Christiansen's decision overruling their motion to dismiss for lack of personal jurisdiction was "wrongly decided" and that they possessed no adequate remedy in the ordinary course of law. On January 7, 1994, the Lucas County Court of Appeals *sua sponte* dismissed appellants' complaint for a writ of prohibition on the basis that they had an adequate remedy by way of appeal following trial and judgment in the underlying common pleas court case.

This cause is now before the court upon an appeal as of right.

Schnorf & Schnorf Co., L.P.A. and Barry F. Hudgin, Toledo, for appellants.

Anthony G. Pizza, Lucas County Pros. Atty. and Bertrand L. Puligandla, Asst. Pros. Atty., for appellee.

Jones & Scheich, Christopher F. Jones, Richard A. Scheich and Martin B. Morrissey, Toledo, Polese, Hiner & Nolan, Edwin A. Hiner, Patricia E. Nolan and Lynn M. Allen, Phoenix, AZ, for intervening appellees Denton Tussing, et al.

PER CURIAM.

[1] Appellants assert in their first, third, fourth, and fifth propositions of law that the court of appeals erred in denying their request for a writ of prohibition where the common pleas court lacked personal jurisdiction over them. In order to obtain a writ of prohibition, relators must establish (1) that the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3) *235 that denying a writ will result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Koren v. Grogan* (1994), 68 Ohio St.3d 590, 629 N.E.2d 446. Since the parties agree that the first part of the foregoing test is satisfied here, *i.e.*, Judge Christiansen is about to exercise judicial authority over appellants by allowing the common pleas court case to proceed, at issue are whether Judge Christiansen's actions are unauthorized and an adequate legal remedy exists.

[2] The court of appeals determined that appellants were not entitled to a writ of prohibition because they "have available to them the adequate legal remedy of appeal." Absent a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of a case possesses authority to determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction. *State ex rel. Bradford v. Trumbull Cty. Court* (1992), 64 Ohio St.3d 502, 597 N.E.2d 116; *State ex rel. Pearson v. Moore* (1990), 48 Ohio St.3d 37, 548 N.E.2d 945. Similarly, the court has applied the same standard to issues of personal jurisdiction. *State ex rel. Ruessman v. Flanagan* (1992), 65 Ohio St.3d 464, 605 N.E.2d 31. Therefore, absent a patent and unambiguous lack of jurisdiction, appeal from a decision overruling a Civ.R. 12(B)(2) motion to dismiss based upon lack of personal jurisdiction will generally provide an adequate legal remedy which precludes extraordinary relief through the issuance of a writ of prohibition. *Id.;* see, also, *State ex rel. Smith v. Avellone* (1987), 31 Ohio St.3d 6, 31 OBR 5, 508 N.E.2d 162. Consequently, in determining if the court of appeals' judgment was erroneous, the dispositive issue is whether the court of common pleas patently and unambiguously lacked personal jurisdiction over appellants.

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

[3] When determining whether a state court has personal jurisdiction over a nonresident defendant, the court is obligated to (1) determine whether the state's "long-arm" statute and the applicable Civil Rule confer personal jurisdiction, and if so, (2) whether granting jurisdiction under the statute and rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution. _U.S. Sprint Communications Co., Ltd. Partnership v. Mr. K's Foods, Inc. (1994), 68 Ohio St.3d 181, 183-184, 624 N.E.2d 1048, 1051_. Judge Christiansen concluded that the common pleas court had _in_ **544 _personam_ jurisdiction over appellants because they had transacted business in Ohio and the assertion of personal jurisdiction comported with the Due Process Clause.

[4] The complementary provisions of Ohio's "long-arm" statute, _R.C. 2307.382(A)(1)_ and _Civ.R. 4.3(A)(1)_, authorize a court to exercise personal jurisdiction over a nonresident defendant and provides for service of process to effectuate that jurisdiction when the cause of action arises from the nonresident defendant's *236 "[t]ransacting any business in this state [.]" Because the [t]ransacting any business" phrase is so broad, the statute and rule have engendered cases which have been resolved on " 'highly particularized fact situations, thus rendering any generalization unwarranted.' " _U.S. Sprint, supra, 68 Ohio St.3d at 185, 624 N.E.2d at 1052_, quoting _22 Ohio Jurisprudence 3d (1980) 430, Courts and Judges, Section 280_; see, also, _Wayne Cty. Bur. of Support v. Wolfe (1991), 71 Ohio App.3d 765, 769, 595 N.E.2d 421, 424_ ("test for minimum contacts is not susceptible to mechanical application; rather, the facts of each case must be weighed to determine whether the requisite affiliating circumstances are present").

The term "transact" as utilized in the phrase "[t]ransacting any business" encompasses " 'to carry on business' " and " 'to have dealings,' " and is " 'broader * * * than the word "contract" '." (Emphasis deleted.) _Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc. (1990), 53 Ohio St.3d 73, 75, 559 N.E.2d 477, 480_. It has been noted that in professional malpractice suits, in the absence of physical contact with the forum state, the defendant professional has almost always been found not to be transacting business under long-arm provisions. 1 Casad, Jurisdiction in Civil Actions (2 Ed.1991) 4-43 to 4-44, Section 4.02[1][a]. Nevertheless, it has been held that personal jurisdiction does not require physical presence in the forum state. _Kentucky Oaks Mall, supra;_ see, also, _Ucker v. Taylor (1991), 72 Ohio App.3d 777, 596 N.E.2d 507_.

In the underlying common pleas court case, it appears that Judge Christiansen did not hold an evidentiary hearing on appellants' _Civ.R. 12(B)(2)_ dismissal motion. Accordingly, he was required to view allegations in the pleadings and the documentary evidence in a light most favorable to the plaintiffs, resolving all reasonable competing inferences in their favor. See, generally, 1 Klein, Browne & Murtaugh, Baldwin's Ohio Civil Practice (1988) 57, Section T 3.04(G)(1); McCormac, Ohio Civil Rules Practice (2 Ed.1992) 145-146, Section 6.17; _Giachetti v. Holmes (1984), 14 Ohio App.3d 306, 14 OBR 371, 471 N.E.2d 165_. The allegations included that appellants actively participated in the general partners' decisions on the use of partnership funds, prepared and submitted misleading financial statements to the limited partners by mailing these statements to Ohio, and misrepresented to the limited partners that they were not aware of any misconduct by the general partners. Additionally, a substantial plurality of the limited partners/investors to whom appellants had a duty to mail financial statements, _i.e.,_ ninety out of two hundred and ten, resided in the Toledo area.

[5] Although appellants contend that they only owed a duty to the partnerships and not the individual limited partners, a partnership is an aggregate of individuals and does not constitute a separate legal entity. _Arpadi v. First MSP Corp. (1994), 68 Ohio St.3d 453, 628 N.E.2d 1335_, paragraph one of the syllabus. In a *237 limited partnership, the general partner owes a fiduciary duty to the limited partners, and a professional relationship established with one fiduciary, _e.g.,_ a general partner, extends

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

to those in privity, *e.g.,* a limited partner, regarding matters to which the fiduciary duty relates. *Id.* at paragraphs two and three of the syllabus. Therefore, appellants owed a fiduciary duty to the Ohio limited partners.

By engaging in a contractual relationship with limited partnerships of which half of the general partners resided in Ohio and obligating themselves to provide financial statements to limited partners, with a plurality residing in Ohio, it is not patent and unambiguous that the common pleas court lacked *in personam* jurisdiction over them. The alleged dissemination of misleading financial information to Ohio investors as part of appellants' purported active participation in the **545 general partners' misconduct supports Judge Christiansen's finding that appellants transacted business in Ohio.

Under the second step of the personal jurisdiction analysis, a state court may assert personal jurisdiction over a nonresident defendant if the nonresident possesses certain minimum contacts with the state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Internatl. Shoe Co. v. Washington (1945), 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95;* *U.S. Sprint, supra.* The constitutional touchstone is whether the nonresident defendant purposefully established "minimum contacts" in the forum state; purposeful establishment exists where, *inter alia,* the defendant has created continuing obligations between himself and residents of the forum. *Burger King Corp. v. Rudzewicz (1985), 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528;* *Kentucky Oaks Mall, supra.* Here, as Judge Christiansen noted in his decision overruling appellants' Civ.R. 12(B)(2) motion, the evidence included appellants' continuing duties to provide the limited partners, a substantial number of whom reside in Ohio, with financial information concerning the limited partnerships.

Further, the Ohio court possesses a strong interest in settling the dispute, since a large number of the investors live in the Toledo area, half of the general partners also reside in the Toledo area, Ohio residents had been allegedly regularly solicited for money, and two of the limited partnerships were created in Ohio. Additionally, requiring appellants to litigate this case in Ohio places no excessive burden on them because modern transportation and communications have made it much less burdensome for a party sued to defend himself in a state where he engages in economic activity. *Burger King, supra; U.S. Sprint, supra.*

Appellants rely, *inter alia,* on *State ex rel. Connor v. McGough (1989), 46 Ohio St.3d 188, 546 N.E.2d 407,* and *State ex rel. Stone v. Court (1984), 14 Ohio St.3d 32, 14 OBR 333, 470 N.E.2d 899,* in support of their argument on appeal. In *State ex rel. Connor,* we granted a writ of prohibition restraining an Ohio court *238 judge from exercising personal jurisdiction over a German resident in an Ohio wrongful death action because personal jurisdiction was "so totally lacking," where the nonresident defendant had no known contacts with Ohio. 46 Ohio St.3d at 190-191, 546 N.E.2d at 410. In *State ex rel. Stone,* we affirmed the allowance of a writ of prohibition to prevent an Ohio court's exercise of personal jurisdiction over a Texas resident in a paternity action, where the birth and conception of the child occurred in Alabama. Conversely, under the evidence before Judge Christiansen on this case, personal jurisdiction over appellants was not patently and unambiguously lacking.

[6] Indeed, in appellant's brief, they claim that there were "conflicting statements of fact below." Where personal jurisdiction turns upon some fact to be determined by the trial court, its ruling that it has jurisdiction, if wrong, is simply error for which prohibition is not the proper remedy. *State ex rel. Clem Transp., Inc. v. Gaertner (Mo.1985), 688 S.W.2d 367, 368.* Additionally, as set forth previously, any conflicting evidence had to be construed most favorably to the plaintiffs/limited partners in the common pleas court case. See *Giachetti, supra.*
In that Judge Christiansen's assertion of personal jurisdiction over appellants was not patently and unambiguously erroneous, the court of appeals correctly ruled that the availability of appeal was an adequate legal remedy which precluded prohibition

relief. *State ex rel. Ruessman, supra.* By so holding, we need not expressly rule on the personal jurisdiction issue since our review is limited to whether personal jurisdiction is *patently and unambiguously lacking. Id.;* see, also, *Canadian Helicopters, Ltd. v. Wittig* (Tex.1994), 876 S.W.2d 304, where the Supreme Court of Texas held similarly in a mandamus action concerning a trial court's holding that it possessed personal jurisdiction over a nonresident defendant. Therefore, appellants' first, third, fourth, and fifth propositions are meritless. [FN1]

> FN1. Since appellants arguably transacted business in Ohio pursuant to Ohio's long-arm statute and rule, appellants' fifth proposition of law, which asserts that the "tortious injury" provision of the long-arm statute and rule did not apply, is moot. Additionally, we note that Judge Christiansen's claim that the General Assembly intended the long-arm statute "to give Ohio courts jurisdiction to the limits of the Due Process Clause" is erroneous, since that interpretation would render the first part of the court's two-part analysis nugatory. See, *e.g.,* McCormac, Ohio Civil Rules Practice (2 Ed.1992) 49, Section 3.10 ("Ohio has not extended long-arm jurisdiction to the limits of due process"); 4 Harper & Solimine, Anderson's Ohio Civil Practice (Supp.1993) 37, Section 150.33 ("If there was an equivalence, presumably the first part of the test could be redundant."); 1 Casad, *supra,* at 4-8 to 4-9, Section 4.01[1][b]. However, any error in this regard was harmless, since Judge Christiansen still applied the appropriate two-part analysis, and under that analysis, there was no patent and unambiguous lack of jurisdiction.

**546 Appellants' second proposition of law asserts that the court of appeals erred in *sua sponte* dismissing his complaint for a writ of prohibition without allowing for the introduction of evidence and further proceedings as provided by Loc.App.R. 6 *239 of the Lucas County Court of Appeals. Appellants claim that "[t]he presentation of a stipulation of facts would have been in the interest of justice as there were conflicting statements of fact below particularly concerning facts allegedly constituting Goldstein's 'transacting business' in Ohio." However, as noted previously, the resolution of conflicting statements of fact before Judge Christiansen in the underlying case was solely for him to decide, after construing the evidence most favorably to the opponents of appellants' Civ.R. 12(B)(2) motion. An after-the-fact stipulation purportedly "resolving" this conflict would not have been appropriate evidence in the prohibition action. Based upon appellants' complaint and exhibits attached and incorporated therein, they could prove no set of facts entitling them to a writ of prohibition and dismissal was appropriate.

Accordingly, for the foregoing reasons, the judgment of the court of appeals dismissing appellants' complaint for a writ of prohibition is affirmed.

*Judgment affirmed.*

MOYER, C.J., and A. WILLIAM SWEENEY, WRIGHT, FRANCIS E. SWEENEY, Sr. and PFEIFER, JJ., concur.

DOUGLAS, J., concurs in judgment only.

RESNICK, J., not participating.

70 Ohio St.3d 232, 638 N.E.2d 541, 1994-Ohio-229

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.