**Tab 12**

Westlaw.

Not Reported in F.Supp.2d                                                                                          Page 1
Not Reported in F.Supp.2d, 2005 WL 396614 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

C
Hernandez v. Union Pacific R.R. Co.
N.D.Cal.,2005.
Only the Westlaw citation is currently available.
United States District Court,N.D. California.
Vincent HERNANDEZ, Plaintiff(s),
v.
UNION PACIFIC RAILROAD COMPANY;
Nordco, Inc., Defendant(s).
No. C 04-04899 JW.

Feb. 18, 2005.

Larry Lockshin, Esq., Sacramento, CA, for Plaintiff.
John H. Ernster, Marilyn J. Bacon, Phil John Montoya, Jr., Ryan K. Marden, Ernster Law Offices, PC, Pasadena, CA, John D. Feeney, San Francisco, CA, Jonathan A. Ross, Bradley & Gmelich, Glendale, CA, for Defendants.

ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE

I. INTRODUCTION

WARE, J.
*1 This matter is currently before the Court on Defendants' Motion to Transfer Venue to the Central District of California.[FN1] The motion was originally noticed for hearing on February 14, 2005. The Court finds it appropriate, pursuant to Civil L.R. 7-1(b), to take Defendants' Motion under submission, without oral argument, for decision based upon the papers filed by the parties. For the reasons set forth below, the Court GRANTS Defendants' Motion.

> FN1. Defendant Union Pacific initially filed the motion alone, but Defendant Nordco subsequently joined.

II. BACKGROUND

Vincent Hernandez ("Plaintiff") and Javier Partida ("Partida") were employees of Defendant Union Pacific Railroad ("Union Pacific") on May 13, 2003, the date of the incident giving rise to the underlying complaint. (Mot. Transfer at 3.) In Santa Cruz County that day, Plaintiff and Partida were injured while working aboard a track machine that was rear-ended by a spike driver manufactured by Defendant Nordco, Inc. ("Nordco"). (Opp'n to Transfer at 2-3.) Plaintiff and Partida have retained the same attorney to pursue Federal Employers' Liability Act ("FELA") and products liability causes of action against Union Pacific and Nordco (collectively "Defendants"). (Mot. Transfer at 3.)

Partida filed suit first on February 19, 2004 in the Central District of California (Mot. Transfer at 3), where Partida currently resides. (Reply at 8.) That case is scheduled to go to trial on October 11, 2005. (Opp'n to Transfer at 1.) Discovery in that case has already begun (Opp'n to Transfer at 2), but has encountered problems because many of the deponent co-workers who witnessed the incident are frequently preoccupied with work-related travel. (Mot. Transfer at 5.)

Although Plaintiff is a resident of the Central District (Mot. Transfer at 4), and although most of the witnesses are local to the Central District, Plaintiff filed his suit on May 6, 2004 in the Santa Cruz County Superior Court. (Opp'n to Transfer at 2.) Plaintiff has more recently retained two physicians in the Northern District [FN2] (Opp'n to Transfer at 7), but the majority of Plaintiff's treating physicians are located in the Central District. (Reply at 4.) Defendants anticipate calling the Central District physicians as witnesses because their assessments directly contradict those made by Plaintiff's Northern District physicians. (Reply at 5.) There are also four eyewitnesses and management witnesses who reside in the Central District. (Reply at 4.)

> FN2. Plaintiff points out that he has also "contacted" two experts from the Northern District. Even if Plaintiff eventually retains these experts, for reasons given below, their retention does not significantly affect

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:07-cv-03539-SI    Document 25-13    Filed 10/18/2007    Page 3 of 5

Not Reported in F.Supp.2d                                                                                           Page 2
Not Reported in F.Supp.2d, 2005 WL 396614 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

this Court's analysis.

This action has become increasingly complex. In addition to Plaintiff's claims against the Defendants, Defendants have each filed cross-claims against each other, and Nordco has filed a counterclaim against Plaintiff. Defendants removed Plaintiff's suit from Santa Cruz County Superior Court to this Court, which has federal question jurisdiction based on the FELA cause of action. Defendants now seek to transfer venue to the Central District of California, where they will move to consolidate this case with Partida's case. (Mot. Transfer at 8.)

III. STANDARDS

*2 Title 28 U.S.C. § 1404(a) provides that the Court may transfer any civil action to any other district where it might have been brought for the "convenience of the parties and witnesses, in the interest of justice." Section 1404(a) transfers are vested in the sound discretion of the Court. *Decker Coal v. Commonwealth Edison Co.*, 805 F.2d 834, 842-43 (9th Cir.1986). Normally, however, the plaintiff's choice of forum is to be given great weight. *Florens Container v. Cho Yang Shipping*, 245 F.Supp.2d 1086, 1092 (N.D.Cal.2002).

IV. DISCUSSION

FN3. After Union Pacific filed its Reply, Plaintiff filed an objection to allegations contained within that Reply. Plaintiff's objection is unfounded because, contrary to Plaintiff's contention, the Reply addressed only matters raised in Plaintiff's Opposition. In any event, Plaintiff is barred from filing such a paper without prior Court approval under Civil Local Rule 7-3.

A. Convenience of the Parties

In deciding whether to grant a transfer, the Court considers the conveniences to be gained and lost by the parties. 28 U.S.C. § 1404(a). Generally, a plaintiff's choice of forum is afforded substantial weight. *Florens Container*, 245 F.Supp.2d at 1092.

However, this rule is substantially attenuated where the forum selected is not the district of plaintiff's residence or where it lacks a "significant connection" to the activities alleged in the complaint. *Carolina Cas. Co. v. Data Broad. Corp.*, 158 F.Supp.2d 1044, 1048 (N.D.Cal.2001).

Defendants' mere filing of its Motion to Transfer Venue attests to the conveniences that they will gain from a transfer. Upon transfer, both Defendants will be required to appear in only one district. Plaintiff, however, originally chose to bring suit here, near the situs of the accident. This decision is given some deference, *Florens Container*, 245 F.Supp.2d at 1092, but it is not determinative because Plaintiff does not live in the Northern District and because the Northern District has a minimal, rather than a substantial, connection to the activities alleged in Plaintiff's complaint. *Carolina Cas. Co.*, 158 F.Supp.2d at 1048. In particular, the connection is minimal because, although the collision occurred in the Northern District, Plaintiff has not asserted that the jury will be required to view the collision site and, indeed, Union Pacific alleges that the site is non-unique. (Reply at 5.) The Court, therefore, gives some deference to Plaintiff's choice of forum, but must consider the other § 1404(a) factors.

B. Convenience of the Witnesses

Plaintiff argues that transfer will not convenience the witnesses because there is no guarantee that Plaintiff's case will be consolidated with Partida's, and therefore the witnesses will still be required to make multiple appearances.

In weighing the convenience of the witnesses, the Court considers not only the number of witnesses involved, but also the materiality of the expected testimony. *E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F.Supp. 465, 466 (E.D.Cal.1994) (suggesting materiality is a factor by requiring disclosure of anticipated testimonies). The convenience of expert witnesses is given little weight. *Williams v. Bowman*, 157 F.Supp.2d 1103, 1108 (N.D.Cal.2001).

Regardless of whether the Central District ultimately consolidates Plaintiff's suit with Partida's,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 3
Not Reported in F.Supp.2d, 2005 WL 396614 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

transferring this action will significantly convenience the witnesses. Consolidation will remove the need for duplicative trial testimony. However, even if consolidation is denied, a transfer benefits most of the witnesses because they will avoid the expense of traveling to two identical depositions in two distant locations. The number of appearances required of each deponent is of substantial concern to the Court because many of the percipient and management witnesses are unable to make repeated appearances due to their frequent travel schedules. (Mot. Transfer at 8.) By contrast, the expense to Plaintiff's two Northern District physicians in traveling to the Central District is of less importance because the convenience of expert witnesses is given little weight.[FN4] *Williams, 157 F.Supp.2d at 1108* (refusing to give weight to the convenience of an expert witness even where that expert has expressed an intention to not testify if the trial is transferred to another venue).

> FN4. Other reasons exist to not weigh the convenience of these two experts heavily. First, there are several fact and management witnesses who already must testify in the Central District, but Plaintiff has only identified two experts who will be convenienced by a Northern District trial.

*3 Plaintiff argues that any anticipated conveniences to the witnesses are illusory because discovery has already begun in the Partida action, and thus repeat depositions must be taken anyway. Although the depositions of Partida and one Union Pacific supervisor, Mr. Romero, have already been taken, that is an insufficient ground to deny transfer because Partida is local to the Central District and can readily be re-deposed. The one supervisor may be required to make a second appearance,[FN5] but that inconvenience is greatly outweighed by the number of other depositions that have not yet been taken.[FN6]

> FN5. The record is not clear which district is more convenient for this deponent.

> FN6. Plaintiff himself has stated that another supervisor and two co-workers must still be deposed because they could not attend the originally scheduled deposition due to "work duties." (Opp'n to Transfer at 2 n. 1.) Their inability to attend because of prior obligations is precisely the reason why the Court hesitates in keeping the case.

C. Interest of Justice

The most compelling reason to transfer this case is based on the interests of justice, which will be greatly benefitted by the consolidation of Plaintiff's suit with Partida's. 28 U.S.C. § 1404(a). The "interest of justice" prong of § 1404(a) covers more than just the quest for a fair trial. Where two actions involve common issues of law and fact, the "interest of justice" considers the feasibility of their consolidation so that inconsistent verdicts are avoided. *A.J. Industries, Inc. v. United States Dist. Ct., 503 F.2d 384, 389 (9th Cir.1974)*. Similarly, judicial economy and the prevention of duplicative litigation are also taken into account. *E. & J. Gallo Winery, 899 F.Supp. at 466*.

Transfer of this suit is proper because consolidation is feasible. *A.J. Industries, Inc., 503 F.2d at 389* (stating "feasibility of consolidation is a significant factor in a transfer decision"). Plaintiff contends that his case and Partida's do not involve similar issues of fact and law because the two of them sustained different injuries. Both suits, however, arise out of the same collision and both complaints recite verbatim the same allegations. Thus, consolidation is feasible.[FN7]

> FN7. Plaintiff also urges that consolidation is not feasible because Partida's litigation is further underway. Because this headstart is negligible compared to the time remaining until Partida's mid-October trial date, sufficient time remains for Plaintiff to bring his case up to speed. Moreover, consolidation will expedite Plaintiff's preparation by excising duplicative work. The sharing of depositions already conducted

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

will be particularly easy since both plaintiffs are represented by the same attorney.

Moreover, consolidation will serve the interest of justice by removing the possibility of inconsistent verdicts, a concern that is particularly troublesome in this case because of the numerous cross-claims. The possibility of inconsistent verdicts increases dramatically with the number of claims involved. Eliminating the duplicative nature of these suits will not only ensure consistent verdicts and serve the goal of judicial economy, but it will also guarantee that Plaintiff and Partida will have consistently fair trials.

## V. CONCLUSION

Based on the foregoing, the Court GRANTS the motion to transfer venue to the Central District of California.

N.D.Cal.,2005.
Hernandez v. Union Pacific R.R. Co.
Not Reported in F.Supp.2d, 2005 WL 396614 (N.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.