**Tab 14**

Westlaw.

211 F.3d 495 Page 1
211 F.3d 495, 00 Cal. Daily Op. Serv. 3453, 2000 Daily Journal D.A.R. 4691
**(Cite as: 211 F.3d 495)**

▷
Jones v. GNC Franchising, Inc.
C.A.9 (Cal.),2000.

United States Court of Appeals,Ninth Circuit.
Charles B. JONES, Plaintiff-Appellee,
v.
GNC FRANCHISING, INC., a Pennsylvania Corporation; and Does 1 through 50, Defendant-Appellant.
**No. 99-55633.**

Argued and Submitted March 13, 2000
Filed May 3, 2000

Following removal of franchisee's suit against franchisor, franchisor moved to either dismiss or transfer venue pursuant to forum selection clause, or to transfer of venue for the convenience of the parties and witnesses, in the interests of justice. Motions were denied by the United States District Court for the Central District of California, Dickran M. Tevrizian, Jr., J., and permission was granted. The Court of Appeals, Politz, Circuit Judge, held that: (1) California statute expressed a strong public policy to protect California franchisees from the expense, inconvenience, and possible prejudice of litigating in a non-California venue, precluding enforcement of forum selection clause requiring litigation in Pennsylvania, and (2) trial court did not abuse its discretion in denying the motion to transfer venue to Pennsylvania for the convenience of the parties and witnesses.

Affirmed.
West Headnotes
**[1] Federal Courts 170B €═>412.1**

170B Federal Courts
　　170BVI State Laws as Rules of Decision
　　　　170BVI(C) Application to Particular Matters
　　　　　　170Bk412 Contracts; Sales
　　　　　　　　170Bk412.1 k. In General. Most Cited Cases
In diversity cases, federal law governs the analysis of the effect and scope of forum selection clauses.

**[2] Contracts 95 €═>127(4)**

95 Contracts
　　95I Requisites and Validity
　　　　95I(F) Legality of Object and of Consideration
　　　　　　95k127 Ousting Jurisdiction or Limiting Powers of Court
　　　　　　　　95k127(4) k. Agreement as to Place of Bringing Suit; Forum Selection Clauses. Most Cited Cases
California statute voiding any clause in a franchise agreement limiting venue to a non-California forum for claims arising under or relating to a franchise located in California expresses a strong public policy of the State of California to protect California franchisees from the expense, inconvenience, and possible prejudice of litigating in a non-California venue, precluding enforcement under federal law of forum selection clause requiring litigation in Pennsylvania, which was franchisor's principal place of business. West's Ann.Cal.Bus. & Prof.Code § 20040.5.

**[3] Federal Courts 170B €═>819**

170B Federal Courts
　　170BVIII Courts of Appeals
　　　　170BVIII(K) Scope, Standards, and Extent
　　　　　　170BVIII(K)4 Discretion of Lower Court
　　　　　　　　170Bk819 k. Change of Venue; Disqualifying Judge; Continuance. Most Cited Cases
Order denying motion to transfer venue for the convenience of the parties and witnesses, in the interests of justice, was reviewable for abuse of discretion. 28 U.S.C.A. § 1404(a).

**[4] Federal Courts 170B €═>101**

170B Federal Courts
　　170BII Venue
　　　　170BII(B) Change of Venue
　　　　　　170BII(B)1 In General; Venue Laid in Proper Forum
　　　　　　　　170Bk101 k. In General; Convenience and Interest of Justice. Most Cited Cases

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:07-cv-03539-SI    Document 25-15    Filed 10/18/2007    Page 3 of 7

211 F.3d 495                                                                 Page 2
211 F.3d 495, 00 Cal. Daily Op. Serv. 3453, 2000 Daily Journal D.A.R. 4691
**(Cite as: 211 F.3d 495)**

**Federal Courts 170B ⚖═►104**

170B Federal Courts
    170BII Venue
        170BII(B) Change of Venue
            170BII(B)1 In General; Venue Laid in Proper Forum
                170Bk104 k. Matters Considered. Most Cited Cases

**Federal Courts 170B ⚖═►105**

170B Federal Courts
    170BII Venue
        170BII(B) Change of Venue
            170BII(B)1 In General; Venue Laid in Proper Forum
                170Bk105 k. Plaintiff's Choice of Forum; Forum Shopping. Most Cited Cases

Motions for transfer of venue for the convenience of the parties and witnesses, in the interests of justice, require individualized weighing of multiple factors, including: the location where the relevant agreements were negotiated and executed, the state that is most familiar with the governing law, plaintiff's choice of forum, the respective parties' contacts with the forum, the contacts relating to the plaintiff's cause of action in the chosen forum, differences in the costs of litigation in the two forums, availability of compulsory process to compel attendance of unwilling non-party witnesses, the ease of access to sources of proof, presence of a forum selection clause, and the relevant public policy, if any, of the forum state. 28 U.S.C.A. § 1404(a).

**[5] Federal Courts 170B ⚖═►109**

170B Federal Courts
    170BII Venue
        170BII(B) Change of Venue
            170BII(B)1 In General; Venue Laid in Proper Forum
                170Bk106 Determination in Particular Transferable Actions
                      170Bk109 k. Contracts; Insurance; Sales. Most Cited Cases

In suit by California franchisee against Pennsylvania franchisor, the trial court did not abuse its discretion in denying the motion to transfer venue to Pennsylvania for the convenience of the parties and witnesses, in the interests of justice, though forum selection clause designated Pennsylvania as the exclusive forum, where the vast majority of the other agreements underlying franchisee's claims were negotiated and executed in California, franchisee's choice of California as the forum was supported by California's strong public policy to provide a protective local forum for local franchisees, claims arose out of the construction and initial operation of a store located in California, the court concluded that the relative financial burdens of litigating in each of the forums favored California, and more of the relevant witnesses and other sources of proof were located in California. 28 U.S.C.A. § 1404(a).

*496 Philip A. Kramer,Michael A. Cabotaje, Kramer & Kaslow, Los Angeles, California, for the plaintiff-appellee.

Jonathan Solish, Law Offices of Garrett J. Zelen, Los Angeles, California, and Howard A. Kroll, Preston Gates & Ellis, Los Angeles, California, for the defendant-appellant.

Appeal from the United States District Court for the Central District of California.

Before: POLITZ,[FN1]REINHARDT, and HAWKINS, Circuit Judges.

> FN1. Honorable Henry A. Politz, Senior United States Circuit Judge for the Fifth Circuit Court of Appeals, sitting by designation.

POLITZ, Circuit Judge:
GNC Franchising, Inc., challenges the district court's refusal to enforce a forum selection clause in its franchise agreement with Charles B. Jones. The company contends that the court erred in denying its motion to either dismiss or transfer venue under 28 U.S.C. §§ 1404 and 1406. For the reasons assigned, we affirm.

GNC, a subsidiary of General Nutrition Companies,

Case 3:07-cv-03539-SI   Document 25-15   Filed 10/18/2007   Page 4 of 7

211 F.3d 495                                                                                              Page 3
211 F.3d 495, 00 Cal. Daily Op. Serv. 3453, 2000 Daily Journal D.A.R. 4691
**(Cite as: 211 F.3d 495)**

Inc., is franchisor of General Nutrition Stores throughout the United States. The company's principal place of business is Pittsburgh, Pennsylvania. Jones is the franchisee of a GNC store in LaVerne, California.

In January 1995 and August 1996, the parties entered into written agreements, including an Option Agreement and a Franchise Agreement, for Jones' store. Each agreement contains a choice of law clause requiring that it be "interpreted and construed under the laws of the Commonwealth of Pennsylvania, which laws shall prevail in the event of any conflict of law." Both agreements also contain a forum selection clause providing that any action instituted by a franchisee against GNC "in any court, whether federal or state, shall be brought only within the Commonwealth of Pennsylvania in the judicial district in which Franchisor has its principal place of business; and the parties waive all questions of personal jurisdiction or venue for the purpose of carrying out this provision."

A dispute about the agreements arose and Jones filed suit in California state court alleging multiple causes of action.[FN2] GNC timely removed the litigation to federal court, invoking diversity jurisdiction.[FN3] The company subsequently moved to either dismiss or transfer venue to the Western District of Pennsylvania, citing 28 U.S.C. § 1406(a).[FN4] Alternatively, GNC *497 sought a transfer of venue under 28 U.S.C. § 1404(a).[FN5]

> FN2. Jones' claims include: (1) breach of written contract, (2) negligence, (3) breach of the covenant of good faith and fair dealing, (4) selling franchises by means of untrue or misleading statements, (5) intentional misrepresentation of fact, (6) negligent misrepresentation of fact, and (7) intentional interference with contractual relations.
>
> FN3. The district court *sua sponte* remanded the action to state court based upon lack of diversity jurisdiction after GNC's initial removal attempt. Upon GNC's second attempt at removal, the court determined that it had diversity jurisdiction.
>
> FN4. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).
>
> FN5. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

After considering the motions and Jones' response, the district court denied the motion to dismiss or transfer under § 1406(a), concluding that the forum selection clause was unenforceable because it contravened California's strong public policy against such provisions. The court also denied the motion to transfer under § 1404(a) after weighing the relevant factors under the requisite "interest of justice" analysis.

GNC petitioned for permission to appeal the district court's decision, citing 28 U.S.C. § 1292(b) and Federal Rule of Appellate Procedure 5. Permission was granted.

### I. Enforcement of the Forum Selection Clause under § 1406

[1] In diversity cases, federal law governs the analysis of the effect and scope of forum selection clauses.[FN6] We have held that the rule set forth by the Supreme Court in *M/S Bremen v. Zapata Off-Shore Co.*[FN7] controls the consideration of a motion to dismiss for improper venue based upon a forum selection clause.[FN8]

> FN6. *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir.1988)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:07-cv-03539-SI    Document 25-15    Filed 10/18/2007    Page 5 of 7

211 F.3d 495                                                                                                                Page 4
211 F.3d 495, 00 Cal. Daily Op. Serv. 3453, 2000 Daily Journal D.A.R. 4691
**(Cite as: 211 F.3d 495)**

FN7. 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).

FN8. *Manetti-Farrow*, 858 F.2d at 513.

In *Bremen*, the Supreme Court held that a forum selection clause is presumptively valid and should not be set aside unless the party challenging the clause "clearly show[s] that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching."[FN9] The court added, however, that a contractual forum selection clause is "unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision."[FN10] Moreover, even though a clause is the product of a full and free bargaining process, and contravenes no public policy of the forum, it "may nevertheless be 'unreasonable' and unenforceable if the chosen forum is seriously inconvenient for the trial of the action."[FN11] The party challenging the forum selection clause bears a "heavy burden" of establishing the existence of one of the aforementioned grounds for rejecting its enforcement.[FN12]

FN9. 407 U.S. at 15, 92 S.Ct. 1907.

FN10. *Id.*

FN11. *Id.* at 16, 92 S.Ct. 1907. "In such circumstances it should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Id.* at 18, 92 S.Ct. 1907.

FN12. *Fireman's Fund Ins. Co. v. M.V. DSR Atlantic,* 131 F.3d 1336, 1338 (9th Cir.), *cert. denied,* 525 U.S. 921, 119 S.Ct. 275, 142 L.Ed.2d 227 (1998).

[2] The district court declined to enforce the parties' contractual forum selection clause, concluding that it contravened California's strong public policy against enforcing such clauses in franchise agreements, as expressed in § 20040.5 of the California Business and Professions Code. Section 20040.5 provides that "[a] provision in a franchise agreement restricting venue to a forum outside this state is void with respect to any claim arising under or relating to a franchise agreement involving a franchise business operating within this state."[FN13] The forum selection clause at bar would restrict venue to Pennsylvania courts. It is apparent that § 20040.5 is *498 intended to void this clause with respect to any claim arising under or relating to the agreement involving the franchise located in LaVerne, California. GNC, however, contends that the district court erred in concluding that the California statute embodies a strong public policy interest precluding enforcement of the clause under federal law.

FN13. CAL. BUS. & PROF. CODE § 20040.5 (West 1997).

We find this contention to be without merit. *Bremen* teaches that a strong public policy may be "declared by statute."[FN14] By voiding any clause in a franchise agreement limiting venue to a non-California forum for claims arising under or relating to a franchise located in the state, § 20040.5 ensures that California franchisees may litigate disputes regarding their franchise agreement in California courts.[FN15] We conclude and hold that § 20040.5 expresses a strong public policy of the State of California to protect California franchisees from the expense, inconvenience, and possible prejudice of litigating in a non-California venue. A provision, therefore, that requires a California franchisee to resolve claims related to the franchise agreement in a non-California court directly contravenes this strong public policy and is unenforceable under the directives of *Bremen*. Accordingly, we affirm the district court's order denying GNC's motion to dismiss or transfer the action under § 1406(a).

FN14. *Bremen*, 407 U.S. at 15, 92 S.Ct. 1907.

FN15. The legislative history of § 20040.5

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

provides further evidence that the statutory prohibition against such forum selection clauses reflects a strong state public policy interest. The author of the bill that became § 20040.5 stated that the bill's purpose was "to ensure that California franchisees are not unfairly forced to litigate claims arising out of their franchise agreement in an out-of-state court at considerable expense, inconvenience, and possible prejudice to the California franchisee." Report to Senate Judiciary Committee, 1993-94 Regular Session, AB 1920 (Peace), at 1. The author was motivated by the concern that

[m]any franchise contracts contain clauses that require a civil action or proceeding arising under or relating to a franchise agreement to be commenced in a designated out-of-state venue, which is usually the state of the franchisor's headquarters. Few franchisees can easily afford to defend or prosecute their actions in another state. The author of AB 1920 contends that these contractual provisions put the California franchisee at a great disadvantage in pursuing meritorious actions against a franchisor. Moreover ... these provisions are usually part of the standard contract which the franchisee is offered on a "take-it or leave-it" basis. In the absence of arms length negotiations and equal bargaining position, such terms are usually unconscionable. The author asserts that it is in the state's interest and powers to void such contractual terms to protect its residents.

*Id.* at 2, 92 S.Ct. 1907.

**II. Transfer of Venue under § 1404(a)**

[3] GNC also claims error in the district court's denial of its motion to transfer venue to the Western District of Pennsylvania under the provisions of § 1404(a). We review that order for abuse of discretion.[FN16]

FN16. *Lou v. Belzberg*, 834 F.2d 730, 734 (9th Cir.1987), *cert. denied*, 485 U.S. 993, 108 S.Ct. 1302, 99 L.Ed.2d 512 (1988).

[4] Under § 1404(a), the district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"[FN17] A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case.[FN18] For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the *499 costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.[FN19] Additionally, the presence of a forum selection clause is a "significant factor" in the court's § 1404(a) analysis.[FN20] We also conclude that the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing.[FN21]

FN17. *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (citation omitted).

FN18. *Id.*

FN19. *See, e.g., Stewart,* 487 U.S. at 29-31, 108 S.Ct. 2239; *Lou,* 834 F.2d at 739.

FN20. *Stewart,* 487 U.S. at 29, 108 S.Ct. 2239 (holding that § 1404(a) governed a forum non conveniens motion to transfer based upon a forum selection clause despite the current forum's public policy that "may refuse to enforce" such provisions). A forum selection clause, however, is not dispositive. *Id.* at 31, 108 S.Ct. 2239.

FN21. Although the majority opinion in *Stewart* did not expressly state that the law

Case 3:07-cv-03539-SI   Document 25-15   Filed 10/18/2007   Page 7 of 7

211 F.3d 495                                                                                                 Page 6
211 F.3d 495, 00 Cal. Daily Op. Serv. 3453, 2000 Daily Journal D.A.R. 4691
**(Cite as: 211 F.3d 495)**

of the forum is a relevant factor for consideration under § 1404(a), the Court noted that the district court must weigh "those public-interest factors of systemic integrity and fairness that ... come under the heading of 'the interest of justice.' " *Id.* at 30, 108 S.Ct. 2239. In a concurring opinion, Justice Kennedy and Justice O'Connor recognized that "state policies should be weighed in the balance." *Id.* at 33, 108 S.Ct. 2239. We conclude that the public policy of the forum is not dispositive in a § 1404(a) determination but, rather, it is another factor that should be weighed in the court's § 1404(a) "interest of justice" analysis.

[5] The district court weighed each of the aforementioned factors and concluded that GNC failed to meet its burden of showing that Pennsylvania was the more appropriate forum for the action.FN22 Although the forum selection clause designates Pennsylvania as the exclusive forum, the court determined that other factors "clearly" demonstrated that California was more appropriate. For example, the court found that the vast majority of the other agreements underlying Jones' claims were negotiated and executed in California. The court noted that Jones chose California as the forum for his lawsuit, and his choice is supported by California's strong public policy to provide a protective local forum for local franchisees. The court further found that the extent of the parties' contacts with Pennsylvania and California clearly favored California, and that Jones' claims arose out of the construction and initial operation of the store located in LaVerne, California. The court also concluded that the relative financial burdens of litigating in each of the forums favored California. Finally, the court noted that more of the relevant witnesses and other sources of proof were located in California. Review of the relevant law and record on appeal persuades us that the trial court did not abuse its discretion in denying the motion to transfer venue under § 1404(a).

   FN22. Under the doctrine of forum non conveniens, GNC bears the burden of proving that an adequate alternative forum exists. *Cheng v. Boeing Co.,* 708 F.2d 1406, 1411 (9th Cir.), *cert. denied,* 464 U.S. 1017, 104 S.Ct. 549, 78 L.Ed.2d 723 (1983).

The judgment appealed is, in all respects, AFFIRMED.

C.A.9 (Cal.),2000.
Jones v. GNC Franchising, Inc.
211 F.3d 495, 00 Cal. Daily Op. Serv. 3453, 2000 Daily Journal D.A.R. 4691

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.