**Tab 17**

Westlaw.

403 F.2d 949                                                                                                  Page 1
403 F.2d 949
(Cite as: 403 F.2d 949)

▷

Pacific Car & Foundry Co. v. Pence,
C.A.Hawaii 1968.

United States Court of Appeals Ninth Circuit.
PACIFIC CAR AND FOUNDRY COMPANY, Petitioner,
v.
Honorable Martin PENCE, United States District Judge, District of Hawaii, and L. C. O'Neil Trucks Pty. Limited, Respondents.
No. 22565.

Nov. 4, 1968.

Petition for writ of mandamus to the United States District Court for the District of Hawaii to compel district judge to dismiss or transfer antitrust action brought against petitioner. The Court of Appeals, Merrill, Circuit Judge, held that in view of facts, that if antitrust action were tried in Hawaii, many witnesses, including several members of defendant Washington corporation's staff, would have to travel to Hawaii in order to give testimony, that documents generally demanded by plaintiff Australian corporation in pretrial motion for production would include a substantial portion of up to 1,000 file drawers of records, that plaintiff's claim of injury had nothing to do with Hawaii, that plaintiff's witnesses and evidentiary materials were almost entirely located elsewhere, and that defendant maintained no office in Hawaii, defendant's motion for change of venue should have been granted.

Writ of mandamus issued.
West Headnotes
[1] Federal Courts 170B €═586

170B Federal Courts
    170BVIII Courts of Appeals
        170BVIII(C) Decisions Reviewable
            170BVIII(C)2 Finality of Determination
                170Bk585 Particular Judgments, Decrees or Orders, Finality
                    170Bk586 k. Transferring Cases; Disqualifying Judges; Convening Three-Judge Courts. Most Cited Cases
                    (Formerly 106k405(12.5))
Orders respecting venue are interlocutory in nature and are not appealable prior to final judgment. 28 U.S.C.A. §§ 1404(a), 1406(a).

[2] Mandamus 250 €═44

250 Mandamus
    250II Subjects and Purposes of Relief
        250II(A) Acts and Proceedings of Courts, Judges, and Judicial Officers
            250k44 k. Change of Venue and Transfer of Causes. Most Cited Cases
Orders entered under statute authorizing transfer of case laying venue in wrong district are not reviewable in mandamus, at least in absence of extraordinary circumstances. 28 U.S.C.A. § 1406(a).

[3] Federal Courts 170B €═528

170B Federal Courts
    170BVIII Courts of Appeals
        170BVIII(A) In General
            170Bk526 Mandamus
                170Bk528 k. Orders Relating to Removal, Transfer or Venue. Most Cited Cases
                (Formerly 106k404)
The court of appeals will review on mandamus clearly erroneous orders entered under statute authorizing transfer of civil action for convenience of parties and witnesses. 28 U.S.C.A. § 1404(a).

[4] Mandamus 250 €═7

250 Mandamus
    250I Nature and Grounds in General
        250k7 k. Discretion as to Grant of Writ. Most Cited Cases
Power to issue writ of mandamus is to be exercised only in sound discretion of court; the exercise of that sound discretion requires weighing of numerous factors, including possible disruption of orderly trial processes as opposed by hardship and loss of rights that may result from delay of review, and saving of expensive and protracted trial that leads

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

403 F.2d 949
403 F.2d 949
(Cite as: 403 F.2d 949)

nowhere but to a complete retrial.

**[5] Mandamus 250 ⟜44**

250 Mandamus
    250II Subjects and Purposes of Relief
        250II(A) Acts and Proceedings of Courts, Judges, and Judicial Officers
            250k44 k. Change of Venue and Transfer of Causes. Most Cited Cases
Order denying motion for change of venue was reviewable by mandamus. 28 U.S.C.A. § 1404(a).

**[6] Antitrust and Trade Regulation 29T ⟜969**

29T Antitrust and Trade Regulation
    29TXVII Antitrust Actions, Proceedings, and Enforcement
        29TXVII(B) Actions
            29Tk969 k. Jurisdiction and Venue. Most Cited Cases
    (Formerly 265k28(3))
In antitrust cases the plaintiff is given a wide choice of forum. Clayton Act, § 12, 15 U.S.C.A. § 22.

**[7] Antitrust and Trade Regulation 29T ⟜969**

29T Antitrust and Trade Regulation
    29TXVII Antitrust Actions, Proceedings, and Enforcement
        29TXVII(B) Actions
            29Tk969 k. Jurisdiction and Venue. Most Cited Cases
    (Formerly 265k28(3))
The words "transacts business" within section of Clayton Act allowing suit against corporation under antitrust laws to be brought in any district wherein it transacts business are to be taken in the ordinary and usual sense in which they may be used in the business world; they are intended to substitute practical business conceptions for previous hair-splitting legal technicalities. Clayton Act, § 12, 15 U.S.C.A. § 22.

**[8] Federal Courts 170B ⟜105**

170B Federal Courts
    170BII Venue
        170BII(B) Change of Venue
            170BII(B)1 In General; Venue Laid in Proper Forum
                170Bk105 k. Plaintiff's Choice of Forum; Forum Shopping. Most Cited Cases
    (Formerly 106k277.1)

**Antitrust and Trade Regulation 29T ⟜969**

29T Antitrust and Trade Regulation
    29TXVII Antitrust Actions, Proceedings, and Enforcement
        29TXVII(B) Actions
            29Tk969 k. Jurisdiction and Venue. Most Cited Cases
    (Formerly 265k28(3))
In judging weight to be given plaintiff's choice of forum in antitrust cases, consideration must be given to extent both of the defendant's business contacts with chosen forum and of plaintiff's contacts, including those relating to his cause of action; if operative facts have not occurred within forum of original selection and that forum has no particular interest in parties or subject matter, plaintiff's choice is entitled only to minimal consideration. Clayton Act, § 12, 15 U.S.C.A. § 22.

**[9] Federal Courts 170B ⟜107**

170B Federal Courts
    170BII Venue
        170BII(B) Change of Venue
            170BII(B)1 In General; Venue Laid in Proper Forum
                170Bk106 Determination in Particular Transferable Actions
                    170Bk107 k. Antitrust Cases. Most Cited Cases
    (Formerly 106k277.1)
In view of facts, that if antitrust action were tried in Hawaii, many witnesses, including several members of defendant Washington corporation's staff, would have to travel to Hawaii in order to give testimony, that documents generally demanded by plaintiff Australian corporation in pretrial motion for production would include a substantial portion of up to 1,000 file drawers of records, that

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

plaintiff's claim of injury had nothing to do with Hawaii, that plaintiff's witnesses and evidentiary materials were almost entirely located elsewhere, and that defendant maintained no office in Hawaii, defendant's motion for change of venue should have been granted. 28 U.S.C.A. § 1404(a).

*950 Richard S. White (argued), of Helsell, Paul, Fetterman, Todd, Hokanson, Seattle, Wash., Chung, Vitousek, Chuck & Fujiyama, Honolulu, Hawaii, for petitioner.

Joseph L. Alioto (argued), Maxwell M. Blecher, San Francisco, Cal., Damon, Shigekane & Char, Vernon F.L. Char, Honolulu, Hawaii, Marquis Jackson, Sydney, Australia, for respondents.

Before BARNES, HAMLIN and MERRILL, Circuit Judges.

MERRILL, Circuit Judge:

Petitioner, Pacific Car and Foundry, seeks a writ of mandamus to compel respondent District Judge to dismiss or transfer an action brought against petitioner in the District Court for the District of Hawaii by L. C. O'Neil Trucks Pty. Ltd., an Australian corporation, which action alleges violation by petitioner of §§ 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2.

In that action petitioner, contending for lack of venue, moved that the action be dismissed or transferred under 28 U.S.C. § 1406(a).[FN1] The District Court found that petitioner 'transacts business' in Hawaii and concluded that the action properly was brought in Hawaii *951 under § 12 of the Clayton Act, 15 U.S.C. § 22.[FN2] Accordingly, petitioner's motion was denied.

FN1. 18 U.S.C. § 1406(a):
'The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'

FN2. 15 U.S.C. § 22:
'Any suit, action or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found.'

In the alternative petitioner moved, under 28 U.S.C. § 1404(a),[FN3] for change of venue 'for the convenience of parties and witnesses, in the interest of justice.' This motion the District Court also denied. Its opinion appears sub nom. L. C. O'Neil Trucks, Pty. Ltd. v. Pacific Car and Foundry Co., 278 F.Supp. 839 (D. Hawaii 1967).

FN3. 28 U.S.C. § 1404(a):
'For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.'

These proceedings followed.

The Background

Petitioner, a Washington corporation, manufactures two lines of trucks, Kenworth and Peterbilt, through separate divisions of the company. The Kenworth division has factories in Seattle, Washington, which is also petitioner's home office. The Peterbilt division has a factory in Newark, California.

L. C. O'Neil Trucks, Pty., Ltd., the plaintiff in the Hawaiian action, was organized in 1963 under the laws of New South Wales for the purpose of serving as Australian distributor of petitioner's Peterbilt trucks. In 1965 it was advised by petitioner that Peterbilt trucks would no longer be supplied to Australia and was appointed distributor of petitioner's Kenworth trucks. In 1967 its franchises were terminated by petitioner. In its action brought in Hawaii it charges that the termination resulted from a conspiracy (to which petitioner was party) contrary to § 2 of the Sherman Act to monopolize the exportation of heavy duty trucks from the United States to Australia and to eliminate O'Neil as an importer. It seeks damages in the sum of $8,250,000.

Propriety of Review by Mandamus

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

[1] This court,[FN4] in line with the rule in other circuits,[FN5] has held that orders respecting venue entered under § 1404(a) and § 1406(a) are interlocutory in nature and are not appealable prior to final judgment.

> FN4. American Concrete Agricultural Pipe Ass'n v. No-Joint Concrete Pipe Co., 331 F.2d 706 (9th Cir. 1964) (1404(a)); Shapiro v. Bonanza Hotel Co., 185 F.2d 777 (9th Cir. 1950) (1404(a)); Gulf Research & Development Co. v. Harrison, 185 F.2d 457 (9th Cir. 1950) (1406(a)).

> FN5. In re Josephson, 218 F.2d 174 (1st Cir. 1954); Chicago, R.I. & Pac. R.R. v. Igoe, 212 F.2d 378 (7th Cir. 1954); Ford Motor Co. v. Ryan, 182 F.2d 329 (2d Cir.), cert. denied, 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624 (1950); cases cited in Kaufman, Further Observations on Transfers Under Section 1404(a), 56 Colum.L.Rev. 1 n. 3 (1956); 1 Moore's Federal Practice, P0.147, at 1962-63 (1967).

[2] This court has also held that orders entered under §1406(a) are not reviewable in mandamus, at least in absence of extraordinary circumstances. Gulf Research & Development Co. v. Harrison, 185 F.2d 457 (9th Cir. 1950).

[3] This court,[FN6] in line with the rule in most other circuits,[FN7] will, however, review *952 on mandamus clearly erroneous orders entered under § 1404(a). Accordingly we direct our attention to the order of the District Court denying motion for change of venue under this section.

> FN6. American Concrete Agricultural Pipe Ass'n v. No-Joint Concrete Pipe Co., supra; Shapiro v. Bonanza Hotel Co., supra; CMAX, Inc. v. Hall, 290 F.2d 736 (9th Cir. 1961).

> FN7. General Tire & Rubber Co. v. Watkins, 373 F.2d 361 (4th Cir. 1967); McGraw-Edison Co. v. Van Pelt, 350 F.2d 361 (8th Cir. 1965); Cessna Aircraft Co. v. Brown, 348 F.2d 689 (10th Cir. 1965); Johnson & Johnson v. Picard, 282 F.2d 386 (6th Cir. 1960); Chicago, R.I. & Pac. R.R. v. Igoe, 220 F.2d 299 (7th Cir.), cert. denied, 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735 (1955); In re Josephson, 218 F.2d 174 (1st Cir. 1954); Wiren v. Laws, 90 U.S.App.D.C. 105, 194 F.2d 873 (1951); Atlantic Coast Line R.R. v. Davis, 185 F.2d 766 (5th Cir. 1950); Ford Motor Co. v. Ryan, 182 F.2d 329 (2d Cir.), cert. denied, 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624 (1950).

It is argued that this practice of review by mandamus should be re-examined in light of the Supreme Court's sharp criticism of undue resort to mandamus in Will v. United States, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967).

That case is readily distinguishable. As stressed by the Supreme Court, Will involved interlocutory review on behalf of the United States in a criminal case. Issuance of the writ there not only violated the policy against piecemeal appeal; it was totally contrary to the established policy that appeals by the Government are not favored in criminal cases, Carroll v. United States, 354 U.S. 394, 77 S.Ct. 1332, 1 L.Ed.2d 1442 (1957), and it was inconsistent with the defendant's right to a speedy resolution of the charges against him. DiBella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962).

In contrast the petition before us is not truly an instance of piecemeal appeal. A decision denying change of venue is complete and final in itself. It is not a step toward final judgment on the merits which will merge in such final judgment. Instead, it is collateral to and separable from the rights asserted in the action. Venue provisions deal with right too important to be denied review. Yet error in denying change of venue cannot be effectively remedied on appeal from final judgment.[FN8] The purpose of the rule is to avoid the disruption, expense, and inconvenience parties and witnesses must suffer by having the trial in an improper forum. To require litigants to await final judgment for

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

relief serves to defeat the very purpose of the venue rule by requiring them to submit to the disadvantages from which the rule is designed to relieve them. Once trial has been completed damages cannot be collected for the extra expense suffered.

> FN8. Factors such as these have been held by the Supreme Court to bear upon the question of appealability of orders as final judgments under 28 U.S.C. § 1257 (respecting the appellate jurisdiction of the Supreme Court), and 28 U.S.C. § 1291 (respecting the appellate jurisdiction of the courts of appeals).Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); Mercantile National Bank at Dallas v. Langdeau, 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963); Local No. 438 Construction & General Laborer's Union v. Curry, 371 U.S. 542, 83 S.Ct. 531, 9 L.Ed.2d 514 (1963); Rosenblatt v. American (Cyanamid Co., 86 S.Ct. 1, 15 L.Ed.2d 39 (1965) (Mr. Justice Goldberg, in chambers); Gillespie v. United States Steel Corp., 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964); Brown Shoe Co. v. United States, 370 U.S. 294, 82 S.Ct. 1502, 8 L.Ed.2d 510 (1962); Hudson Distributors, Inc. v. Eli Lilly & Co., 377 U.S. 386, 84 S.Ct. 1273, 12 L.Ed.2d 394 (1964). See generally C. Wright, Federal Courts, 423 (1963); Dyk, Supreme Court Review of Interlocutory State Court Decisions: 'The Twilight Zone of Finality,' 19 Stanford L.Rev. 907 (1967); Frank, Requiem for the Final Judgment Rule, 45 Texas L.Rev. 292 (1966); Note, The Requirement of a Final Judgment or Decree for Supreme Court Review of State Courts, 73 Yale L.J. 515 (1964).

These holdings may well cast doubt on the rule against appealability of § 1404(a) and § 1406(a) orders (footnotes 4 and 5, supra). The specification of factors that should control on the decision to grant prompt review does, however, provide strong support for our conclusion. Absent a right of prompt appeal (which still remains to be established), the availability of review on mandamus is a practical necessity.

[4] This does not mean that review on mandamus is available in all instances since the factors favoring immediate review may be present in varying degrees. While there can be no doubt that there exists the 'naked power' to issue the writ,[FN9] the power is to be exercised only in the 'sound discretion of the court.'[FN10] *953 The exercise of that 'sound discretion' requires the weighing of numerous factors, including the possible disruption of orderly trial processes as opposed by the hardship and loss of rights that may result from delay of review,[FN11] and the saving of an expensive and protracted trial that leads nowhere but to a complete retrial.[FN12]

> FN9.La Buy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957).

> FN10.La Buy v. Howes Leather Co., 352 U.S. 249, 255, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957); Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 25, 63 S.Ct. 938, 87 L.Ed. 1185 (1943); American Concrete agricultural Pipe Ass'n v. No-Joint Concrete Pipe Co., 331 F.2d 706 (9th Cir. 1964); 6 Moore's Federal Practice, P54.10, at 58-107 (1966).

> FN11.De Beers Consolidated Mines, Ltd. v. United States, 325 U.S. 212, 65 S.Ct. 1130, 89 L.Ed. 1566 (1945); Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185 (1943); Howes Leather Co. v. La Buy, 226 F.2d 703 (7th Cir. 1955), aff'd, 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957).

> FN12.United States Alkali Export Ass'n v. United States, 325 U.S. 196, 65 S.Ct. 1120, 89 L.Ed. 1554 (1945); Howes Leather Co. v. La Buy, 226 F.2d 703 (7th Cir. 1955), aff'd, 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957).

[5] Judged by these standards we conclude that

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

mandamus is proper here. It is apparent that the trial will be a long and protracted one, with voluminous documentary evidence and a host of witnesses. The irremediable hardship that might result is substantially in excess of the usual inconvenience of an unnecessary trial. The orders here complained of were issued well before trial and there will be no wasteful repetition of judicial effort in the event of transfer.

The Merits

In support of its motion for change of venue under § 1404(a) petitioner made a strong showing of inconvenience. Many witnesses, including several members of petitioner's corporate staff, would have to travel from the mainland to Hawaii in order to give testimony with consequent disruption of the conduct of petitioner's operation. Documents generally demanded by O'Neil in pretrial motion for production, the originals or duplicates of which would have to be shipped to Hawaii, would include a substantial portion of up to one thousand file drawers of records.

O'Neil did not bother to dispute this showing except to suggest that it was grossly exaggerated and that any inconvenience could be eliminated by resort to depositions. Further it made no showing worth mentioning that its own convenience would be served by its choice of forum. Instead, it relied on its right as plaintiff to select its forum.

[6][7] There can be no doubt that in antitrust cases the plaintiff is given a wide choice of forum. This is made clear by the language of § 12 of the Clayton Act (footnote 2, supra), and the construction judicially placed on the words 'transacts business.' That language is given a broader meaning than has traditionally been given the 'engaging in business' articulation of presence within a state. The words are to be taken in the 'ordinary and usual sense' in which they may be used in the business world. Eastman Kodak Co. v. Southern Photo Materials Co., 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684 (1927). They are intended to substitute 'practical business conceptions for the previous hair-splitting legal technicalities.' United States v. Scophony Corp., 333 U.S. 795, 808, 68 S.Ct. 855, 862, 92 L.Ed. 1091 (1948). Courts of appeals have refined the concept. A corporation can transact business without ever entering a state; without having salesmen or agents present there. Artful arrangements such as the geography of minute incidents of contracting (e.g., designation of place of title transfer) do not alter the substance of relationships. If the corporation in a practical business sense has business within the state it may be said to be in business there.[FN13]

> FN13. B. J. Semel Associates, Inc. v. United Fireworks Mfg. Co., 122 U.S.App.D.C. 402, 355 F.2d 827 (1965); Green v. United States Chewing Gum Mfg. Co., 224 F.2d 369 (5th Cir. 1955); Brandt v. Renfield Importers Ltd., 278 F.2d 904 (8th Cir. 1960). This court in Courtesy Chevrolet, Inc. v. Tennessee Walking Horse Breeders' and Exhibitors' Ass'n, 344 F.2d 860 (9th Cir. 1965), has adopted this view.

*954 The reason for this broad interpretation is relevant here. The legislative idea was that when a plaintiff has had business transactions with the defendant through which the defendant has injured him, the plaintiff should not be forced to follow the defendant into the defendant's home district. United States v. Scophony Corp., supra. The purpose of the Act is to allow the plaintiff, who has been hurt in his dealings with the defendant, to bring suit where the 'defendant had committed violations of the Act and inflicted the forbidden injuries.' United States v. National City Lines, 334 U.S. 573, 583, 68 S.Ct. 1169, 1175, 92 L.Ed. 1584 (1948). This purpose was recognized by this court in Eastland Construction Co. v. Keasbey & Mattison Co., 358 F.2d 777 (9th Cir. 1966).

On the other hand the Supreme Court has noted that Congress was not willing to extend the plaintiff's right to choice of venue beyond reasonable limits. In United States v. National City Lines, supra, it notes that bills providing for unlimited choice were

403 F.2d 949    Page 7
403 F.2d 949
(Cite as: 403 F.2d 949)

rejected by Congress. It states:

'Congress therefore was not indifferent to possibilities of abuse involved in the various proposals for change. Exactly the opposite was true. For the broader proposals were not rejected because they gave the plaintiff the choice. They were rejected because the choice given was too wide, giving plaintiffs the power to bring suit and force trial in districts far removed from the places where the company was incorporated, had its headquarters, or carried on its business * * *. Congress was not willing to give plaintiff free rein to haul defendant hither and yon at their caprice * * *. But neither was it willing to allow defendants to hamper or defeat effective enforcement by claiming immunity to suit in a district where by a course of conduct they had violated the Act with the resulting outlawed consequences.' 334 U.S. 587, 588, 68 S.Ct. 1177.

In Courtesy Chevrolet, Inc. v. Tennessee Walking Horse Ass'n, 334 F.2d 860, 865 (1965), this court, in stating the appropriate test, drew from International Shoe Co. v. Washington Office of Unemployment Comp., 326 U.S. 310, 317, 66 S.Ct. 154, 158, 90 L.Ed. 95, 161 A.L.R. 1057 (1945): There must be '* * * such contacts of the corporation with the state of the forum as to make it reasonable * * * to require the corporation to defend the particular suit which is brought there.'

[8] Plaintiff's choice of forum, then, is not the final word. In judging the weight to be given such a choice, as is the case with other types of actions, consideration must be given to the extent both of the defendant's business contacts with the chosen forum and of the plaintiff's contacts, including those relating to his cause of action.[FN14] If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration.[FN15]

FN14. Petitioner argues with substantial force that venue based on the phrase 'transacts business' in § 12 of the Clayton Act requires that the cause of action be related to the activity constituting the transacting of business. See Courtesy Chevrolet, Inc. v. Tennessee Walking Horse Ass'n, 344 F.2d 860 (9th Cir. 1965); L. D. Reeder Contractors of Arizona v. Higgens Industries, 265 F.2d 768, 773-775 (9th Cir. 1959); R.J. Coulter Funeral Home, Inc. v. National Burial Ins. Co., 192 F.Supp. 522 (E.D.Tenn. 1960). But see Crusader Marine Corp. v. Chrysler Corp., 281 F.Supp. 802 (E.D.Mich.1968); United States v. Burlington Indus., Inc., 247 F.Supp. 185 (S.D.N.Y.1965). The argument is most persuasively put. However, we do not reach the question.

FN15. Chicago, R.I. & Pac. R.R. v. Igoe, 220 F.2d 299 (7th Cir.), cert. denied, 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735 (1955); Mims v. Procter & Gamble Distrib. Co., 257 F.Supp. 648 (D.S.C.1966); Thompson v. Capital Airlines, Inc., 220 F.Supp. 140 (S.D.N.Y.1963); Polaroid Corp. v. Casselman, 213 F.Supp. 379 (S.D.N.Y.1962); McFarlin v. Alcoa S.S. Co., 210 F.Supp. 793 (E.D.Pa.1962); Grubs v. Consolidated Freightways, Inc., 189 F.Supp. 404 (D.Montana 1960); Morgan v. Illinois Central R.R., 161 F.Supp. 119 (S.D.Texas 1958); cases cited 1 Moore's Federal Practice, P0.145(5), at 1778, n. 5 (1967).

*955 In this case no contacts of any substance with the State of Hawaii existed as to either party.

Petitioner is not to be 'found' in Hawaii, nor can it be said that in the usual sense it is 'engaged in business' there. It maintains no office there. No employee or agent is stationed there. It does, however, have distributors there who buy from petitioner and sell at retail. It has sent agents there for the purpose of promoting sales of Peterbilt trucks by its distributors. (Three trips in 1 1/2 years were made for this purpose. Two other trips were made during this period apparently for unrelated purposes.) A bare

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

case of the 'transacting' of business might thus be found.[FN16]

> FN16. The District Court, relying primarily on the terms of the distributor contracts, found that petitioner exercised extensive control over its distributors. On examination of the record, this court has serious doubts that such a finding could be sustained. For example, the fact that one of the distributors was also a distributor for other manufacturers casts doubt on the finding of extensive control. The finding that the distributors act merely as transmitting agents for orders taken from customers rather than as purchasers from the petitioner is contrary to the plain wording of the contract which states that the distributors purchase the trucks. Also it is apparently inconsistent with the findings that the distributors can cancel their own orders only on the approval of petitioner, and that the distributor is bound by the contract to purchase even though Pacific Car changes price and design. The latter finding itself appears to be contrary to the terms of the contract; the distributors are bound by price changes only if they do not cancel their orders within 10 days of notice of change of price.

The business transacted, however, is not transacted with O'Neil. O'Neil had no relationship with petitioner's Hawaiian business. O'Neil's business was limited to Australia. O'Neil's claim of injury jury had nothing to do with Hawaii. If injury was suffered it was in Australia. O'Neil's witnesses and evidentiary materials are almost entirely located elsewhere. The only factors recited as connecting O'Neil's alleged cause of action with hawaii relate to the Hawaiian situs of a modest portion of the preliminary negotiations leading up to O'Neil's Australian distributorship.

In support of O'Neil's choice of forum emphasis is laid upon the fact that Hawaii is the closest federal judicial district to O'Neil's home base. This fact is, however, meaningless in the absence of some showing that it therefore served the interests of O'Neil's convenience. Such a showing, as we have noted, is lacking.

Emphasis has also been laid upon the fact that O'Neil of necessity must suffer the inconvenience of suing away from home, with the implication that it is somehow unfair that it should suffer alone. The inconvenience, however, is not attributable to the petitioner, nor to the laws of the United States, but only to the fact of foreign origin. It will not promote justice to attempt to equalize inconvenience in such a case. This would do little more than detract from the quality of the trial[FN17] or increase the cost of litigation.

> FN17. We regard the suggestion of respondent that petitioner could conduct its defense by deposition as an example.

[9] We are left, then, with a choice of forum supported only by the fact that it was chosen. Such a choice cannot prevail under § 1404(a) against the showing of inconvenience here made by the petitioner. Chicago, R.I. & Pac. R.R. v. Igoe, 220 F.2d 299 (7th Cir.), cert. denied, 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735 (1955).

In the light of our disposition we need not discuss the other issues presented.

A writ of mandamus shall issue directing the respondent to vacate the order of the District Court denying change of venue under 28 U.S.C. § 1404(a) and to entertain anew petitioner's motion in that regard.

C.A.Hawaii 1968.
Pacific Car & Foundry Co. v. Pence
403 F.2d 949

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.