**Tab 22**

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 2254556 (N.D.Cal.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

H
Strigliabotti v. Franklin Resources, Inc.
N.D.Cal.,2004.
Only the Westlaw citation is currently available.
United States District Court,N.D. California.
Susan STRIGLIABOTTI, Plaintiff,
v.
FRANKLIN RESOURCES, INC., et al., Defendants.
No. C 04-0883 SI.

Oct. 5, 2004.

Ronald Lovitt, Henry I. Bornstein, J. Thomas Hannan, Lovitt & Hannan, Inc., San Francisco, CA, Gary A. Gotto, Phoenix, AZ, Gretchen Freeman Cappio, Lynn Lincoln Sarko, Michael Dean Woerner, Keller Rohrback, LLP, Seattle, WA, James C. Bradley, Michael J. Brickman, Nina H. Fields, Richardson Patrick Westbrook & Brickman, LLC, Charleston, SC, Ron Kilgard, Keller Rohrback, P.L.C., Phoenix, AZ, for Plaintiff.
Anthony Zaccaria, Daniel A. Pollack, Edward T. McDermott, Pollack & Kaminsky, New York, NY, Dale M. Edmondson, Jessica Anne Hoogs, Meredith N. Landy, O'Melveny & Myers LLP, San Francisco, CA, for Defendants.

ORDER DENYING MOTION TO TRANSFER VENUE
ILLSTON, J.
*1 Defendants' motion to transfer venue to the District of New Jersey came on for hearing on October 1, 2004. Having considered the arguments of the parties and the papers on file, the Court DENIES defendants' motion for the reasons set out below.

BACKGROUND

This is a shareholder derivative action brought by shareholders of several mutual funds ("Funds") created, sold, advised, and managed as part of the Franklin Templeton fund family ("the Fund Complex"). Specifically the Funds are Templeton Growth Fund, Franklin Balance Sheet Investment Fund, Franklin U.S. Government Securities Fund, Franklin Flex Cap Growth Fund, Franklin DynaTech Fund, Franklin Income Fund, Franklin Small-Mid Cap Growth Fund, Franklin Biotechnology Discovery Fund, Mutual Shares Fund, and Franklin Utilities Fund. First Amended Compl. ("Compl.") at ¶ 1.[FN1]

   FN1. On March 4, 2004, plaintiffs filed this action on behalf of five funds; they amended the complaint on June 3, 2004, adding Franklin Income Fund, Franklin Small-Mid Cap Growth Fund, Franklin Biotechnology Discovery Fund, Mutual Shares Fund, and Franklin Utilities Fund as plaintiffs, and adding as defendants Franklin Mutual Advisers, LLC, and Franklin Templeton Services, LLC.

Defendants are Franklin Resources, Inc., Templeton Global Advisors, Ltd., Franklin Advisory Services, LLC, Franklin Advisers, Inc., Franklin Templeton Distributors, Inc., Franklin Mutual Advisers, LLC, and Franklin Templeton Services, LLC. Id. at 2. They are various investment advisors affiliated with a single parent company, also a defendant, Franklin Resources, Inc. ("Franklin Resources"), a publicly traded company incorporated in Delaware and headquartered in San Mateo, California. Compl. ¶ 2. Plaintiffs allege that defendants receive advisory fees from the Funds for both "pure investment advisory services" and administrative services, and these fees are based on a percentage of the net assets of each of the Funds. Id. at ¶ 5. Defendants also charge distribution fees for marketing, selling, and distributing mutual fund shares to new shareholders under "Distribution Plans" adopted pursuant to Rule 12b-1, 17 C.F.R. § 270.12b-1. Id. at ¶ 8. These distribution fees are based on a percentage of the net assets of each of the funds in the Fund Complex and amount to more than $7 million annually. Id. Plaintiffs allege that the advisory fees charged by defendants are higher than those for other funds for which defendants perform equivalent services, and that the distribution fees are excessive, in violation of Rule 12b-1 and § 36(b) of the Investment Com-

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:07-cv-03539-SI    Document 25-23    Filed 10/18/2007    Page 3 of 7

Not Reported in F.Supp.2d                                                                                                          Page 2
Not Reported in F.Supp.2d, 2004 WL 2254556 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

pany Act ("ICA"). Plaintiffs also allege that, despite significant growth in the Funds since 1983, they have not benefitted from the economies of scale, and instead have been charged advisory and distribution fees that are disproportionately large in relation to the services provided. *Id.* at ¶ 14.

Plaintiffs seek to either rescind the investment advisory agreements and Distribution Plans and recover the total fees charged by defendants, or, in the alternative, to recover the excess profits resulting from economies of scale wrongfully retained by defendants, and any other excessive compensation or improper payments received and retained by defendants in breach of their fiduciary duty under the ICA § 36(b), 15 U.S.C. § 80a-35(b), and state law. *Id.* at ¶ 27. The complaint alleges (1) breach of fiduciary duty under § 36(b) for excessive investment advisory fees; (2) breach of fiduciary duty under § 36(b) for excess profits from economies of scale; (3) breach of fiduciary duty under § 36(b) for excessive Rule 12b-1 distribution fees and extraction of additional compensation for advisory services; (4) § 12(b) unlawful distribution plans; (5) breach of fiduciary duties under California law; (6) civil conspiracy to breach fiduciary duties under California law; (7) common law aiding and abetting breaches of fiduciary duty by Franklin Resources; (8) "acting in concert" under § 876(b) of the Restatement (Second) of Torts; (9) breach of Cal. Business & Professions Code § 17200; (10) breach of Cal. Business & Professions Code § 17500; and (11) common law unjust enrichment.

*2 Now before the Court is defendants' motion to transfer this case to the District of New Jersey.

LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to " 'prevent the waste of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.' " *Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964), citing *Continental Grain Co. v. The FBL-585,* 364 U.S. 19, 26-27, 80 S.Ct. 1470, 1474-75, 4 L.Ed.2d 1540 (1960). A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir.2000), citing *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988).

To support a motion for transfer, the moving party must establish: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice. *See Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.,* 820 F.Supp. 503, 506 (C.D.Cal.1992). Under § 1404(a), the court may transfer an action to another district: (1) for the convenience of the parties, (2) for the convenience of the witnesses, and (3) in the interest of justice provided that the action might have been brought in the transferee court. Transfer is discretionary, but is governed by certain factors specified in the statute and in relevant case law.

Once the court determines that venue would be proper in the transferee district, it must determine whether the action should be transferred. In deciding whether to transfer venue, courts focus on the factors mentioned in § 1404(a): convenience to the parties, convenience to the witnesses, and the interest of justice. Courts interpreting section 1404(a) have added the following considerations: (1) the special weight given to the plaintiff's choice of forum, *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir.1986), and (2) the ease of access to proof. However, some jurisdictions suggest that where plaintiff's choice of forum is a district other than one in which he resides, his choice will be given considerably less weight. *Paul v. International Precious Metals Corp.,* 613 F.Supp. 174 (D.Miss.1985). Furthermore, the location of counsel is one factor that generally should not govern the judge's exercise of discretion in

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:07-cv-03539-SI    Document 25-23    Filed 10/18/2007    Page 4 of 7

Not Reported in F.Supp.2d                                                                                                Page 3
Not Reported in F.Supp.2d, 2004 WL 2254556 (N.D.Cal.)
(Cite as: Not Reported in F.Supp.2d)

transferring actions. Soloman v. Continental American, 472 F.2d 1043, 1047 (3rd Cir.1973).

In determining the convenience of the parties and witnesses and the interests of justice, courts in this district have recently considered the following factors: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. Williams v. Bowman, 157 F.Supp.2d 1103, 1106 (N.D.Cal.2001), citing Queentex Enterprises, Inc. v. Sara Lee Corp., 2000 WL 246599 at *2 (N.D.Cal.2000) (additional citation omitted). Where a party requests transfer "in the interests of justice," courts have listed governing factors as including: (1) avoidance of multiple actions, (2) sending the action to the state most familiar with the governing law, or (3) the feasibility of consolidation with other actions. A.J. Industries, Inc. v. United States Dist. Ct., 503 F.2d 384 (9th Cir.1974).

*3 The burden is on the party seeking transfer to show that when these factors are applied, the balance of convenience clearly favors transfer. Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir.1979). It is not enough for defendant merely to show that he prefers another forum and nor will transfer be allowed if the result is merely to shift the inconvenience from one party to another. Van Dusen v. Barrack, 376 U.S. 612, 645-46, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

DISCUSSION

On a motion to transfer, the moving party must first demonstrate that venue is proper in both the transferor and transferee courts. Thereafter, the court uses a multi-factor determination to establish convenience to the parties and witnesses, and the interests of justice. Defendants state that there is no issue that this action could have been brought in New Jersey. See Defs.' Mot. to Transfer ("Defs.' Mot.") at 4 n. 2. Plaintiffs point out that defendants bear the burden of showing that the action could have been brought in the transferee forum, and they have made no showing that venue is proper as to all defendants in New Jersey. Pl.'s Opp'n at 10 n. 13. As explained below, this Court finds that the balance of factors weighs against transfer, regardless of whether defendants have shown that venue is proper in New Jersey.

A. Plaintiff's choice of forum

Plaintiffs have chosen the Northern District of California as their preferred forum. Courts afford considerable weight to a plaintiff's choice of forum in determining the propriety of a motion to transfer. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir.1986). A plaintiff's choice of forum, however, is not dispositive, and must be balanced against the convenience to parties and witnesses and the interests of justice. Id. Where plaintiff's choice of forum is a district other than one in which he resides, his choice may be given considerably less weight. Black v. J.C. Penny Life Ins. Co., 2002 WL 523568, at *3 (N.D.Cal. Apr.1, 2002), citing Schwarzer, Tashima, & Wagstaffe, Federal Civil Procedure Before Trial § 4:282.

Here, none of the nominal plaintiffs resides in this district, see Compl. ¶¶ 29-34, and thus plaintiffs are not entitled to deference on that basis. In addition, defendants contend that a plaintiff's choice in a derivative suit is entitled to less deference because of the nature of the claims and the nominal interest each plaintiff holds in the Funds. Defs.' Mot. at 9:10-11. It is true that in class actions, a plaintiff's choice of forum is often accorded less weight. See Koster v. Lumbermens Mutual Casualty Co., 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947); Nelson v. Aim Advisors, Inc., 2002 U.S. Dist. LEXIS 5101, at ----3-4 (S.D.Ill. Mar. 8, 2002). However, the Ninth Circuit has given weight to a class action plaintiff's choice of forum where there is a significant connection between the forum and the activities alleged in the complaint. See Wade v. Indus. Finding Corp., 1992 WL 207926, at *3 (N.D.Cal. May 28, 1992); Sec, Investor Protector

Case 3:07-cv-03539-SI    Document 25-23    Filed 10/18/2007    Page 5 of 7

Not Reported in F.Supp.2d                                                                                                           Page 4
Not Reported in F.Supp.2d, 2004 WL 2254556 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

Corp. v. Vigman, 764 F.2d 1309 (9th Cir.1985).

*4 Here, plaintiffs brought suit in this district because it is defendants' principal place of business, corporate headquarters, and the residence of thirty-four potential witnesses, and they purposely brought suit "on [defendants'] home turf" "based in logic and on convenience."Pls.' Opp'n at 13:2-3. Defendants Franklin Resources, Inc. and Franklin Templeton Investments are headquartered in San Mateo, California, and Franklin-Templeton Distributors and Franklin Templeton Services maintain their principal places of business at that headquarters. Decl. of James A. Powers ("Powers Decl.") ¶ 6. Because of defendants' headquarters in this district, plaintiffs suggest that events giving rise to their claims "likely" and "necessarily" occurred here, including drafting, negotiating, and executing Franklin Resources, Inc.'s advisory agreements with the Funds, paying advisory fees, and providing investment advisory services. Id. at 13:21-14:10. One defendant, Franklin Advisers, is investment advisor to seven of the ten Funds at issue here, and a registered investment advisor with the state of California. Decl. of James A. Powers ("Powers Decl.") ¶ 7. Defendants do not dispute that these activities took place in this judicial district or that they have significant contacts here.

The Court accords plaintiffs' choice of forum some weight because of four defendants' connection to this district and the apparent logic of bringing suit here. This factor weighs against transfer.

B. Convenience of the parties

None of the nominal plaintiffs live in or near the District of New Jersey, and none live in the Northern District of California. Six of the nine nominal plaintiffs in this case reside in Florida. Compl. ¶¶ 30-33.One lives in San Diego, California and two in Arizona. Id. at ¶ 29, 34. Four of the defendants' principal places of business are in San Mateo, California, while two of them have significant ties to the District of New Jersey.[FN2]Plaintiffs also point out that thirty-four of the party witnesses identified in defendants' initial disclosures are located in San Mateo.

FN2. The Court notes that defendants have submitted only one declaration demonstrating the New Jersey ties of one defendant, and have made no showing of five defendants' connections to New Jersey.

Despite the apparent convenience to four defendants of litigating in the Northern District, defendants argue that the New Jersey litigation and the ties of two defendants to that district make it the more convenient forum. The Court does not find that the "gain in convenience to one party is offset by the added inconvenience to the other,"see STX, Inc. v. Trik Stik, Inc., 708 F.Supp. 1551 (N.D.Cal.1988), because the effects of transfer are neither clear-cut gains nor losses to either party. New Jersey is a less convenient forum than California for three of the plaintiffs but arguably a more convenient forum for six of them, although traveling to another state to attend trial is inconvenient whether that trial is in New Jersey or California. New Jersey is a more convenient forum for two defendants, and a less convenient forum for four, although defendants claim that the inconvenience of litigating away from their principal place of business is outweighed by the fact that they are already litigating in that other forum.

*5 The Court finds that this is a neutral factor in the transfer analysis.

C. Convenience of the witnesses

"One of the most important factors in determining whether to grant a motion to transfer venue is the convenience of the witnesses ."Royal Queentex, 2000 WL 246599 at * 5 (citation omitted). To show inconvenience, the moving party should provide specific information regarding the identity and location of witnesses, and the content and relevance of their testimony. Id. at *6. With regard to convenience, a court will give primary consideration to third party, as opposed to employee, witnesses. Id.

Defendants have identified five non-party witnesses, Fund directors who are not affiliated with

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:07-cv-03539-SI    Document 25-23    Filed 10/18/2007    Page 6 of 7

Not Reported in F.Supp.2d                                                                                                Page 5
Not Reported in F.Supp.2d, 2004 WL 2254556 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

the advisers. Four of these five witnesses reside within the subpoena power of the District Court of New Jersey. Defs.' Mot. at 8:5-6. Plaintiffs contend that these Fund directors are affiliated with Franklin and would likely travel willingly to testify on defendants' behalf. Pls.' Opp'n at 18:21-24. They also argue that defendants have made no showing that these witnesses will be unwilling or unable to testify without a subpoena. However, the issue is whether it would be more convenient for those witnesses to litigate in New Jersey of California, and the Court finds that New Jersey is the more convenient forum for four of these witnesses.

The Court finds that this factor weighs in favor of transfer.

### D. Ease of access to the evidence

Plaintiffs argue that almost all relevant documentary evidence is located in California because Franklin Resources, Franklin Advisers, Franklin-Templeton Distributors, and Franklin Templeton Services all have their principal places of business there, and the books and records of Franklin Mutual, Franklin Advisory Services, Templeton Global, and the Funds themselves are all maintained in San Mateo. Defendants contend that the location of the documentary evidence in this case does not impact the transfer analysis because they maintain records in both California and New Jersey, and the events of the case occurred in both places.

The Court finds that this is a neutral factor in the transfer analysis.

### E. Familiarity of each forum with applicable law

Both federal courts are equally capable of applying federal law to plaintiffs' claims. Plaintiffs contend that a California federal court is more likely to be familiar with the California law relevant to their state law claims than the district court in New Jersey. The Court finds that a New Jersey court is fully capable of applying California law, and that this is a neutral factor in the transfer analysis.

### F. Feasibility of consolidation with other claims

Defendants contend that the interests of justice support transfer in this case because of other actions currently pending in the District of New Jersey, particularly *Miller v. Franklin Mutual Advisers et al.,* No. 04-3849 JCL. They argue that there is "substantial overlap" between *Miller* and this action, because they both seek recovery of allegedly excessive advisory fees, involve two of the same defendants,[FN3] legal claims under § 36(b) for allegedly excessive management and 12b-1 fees, and similar issues of law and fact, and will result in duplicative proceedings if this case is not transferred. Defs.' Mot. at 1:13-19. In addition, defendants point out that five other actions currently pending in New Jersey District Court include § 36(b) claims for recovery of excessive compensation paid by all of the Funds involved in this case, and seek relief from four of the defendants sued here.[FN4]

> FN3. Franklin Mutual Advisers, LLC and Franklin/Templeton Distributors, Inc.
>
> FN4. Franklin Resources, Inc., Templeton Global Advisers, Ltd., Franklin Advisers, Inc., and Franklin Mutual Advisers, LLC.

*6 At oral argument, the parties advised the Court that the *Miller* case has recently been dismissed. It is therefore does not play a further part in the transfer analysis, but the other Jew Jersey claims must be considered.

Plaintiffs argue that the other New Jersey claims are not relevant to the transfer analysis. In addition to their claims on behalf of the Mutual Shares Fund, they have also brought claims on behalf of nine other funds, and they argue that the combination of these claims with other claims and other defendants defeats the appropriateness of transfer. Four of the defendants in this case, Franklin Resources, Inc., Templeton Global Advisers, Ltd., Franklin Advisers, Inc., and Franklin Mutual Advisers, LLC, are also defendants in four class actions for excessive fees pending in the District of New Jersey, and the Funds at issue in this case are also implicated in those four cases. The legal basis for the claims, however, is different and the overlap

in the actions is far less than complete.

Minus the *Miller* case, this factor is neutral in the transfer analysis.

G. Any local interest in the controversy

Plaintiff argues that defendants have a strong connection to California because a majority of them are located here, because defendants claim to be "the largest employer in San Mateo," because two defendants are registered as a broker-dealer and investment adviser in the state, because defendants have harmed California residents through their excessive fees, and because the California Attorney General is investigating fraud allegations regarding Franklin Templeton's mutual fund investors. See Pls.' Opp'n, Exs. 2, 16; Powers Decl. ¶¶ 6-7. Defendants point out that all Funds have connections to both states, and contend that neither forum has a greater interest than the other.

The Court agrees with plaintiffs that Franklin Resources, Inc.'s presence in California gives rise to a local interest in the controversy. This factor weighs against transfer.

H. Relative court congestion and time of trial in each forum

The parties cite different statistics for relative court congestion. Defendants rely on the median time from filing to disposition of civil cases, which is 7.9 months in New Jersey and 10.6 months in the Northern District of California. Defs.' Reply at 9:20-22; Decl. of Jessica A. Hoogs ("Hoogs Decl."), Ex A.[FN5] Plaintiffs cite to the "most recent caseload profile" found online, which states that the median time from filing to disposition of civil cases is 33.8 months in New Jersey and 30.3 months in this district. In fact, plaintiffs' figure is the median time from filing to *trial* in civil cases, as defendants point out. See Hoogs Decl ., Ex. A. The Court agrees with defendants that the better measure of court congestion is the time to disposition, and that the other available caseload information about the two districts suggests greater congestion in the Northern District of California.

FN5. The Court notes that, in defendants' original Motion, they cited statistics from Judicial Caseload Profiles published by the Statistical Office of the Administrative Office of the U.S. Courts-though without a direct citation-that the median time from filing to disposition in civil cases was 7.3 months in New Jersey and 9.3 months in this district. Defs.' Mot. at 10:5-9.

*7 Consequently, this factor weighs slightly in favor of transfer.

I. Balancing of factors

Weighing the plaintiff's choice of this forum based on defendants' connections with the district and the local interest in the controversy against the convenience of the witnesses, relative court congestion, and the interest in judicial economy and consolidation, the Court finds that it is a very close call, and consequently cannot conclude that the balance of convenience "clearly favors" transfer. Under these circumstances, the motion must be denied.

CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendants' motion to transfer venue. (Docket # 48.)

IT IS SO ORDERED.

N.D.Cal.,2004.
Strigliabotti v. Franklin Resources, Inc.
Not Reported in F.Supp.2d, 2004 WL 2254556 (N.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.