**Tab 25**



Slip Copy  Page 1
Slip Copy, 2007 WL 2348707 (N.D.Cal.), 2007-2 Trade Cases P 75,858
(Cite as: Slip Copy)

Von Der Werth v. Johns Manville Corp.
N.D.Cal.,2007.

United States District Court,N.D. California.
Albert VON DER WERTH, Plaintiff,
v.
JOHNS MANVILLE CORP., et al., Defendants.
No. C 07-01456 JSW.

Aug. 14, 2007.

Willem F. Jonckheer, Juden Justice Reed, Robert C. Schubert, Schubert & Reed LLP, Stephen Lyle Porter, Whitehead Porter & Gordon LLP, San Francisco, CA, for Plaintiff.
Marcus Sanders Topel, Kasowitz, Benson, Torres & Friedman LLP, Lyn Robyn Agre, Topel & Goodman, Daniel J. Herling, Daniel Chang Song, Duane & Morris LLP, Bruce Grant Nye, Adams, Nye, Sinunu, Bruni & Becht, LLP, Holly J. Tate, Latham & Watkins, San Francisco, CA, Kimberly Lillian Myers, Rogers & Hardin, June Ann Sauntry, James Andrew Lamberth, Timothy John Kozik, Troutman Sanders LLP, Phillip McKinney, Tony G. Powers, Leighton Moore, Atlanta, GA, Daniel R. Gravelyn, Barnes & Thornburg LLP, Grand Rapids, MI, Kendall Millard, Barnes & Thornburg LLP, Indianapolis, IN, Corey Craig Watson, Steven Alan Haskins, Tina R. Hernandez, Kirkland & Ellis LLP, Los Angeles, CA, Allyson M. Maltas, Margaret M. Zwisler, William R. Sherman, Latham & Watkins LLP, Washington, DC, for Defendants.

JEFFREY S. WHITE, United States District Judge.
*1 Now before the Court is the transfer filed by defendants Masco Corporation and Masco Contractor Services ("Masco"). The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. See Civ. L.R. 7-1(b). Accordingly, the hearing set for August 17, 2007 is HEREBY VACATED. Having carefully considered the parties' arguments and relevant legal authority, the Court hereby grants Masco's motion.

Plaintiff Albert von der Werth ("Plaintiff") filed this purported antitrust class action on behalf of "[a]ll persons in the United States who indirectly purchased fiberglass insulation manufactured or sold by Defendants ... from January 1, 1999 ..." to the present. (Compl., ¶ 28). Based on an alleged conspiracy between the defendants who manufacture fiberglass insulation and Masco to fix prices, Plaintiff asserts claims pursuant to Section 1 of the Sherman Act, 15 U.S.C. § 1, the California Cartwright Act, California Business and Professions Code § 16720 et seq., and California Business & Professions Code § 17200.

On October 19, 2004, six insulation contractors filed a purported class action on behalf of independent contractors against Johns Manville Inc., Certainteed Corp., Knauf Insulation GMBH, and Guardian Fiberglass, Inc. (the same individual manufacturers sued in the above-captioned matter) and Masco in the Northern District of Georgia for alleged violations of Section 1 of the Sherman Act. (Compl., *Columbus Drywall v. Masco*, 1:04-cv-3066 (N.D.Ga.) ("Georgia Action"), attached as Exhibit 1 to Masco's Motion.)[FN1] The current complaint in the Georgia Action alleges a conspiracy between Masco and the individual manufacturers in which each of the manufacturers agreed to sell residential fiberglass insulation to independent contractors only at prices that are a significant percentage above those offered to Masco, on the condition and with the agreement that the other manufacturers would do the same. (Second Amended Compl., ¶¶ 2, 26, Georgia Action, attached as Exhibit 2 to the Motion to Transfer.) The plaintiffs in the Georgia Action claim that these alleged agreements reduced price competition in the United States and impaired the ability of Masco's competitors to obtain competitive prices for fiberglass insulation. (*Id.* at ¶ 28.)

> FN1. Civil Local Rule 7-5 requires that any factual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration.

N.D. Civil Local Rule 7-3(d). Masco merely attached documents as exhibits to its motion in violation of this Civil Local Rule. Nevertheless, because Exhibits 1 through 6 are all documents of which the Court may judicial notice, the Court will consider these documents in support of Masco's motion. *See* Fed.R.Evid. 201.

The Georgia Action has progressed substantially. The plaintiffs moved for class certification in May 2006. (Georgia Action, Docket No. 347.)The court denied the motion, but gave the plaintiffs leave to file another motion, which they did on June 29, 2007. (Georgia Action, Docket Nos. 466, 474.)Motions to approve settlements between the individual manufactures and the plaintiffs are now pending, as well as a motion for summary judgment filed by Masco. (Georgia Action, Docket Nos. 435, 443.)

Plaintiff in the above captioned matter asserts identical allegations regarding this alleged antitrust conspiracy. (Compl., ¶¶ 39-40, 42.) Masco now moves to transfer this action to the Northern District of Georgia.

**A. Legal Standard for Motion to Transfer.**

*2 Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any district where the case could have been filed originally for the convenience of the parties and witnesses and in the interest of justice. A district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.' " *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)). A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors to determine whether transfer is appropriate in a particular case. For example, the court may consider: (1) the plaintiff's choice of forum; (2) the convenience of witnesses and the parties; (3) the familiarity of the forum with the applicable law; (4) the ease of access to evidence; and (5) the relative court congestion and time of trial in each forum. *Gulf Oil Co. v. Gilbert,* 330 U.S. 501, 508-09, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498-99 (9th Cir.2000). As the moving party, Defendant bears the burden of showing that the inconvenience of litigating in this forum favors transfer. *See E. & J. Gallo Winery v. F. & P.S.p.A.,* 899 F.Supp. 465, 466 (E.D.Cal.1994). If the balance of convenience weighs strongly in favor of transfer, the Court may accord less deference to a plaintiff's chosen forum. *See id.*

The parties do not dispute that Plaintiff could have sued Masco and the individual manufacturer defendants in the Northern Distirct of Georgia. Accordingly, the Court must determine whether the convenience of the parties and the interests of justice warrants or prohibits transfer under the circumstances.

**B. Masco's Motion to Transfer.**

**1. Interests of Justice**

"The question of which forum will better serve the interest of justice is of predominant importance on the question of transfer, and the factors involving convenience of parties and witnesses are in fact subordinate."*Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.,* 2003 WL 22387598, * 4 (N.D.Cal. Oct.14, 2003); *see also Hoefer v. Department of Commerce,* 2000 WL 890862, *3 (N.D.Cal. June 28, 2000) (finding fact that another lawsuit similar to the case at issue was initiated previously in another district was compelling factor in favor of transfer); *London and Hull Maritime Ins. Co. Ltd. v. Eagle Pacific Ins. Co.,* 1996 WL 479013, *5 (N.D.Cal.1996) ("The most important factor to consider is the 'interests of justice.' ") (citation omitted).

In *Hoefer,* the court transferred the matter, reasoning that where a similar action was filed in federal court in the District of Columbia, allowing the case to remain in Northern District of California would "entail a significant waste of time and energy and

would involve duplicate effort by [the] court."*Hoefer,* 2000 WL 890862, at *3;*see also London and Hull Maritime,* 1996 WL 479013, *5 (quoting *Continental Grain Co. v. The FBL-585,* 364 U.S. 19, 26, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960)) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.").

*3 The court in the Northern District of Georgia is intimately familiar with the issues and evidence central to this case. Although the plaintiffs in this matter and the one before the court in the Northern District of Georgia differ, both plaintiffs seek to bring a national class action on behalf of purchasers of fiberglass insulation against the same defendants. The Court finds Plaintiff's attempts to distinguish this matter from the Georgia Action unavailing. Plaintiff argues as though he only filed California claims on behalf of a class of California residents, but he asserts a Sherman Act claim on behalf of a nationwide class. (Compl., ¶¶ 28, 67-72.) Plaintiff's Cartwright Act claim mirrors his Sherman Act claim factually. (*Id.* at ¶¶ 73-79.) Moreover, the legal analysis under Sherman Act and Cartwright Act claims substantially overlap. *See Chicago Title Ins. Co. v. Great Western Financial Corp.,* 69 Cal.2d 305, 315, 70 Cal.Rptr. 849, 444 P.2d 481 (1968) ("The California law of antitrust, commonly known as the Cartwright ... is patterned upon the federal Sherman Act and both have their roots in the common law; hence federal cases interpreting the Sherman Act are applicable with respect to the Cartwright Act."). Accordingly, in light of the pending Georgia Action, the Court finds that the interests of justice and conservation of resources of both the judicial system and the parties would be strongly served by transferring this matter to the Northern District of Georgia.

### 2. Convenience of the Parties and Witnesses

Among the factors relevant to the convenience of the parties and witnesses, courts consider the following factors: (1) the plaintiff's choice of forum; (2) the convenience of witnesses and the parties; (3) the familiarity of the forum with the applicable law; (4) the ease of access to evidence; and (5) the relative court congestion and time of trial in each forum. *Gulf Oil,* 330 U.S. at 508-09;*Jones,* 211 F.3d at 498-99.

Ordinarily a "defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."*Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir.1986). There are, however, factors that diminish the deference given to a plaintiff's choice of forum. When, such as here, "an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight."*See Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir.1987); *see also Italian Colors Rest. v. Am. Express Co.,* 2003 WL 22682482, *3 (N.D.Cal. Nov.10, 2003) ("If the named plaintiff purports to act on behalf of a nationwide class of merchants, there is nothing unique or probative about the location of its place of business.").

Moreover, less weight is given to the plaintiff's choice of forum if the operative facts have not occurred within the forum. *Lou,* 834 F.2d at 739. Plaintiff is a citizen of California. However, other than alleged purchases of fiberglass insulation, Plaintiff does not allege conduct relevant to its antitrust and unfair competition claims occurred in California. Masco and the individual manufacturer defendants that allegedly conspired to fix prices do not reside in California. Moreover, the only specific meeting location relevant to the alleged conspiracy Plaintiff alleges occurred in Miami, Florida. (Compl., ¶ 52.) Thus, the operative facts relevant to the alleged conspiracy do not appear to have occurred in California. Therefore, the Court will afford less deference to Plaintiff's choice of forum.

*4 The Court finds that the factors regarding the relative ease of access to sources of proof, the availability of the compulsory process for unwilling witnesses and the cost of securing willing witnesses, and local interest in the issue do not tip the scales either way. While the parties argue about the loca-

tion of potential witnesses and evidence, neither party has submitted admissible evidence in support of these factors.

Finally, the fact that the median time from the filing of a complaint to trial is six months shorter in the Northern District of California than in the Northern District of Georgia does not weigh against transfer. (Opp. at 7.) These statistics should not be considered in a vacuum. The Court cannot ignore that the Georgia Action with substantially similar claims is currently pending in the Northern District of Georgia. Based on the familiarity of the court in the Northern District of Georgia of the law and underlying facts at issue in this litigation, it is likely that the parties' litigation would be resolved in substantially less time if it proceeded in Georgia. This factor favors transfer. See Saleh v. Titan Corp., 361 F.Supp.2d 1152, 1167 (S.D.Cal.2005).

The thus Court finds that the interests of justice and conservation of resources, and the fact that this case would likely be resolved in significantly less time if it proceeded in the Northern District of Georgia, strongly favors transfer. Moreover, in light of the diminished deference afforded to Plaintiff's choice of forum, the Court finds that upsetting Plaintiff's choice of forum here is warranted. Accordingly, the Court grants Masco's motion to transfer.

For the foregoing reasons, the Court GRANTS Masco's motion to transfer and ORDERS the case transferred to the United States District Court for the Northern District of Georgia. The Clerk is directed to transfer this case, forthwith.

**IT IS SO ORDERED.**

N.D.Cal.,2007.
Von Der Werth v. Johns Manville Corp.
Slip Copy, 2007 WL 2348707 (N.D.Cal.), 2007-2 Trade Cases P 75,858

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.