1  Robert J. Nelson (State Bar No. 132797)
   Scott P. Nealey (State Bar No. 193062)
2  Nancy Chung (State Bar No. 225584)
   LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
3  Embarcadero Center West
   275 Battery Street, 30th Floor
4  San Francisco, CA  94111-3339
   Telephone:  (415) 956-1000
5  Facsimile:  (415) 956-1008

6  Attorneys for Plaintiffs

7

8                  UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

12  SUSAN FARMER, ARTHUR FARMER,        Case No. C 07-03539 SI
    ESTATE OF VIRGINIA M. FARLEY,
13  VIRGINIA M. FARLEY REVOCABLE        **PLAINTIFFS' MEMORANDUM OF**
    TRUST,                             **POINTS AND AUTHORITIES IN**
14                                      **OPPOSITION TO DEFENDANTS'**
              Plaintiffs,               **MOTION TO TRANSFER VENUE**
15
    v.                                  Date:       November 30, 2007
16                                      Time:       9:00 a.m.
    FORD MOTOR COMPANY, BUDGET         Judge:      Susan Ilston
17  RENT A CAR SYSTEM, INC., and DOES   Courtroom:  10
    1-100, inclusive,
18
              Defendants.
19

20

21

22

23

24

25

26

27

28

735407.1

1

# TABLE OF CONTENTS

2

                                                                                    **Page**

3    I.      INTRODUCTION ................................................................................................. 1

4    II.     STATEMENT OF FACTS ..................................................................................... 1

     III.    LEGAL STANDARD.............................................................................................. 3

5    IV.     ARGUMENT .......................................................................................................... 4

6            A.      Plaintiffs' Choice of Forum is Entitled to Substantial Deference ............... 4

7            B.      Defendants Fail To Carry Their Heavy Burden to Transfer This
                     Litigation........................................................................................................ 6

8            C.      Convenience of Witnesses and Parties Continue to Support Venue
                     in This District ............................................................................................... 7

9    V.      CONCLUSION ....................................................................................................... 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO TRANSFER VENUE

1

**TABLE OF AUTHORITIES**

2

**Page**

3

<u>CASES</u>

4

5

*Alexander v. Franklin Res., Inc.*,
  No. C 06-7121 SI, 2007 WL 518859 (N.D. Cal. Feb. 14, 2007) ................................. 5

6

*Brandon Apparel Group, Inc. v. Quitman Mfg. Co. Inc.*,
  42 F. Supp. 2d 821 (N.D. Ill. 1999) ................................................................. 8

7

8

*Carolina Casualty Co. v. Data Broad Corp.*,
  158 F. Supp. 2d 1044 (N.D. Cal. 2001) ........................................................... 6

9

*Decker Coal Co. v. Commonwealth Edison Co.*,
  805 F.2d 834 (9th Cir. 1986) ................................................................... 6, 8

10

*Dole Food Co. v. Watts*,
  303 F.3d 1104 (9th Cir. 2002) ..................................................................... 4

11

12

*Dwyer v. General Motors Corp.*,
  853 F. Supp. 690 (S.D.N.Y. 1994) ............................................................... 6, 7

13

*Futures Trading Comm'n v. Savage*,
  611 F.2d 270 (9th Cir. 1979) ....................................................................... 8

14

*Jones v. GNC v. Franchising, Inc.*,
  211 F.3d 495 (9th Cir. 2000) ....................................................................... 3

15

16

*Koster v. (American) Lumbermens Mutual Casualty Co.*,
  330 U.S. 518 (1947) ............................................................................... 4

17

*Laumann Mfg. Corp. v. Castings USA, Inc.*,
  913 F. Supp. 712 (E.D.N.Y. 1996) ................................................................. 7

18

*Linear Tech. Corp. v. Analog Devices, Inc.*,
  No. 94-3988, 1995 WL 225672 (N.D. Cal. 1995) ............................................... 6

19

20

*Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League*,
  89 F.R.D. 497 (C.D. Cal. 1981) ................................................................... 3

21

*Northern Acceptance Trust 1065 v. Gray*,
  423 F.2d 653 (9th Cir. 1970) ....................................................................... 3

22

23

*Palmco Corp. v. JSC Techsnabexport*,
  448 F. Supp. 2d 1194 (C.D. Cal 2006) ........................................................... 4

24

*Pilates, Inc. v. Pilates Institute, Inc.*,
  891 F. Supp. 175 (S.D.N.Y. 1995) ................................................................. 8

25

26

*Piper Aircraft v. Reyno*,
  454 U.S. 235 (1981) ............................................................................. 4, 6

27

28

- ii -

1

## TABLE OF AUTHORITIES
### (continued)

2

Page

3

*Royal Queentex Enters, Inc. v. Sara Lee Corp.*,
   2000 WL 246599 (N.D. Cal. 2000) ........................................................................... 6, 7

4

*Scheidt v. Klein*,
   956 F.2d 963 (10th Cir. 1992) ..................................................................................... 7

5

6

*Securities Investor Protection Corp. v. Vigman*,
   764 F.2d 1309 (9th Cir. 1985) ..................................................................................... 3

7

*Stellcase, Inc. v Haworth*,
   41 U.S.P.Q. 2d 1468 (C.D. Cal. 1996) ....................................................................... 7

8

9

*Stewart v. AT&T, Inc.*,
   No C06-7633 SI, 2007 WL 1031263 (N.D. Cal. Apr. 3, 2007) ................................... 5

10

*Strigliabotti v. Franklin Resources, Inc.*,
   2004 WL 22682482 *3 (N.D. Cal. Oct. 5, 2004) .............................................. 3, 4, 9

11

12

*STX, Inc. v. Trik Stik, Inc.*,
   708 F.Supp. 1551 (N.D. Cal. 1988) ......................................................................... 3, 8

13

*Williams v. Bowman*,
   157 F.Supp.2d 1103 (N.D. Cal. 2001) ........................................................................ 3

14

15

## **STATUTES**

16

28 U.S.C. §1404(a) .......................................................................................................... 1, 3

17

C.C.P. § 377.30 ................................................................................................................... 2

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO TRANSFER VENUE

## I.    **INTRODUCTION**

This is a product liability personal injury lawsuit where the only two living plaintiffs, Susan and Arthur Farmer reside in Contra Costa County.  The other injured person involved in the incident at issue was Virginia M. Farley.  Ms. Farley passed away on November 13, 2006.  The other two plaintiffs are the Estate of Virginia M. Farley and the Virginia M. Farley Revocable Trust.  Thus, the only living plaintiffs in this action reside in Contra Costa County. Plaintiffs' choice of forum in Northern District of California is proper since it is clearly the most convenient forum for Plaintiffs and a number of their witnesses who also reside in California or are willing to travel to California.

Defendants' argument that this Court should transfer venue from the Northern District of California to the Northern District of Ohio pursuant to 28 U.S.C. §1404(a) is unwarranted.  The only live witnesses that are party to this action reside in Contra Costa, California.  Furthermore, witnesses such as the doctors that treated and continue to treat Plaintiff Susan Farmer for her long term injuries are all located in Bay Area.  Other key witnesses such as Ford employees and Plaintiffs' expert witnesses do not reside in either California or Ohio, thereby making this forum equally convenient to all witnesses.

## II.    **STATEMENT OF FACTS**

As detailed in Plaintiffs' Complaint, the causes of action arise from a tragic incident which occurred on June 10, 2006 in the parking lot of the Carousel Dinner Theatre in Akron, Ohio.  Plaintiffs' Complaint at ¶ 3.  Plaintiff Susan Farmer started the ignition of the rented Grand Marquis.  *Id*.  In order to assist her elderly mother, Virginia M. Farley ("Farley"), into the vehicle, she placed the Grand Marquis' automatic transmission in what she reasonably believed from the vehicle's "cues" – the location of the shift selector, the sound of the engine, and the vehicle did not move when she pulled her foot off the brake -- to be "park."  *Id*.  Susan Farmer then exited the vehicle and walked behind it to the passenger side to assist Farley into the vehicle. *Id*.  As Farley opened the passenger door, the Grand Marquis, without warning, self-shifted (*i.e.*, without any manipulation of the shift selector by Susan Farmer or Farley) into a power reverse, knocking Farley to the ground seriously injuring her.  *Id*.  In an attempt to protect Farley from the

moving vehicle, Susan Farmer, attempted to pull Farley away and got caught between the vehicle's floorboard and the open passenger door. *Id.* Susan Farmer was then dragged 80 feet across the parking lot. *Id.* The car eventually hit a curb and Susan Farmer fell free from the door gravely injured. *Id.*

Ninety-three year old Farley passed away on November 13, 2006. *Id.* at ¶ 9. Gail F. Royster, is the daughter of Farley and the personal representative under C.C.P. § 377.30 to decedent Farley as the executor of the Estate of Virginia M. Farley and the trustee for the Virginia M. Farley Revocable Trust. *Id.* Gail F. Royster brings causes of action alleged in the complaint pursuant to C.C.P. § 377.30. *Id.*

Plaintiffs Susan Farmer and her husband Arthur Farmer reside in Orinda, California and plan to participate and be involved in most, if not all, of the hearings in this action. Declaration of Susan Farmer in Opp. to Defendants' Motion for Transfer of Venue ("Farmer Decl.") at ¶ 2.

As a result of the incident at issue, Susan Farmer suffered debilitating injuries to her spine. Farmer Decl. at ¶ 3. Susan Farmer required extensive medical treatment, including major reconstructive spinal surgery and spinal fusion - all which took place in San Francisco and Contra Costa County. *Id.*

While numerous lawsuits have been filed against automakers Ford and DaimlerChrysler Corporation, the first park-to-reverse case to go to trial in many years was *Mraz v. DaimlerChrysler* Corporation, No. BC332487 in the Los Angeles Superior Court. *Declaration of Scott P. Nealey in Opp. to Defendants' Motion for Transfer of Venue* ("Nealey Decl.") at 2. The case resulted in a verdict on March 9, 2007 of over $55 million, including $50 million in punitive damages. *Id.* Plaintiffs' counsel has also recently settled a similar park-to-reverse case filed in Sacramento Superior Court six days before trial, and is currently in another trial against DaimlerChrysler involving the same park-to-reverse issues in New Orleans, Louisiana. *Id* at 5. While, defendants attempt to convince this Court that crucial witnesses include those who were at the scene of the accident or responded to the accident, other than any witnesses who actually saw the accident – and here this is only Susan Farmer, the testimony of

1  first responders is neither relevant, nor has it been introduced in past trials. The instant case is

2  about a product defect, and because testimony will come from Plaintiffs, their doctors (who reside

3  in the Bay Area) and Ford's employees and experts, for whom Ohio is not a more convenient

4  location, and since any relevant police or firemen can be deposed, Defendants have failed to meet

5  its burden of showing that such witnesses are material to this product defect case. Likewise,

6  because the parties' experts inspect the scene, and the defect is in the vehicle, there is no need for

7  a jury to inspect the accident site, nor has their ever been a site view in a park-to-reverse case.

8  **III.   LEGAL STANDARD**

9        District courts have broad latitude in deciding whether to transfer a case to another

10  district or division. *See Strigliabotti v. Franklin Resources, Inc.*, 2004 WL 22682482 *3 (N.D.

11  Cal. Oct. 5, 2004) (citing *Jones v. GNC v. Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000)).

12        The party moving for transfer has the heavy burden of demonstrating that the

13  multi-factor analysis required under 28 U.S.C. § 1404(a) "clearly favors" transfer to the

14  alternative forum. Courts typically consider the following factors:  (1) plaintiff's choice of forum,

15  (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the

16  evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of

17  other claims, (7) any local interest in the controversy, and (8) the relative court congestion and

18  time of trial in each forum. *See, e.g., Williams v. Bowman*, 157 F.Supp.2d 1103, 1106 (N.D. Cal.

19  2001) (citations omitted).

20        It is well established that "In seeking to transfer a case to a different district, a

21  defendant bears a heavy burden of proof to justify the necessity of the transfer. The plaintiff's

22  choice of forum should not be easily overturned." *See STX, Inc. v. Trik Stik, Inc.*, 708 F.Supp.

23  1551, 1555-56 (N.D. Cal. 1988); *Northern Acceptance Trust 1065 v. Gray,* 423 F.2d 653, 654

24  (9th Cir. 1970); *see also Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1317

25  (9th Cir. 1985) (courts generally will not order a transfer unless the "convenience" and "justice"

26  factors strongly favor venue elsewhere); *see also Los Angeles Memorial Coliseum Comm'n v.*

27  *Nat'l Football League,* 89 F.R.D. 497, 499 (C.D. Cal. 1981) ("The burden of establishing that an

28  action should be transferred is on the moving party….This is particularly so when the forum

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO TRANSFER VENUE
CASE NO. C 07-03539 SI

1  chosen is not only the plaintiff's domicile but also has a significant connection with the subject

2  matter of the case.").

3  **IV.    ARGUMENT**

4        **A.    Plaintiffs' Choice of Forum is Entitled to Substantial Deference**

5        As a general rule, a plaintiff's choice of forum is to be given great deference.

6  *Palmco Corp. v. JSC Techsnabexport*, 448 F. Supp. 2d 1194, 1198 (C.D. Cal 2006), *citing Piper*

7  *Aircraft v. Reyno*, 454 U.S. 235, 244 (1981).

8        Section 1404(a) of Title 28 permits a court to transfer a case to another venue only

9  when the convenience to <u>both</u> parties of litigating in the transferee forum outweighs the deference

10  paid to the plaintiff's choice of forum.  *See Strigliabotti*, 2004 WL 22682482 *3.  Otherwise

11  stated, Plaintiff's choice of forum should be disturbed rarely, and only when "defendants have

12  made a clear showing of facts which . . . establish such oppression and vexation of a defendant as

13  to be out of proportion to plaintiff's convenience."  *Dole Food Co. v. Watts*, 303 F.3d 1104, 1008

14  (9th Cir. 2002).  Defendants have not made that showing here because such facts do not exist.

15        Defendants' refusal to acknowledge that Plaintiff's choice of forum is entitled to

16  substantial deference lacks merit.  A plaintiff's choice of venue gets great deference especially

17  when suit is in plaintiff's home forum.  *Koster v. (American) Lumbermens Mutual Casualty Co.*,

18  330 U.S. 518, 524 (1947).

19        The cases that Defendants cite in support of its restrictive interpretations as to why

20  Plaintiffs' choice of forum is entitled to little or no deference are readily distinguishable.

21        First, Defendants argument that Plaintiffs' choice of forum is a result of forum

22  shopping because Plaintiffs "initially prosecuted a lawsuit in an alternate jurisdiction," is based

23  on entirely made up facts. *Defendants' Memorandum of Points and Authorities In Support of*

24  *Motion for Transfer Venue* ("*Defs' MPA*") at 8.  The day after the accident occurred, Plaintiff

25  Arthur Farmer called Ohio attorney, Dean S. Hoover for the purpose of immediately preserving

26  the condition of the rented 2006 Grand Marquis.  *Declaration of Arthur Farmer In Opp. to*

27  *Defendants' Motion to Transfer Venue* ("Arthur Farmer Decl."), at ¶ 3.  Plaintiffs in this case

28  never hired or signed a retainer agreement with Mr. Hoover, and never filed a lawsuit in Ohio.

- 4 -

1    *Id*. This case is, therefore, clearly distinguishable from *Alexander v. Franklin Res., Inc*. In

2    *Alexander*, Plaintiff originally filed a case in New Jersey and then filed in California after

3    receiving an unfavorable ruling. *Alexander v. Franklin Res., Inc.*, No. C 06-7121 SI, 2007 WL

4    518859, at *3-4 (N.D. Cal. Feb. 14, 2007). Furthermore, Plaintiff in *Alexander* did not reside in

5    California. *Id*. Unlike in *Alexander*, Plaintiffs in this action never filed a lawsuit in Ohio,

6    certainly never had an unfavorable ruling against them, and are California residents. *Alexander*,

7    2007 WL 518859, at *4; *Arthur Farmer Decl.* at ¶3. Furthermore, Plaintiffs did not arbitrarily

8    chose to litigate this case in the Northern District of California and thus cannot be accused of

9    forum-shopping. The two living Plaintiffs in this action reside in this forum and a number of their

10   witnesses including the doctors and surgeons that treated Plaintiff Susan Farmer reside in the Bay

11   Area. *Farmer Decl*. at ¶ 3. Accordingly, Plaintiffs choice of forum is afforded substantial

12   deference.

13           Second, Defendants argue that considerably less weight is given to plaintiff's

14   choice when plaintiff does not reside in the forum. *Defs' MPA* at 8. Defendants cite to *Stewart v.*

15   *AT&T, Inc.*, No C06-7633 SI, 2007 WL 1031263 (N.D. Cal. Apr. 3, 2007). However in *Stewart*,

16   the Plaintiff did not reside in the forum and did not have any connection to the forum. *Stewart*,

17   2007 WL 1031263 *7. Here, the only two living Plaintiffs reside in Contra Costa county.

18   Plaintiffs' choice of forum accordingly should not be disturbed.

19           Third, Defendants assert that Plaintiffs' choice of forum should be given minimal

20   deference because no acts allegedly giving rise to any particular action in this complaint occurred

21   in this district. Defendants are correct that the injuries sustained as a result of the product defect

22   of the Ford automobile occurred in Ohio, but the solicitation by Budget and the rental of the

23   subject vehicle occurred in this district. Even were this a simple auto accident case, the location

24   of the accident is not determinative and does not diminish the weight that is to be accorded to

25   Plaintiffs' decision to institute this action in the forum where they reside.

26           In evaluating the relevance of where the operative events took place, it is

27   important to keep in mind what Plaintiffs' theories of liability are in this case. This is not a

28   routine tort claim where the site of the accident itself is where the operative events took place.

1    Testimony of eyewitnesses at the scene of the accident and likewise testimony from responding

2    officers and medical personnel are either irrelevant (in prior park to reverse cases they have not

3    even testified) or of little relevance in a products liability case such as this one where the issue is

4    whether there is a defect in the automatic transmission of the Grand Marquis, whether Defendants

5    had knowledge of such defect, and the damages suffered by Plaintiffs.  In a products liability

6    action alleging strict liability and negligence, the place where Plaintiffs' injuries occurred are

7    irrelevant compared to where the design and manufacture of the product took place.  *Dwyer v.*

8    *General Motors Corp.*, 853 F. Supp. 690, 692-693 (S.D.N.Y. 1994) (in products liability action,

9    transfer to site of accident denied because eyewitnesses to accident and jury's need to view

10    accident scene were relatively unimportant compared to witnesses and documents related to issue

11    of defective design that were located elsewhere).

12          For the reasons discussed above, Plaintiffs' choice of forum is entitled to

13    substantial deference.

14          **B.**    **Defendants Fail To Carry Their Heavy Burden to Transfer This Litigation**

15          The heavy burden of showing that a case should be transferred is on the moving

16    party.  *Carolina Casualty Co. v. Data Broad Corp.*, 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001).

17    More precisely, the moving party must prove that (1) venue would be proper in the transferee

18    district and (2) "that the balance of conveniences weighs heavily in favor of the transfer in order

19    to overcome the strong presumption in favor of the plaintiff's choice of forum."  *Royal Queentex*

20    *Enters, Inc. v. Sara Lee Corp.*, 2000 WL 246599 at *2 (N.D. Cal. 2000) *citing Decker Coal Co. v.*

21    *Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Piper Aircraft Co. v. Reyno*, 454

22    U.S. 235-255-56 (1981).

23          Where, as here, "plaintiff has selected a forum that clearly meets the general venue

24    requirements, as is the case here, a transfer should be ordered only when, after considering all the

25    pertinent factors, the balance *clearly* tips in favor of transfer."  *Linear Tech. Corp. v. Analog*

26    *Devices, Inc.*, No. 94-3988, 1995 WL 225672, at *1 (N.D. Cal. 1995). (emphasis supplied).  Here,

27    the forum chosen by Plaintiffs is the one in which the only living Plaintiffs reside, and in which a

28

1  good number of the material witnesses reside, meaning that the balance of factors clearly tips

2  *against* transfer.

3      **C.    Convenience of Witnesses and Parties Continue to Support Venue in This
           District**

4

5          To demonstrate inconvenience, the moving party "should produce information

6  regarding the identity and location of the witnesses, the content of their testimony, and why such

7  testimony is relevant to the action . . . . The Court will consider not only the number of witnesses

8  located in their respective districts, but also the nature and quality of their testimony." *Royal*

9  *Queentex Enters. v. Sara Lee Corp.*, No. 99-4787, 2000 WL 246599, at *6 (N.D. Cal. 2000)

10  (quoting *Stellcase, Inc. v Haworth*, 41 U.S.P.Q. 2d 1468, 1470 (C.D. Cal. 1996)).

11          Herein, Defendants' convenience argument is entirely based on the unsupported

12  assertion that crucial witnesses to the accident are primarily located in Ohio. *Defs' MPA* at 10.

13  In support of this argument, Defendants point to responding officers Jackson, Hornaceck and

14  Thomas, unnamed medical service personnel, unnamed Budget employees at it's Cleveland, Ohio

15  rental facility, and unnamed employees at the Carousel Dinner Theatre. *Id*. Aside from the fact

16  that this case is premised upon the product defect of the Ford vehicle and such witnesses are

17  substantially irrelevant to the issues in this case, Defendants failed to provide factual information

18  relative to the substance and relevance of their testimony as is required to support a motion to

19  transfer. *Royal Queentex Enters. v. Sara Lee Corp.*, No. 99-4787, 2000 WL 246599, at *6 (N.D.

20  Cal. 2000) (quoting *Stellcase, Inc. v Haworth*, 41 U.S.P.Q. 2d 1468, 1470 (C.D. Cal. 1996)); *see*

21  *also Scheidt v. Klein,* 956 F.2d 963, 966 (10th Cir. 1992) (district court must receive "some

22  factual information relative to the materiality of witness testimony"); *Dwyer v. General Motors*

23  *Corp.*, 853 F. Supp. 690, 693 (S.D.N.Y. 1994) (denying transfer when defendant's out-of-state

24  witnesses were less material than plaintiff's in state witness); *Laumann Mfg. Corp. v. Castings*

25  *USA, Inc.*, 913 F. Supp. 712, 721 (E.D.N.Y. 1996) (denying transfer because defendant failed to

26  state substance of key witnesses' testimony). "To meet the burden of demonstrating that transfer

27  is in the convenience of the witnesses, the party seeking transfer must specifically list the

28  evidence and witnesses on which the party intends to rely in the transferee district, along with a

1    general statement of the topics of each witness' testimony . . . . Absent such a showing, the

2    motion should be denied." *Pilates, Inc. v. Pilates Institute, Inc.*, 891 F. Supp. 175, 183 (S.D.N.Y.

3    1995).

4         Additionally, a defendant must make a strong showing of inconvenience for these

5    highly relevant witnesses (and perhaps that their testimony might otherwise be unavailable to

6    warrant upsetting a plaintiff's choice of forum).  *Decker Coal Co. v. Commonwealth Edison Co.*,

7    805 F.2d 834, 843 (9th Cir. 1986); *Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th

8    Cir. 1979) ("The burden is on the party seeking transfer to show that when these factors are

9    applied, the balance of conveniences clearly favors transfer.").

10        In evaluating the convenience of witness factor, courts consider not only the

11   number of witnesses located in the respective districts, but also the nature and quality of their

12   testimony in relation to the issues in the case.  *Brandon Apparel Group, Inc. v. Quitman Mfg. Co.*

13   *Inc.,* 42 F. Supp. 2d 821, 834 (N.D. Ill. 1999).  Here, defendants failed to show the relevance and

14   provide details as to why the testimony from this purported list of percipient witnesses would be

15   material to this product defect case involving a defect that is not visible to the naked eye, and

16   must be shown via reconstruction of the accident by experts.  *See* Nealey Decl. at ¶¶ 4-5.

17        Defendants next argue that the convenience of parties weighs in favor of transfer.

18   Defs' MPA at 12. However, as they must, Defendants concede that neither Ford nor Budget are

19   residents of Ohio.  *Id.*  In addition, the 2006 Grand Marquis that is the subject of this litigation

20   was designed in Michigan and manufactured in Canada.  *Nassihi Decl.* at ¶ 6, Exh. C.  Further,

21   although Gail Royster, the personal representative and trustee for the Estate of Virginia M. Farley

22   and the Virginia M. Farley Revocable Trust, resides in Ohio, she will voluntarily appear in

23   California for deposition or trial if needed.  *See* Farmer Decl. at ¶ 4.  At best, a transfer to Ohio

24   would be no more convenient to Defendants, and very inconvenient for the living Plaintiffs and

25   their treatment doctors.  Thus, the mere fact that Defendants attempt to claim that Ohio may be a

26   more convenient venue for them alone does not warrant transfer:  "[i]f the gain to convenience to

27   one party is offset by the added inconvenience to the other, the courts have denied transfer of the

28   action*." STX, Inc. v. Trik Stik, Inc.*, 708 F.Supp. 1551, 1556 (N.D. Ca. 1998).

1    Transfer must enhance all parties' convenience, not just the moving party's. If

2  transfer merely shifts the inconvenience of litigating from one party to another and/or if the

3  moving party only demonstrates that it prefers the alternate forum, then transfer is inappropriate.

4  *See Strigliabotti*, 2004 WL 22682482 *3. This factor accordingly does not weigh strongly in

5  favor of transfer, but rather strongly in favor of denying Defendants' motion.

6  **V.    CONCLUSION**

7    Venue is proper and convenient in the Northern District of California. Defendants'

8  attempt to transfer this case to Ohio should be rejected because the totality of determinative

9  factors clearly weigh against transfer:

10       • Plaintiffs choice of forum is entitled to substantial deference.

11       • Defendants fail to carry their heavy burden to transfer this litigation.

12       • Convenience of witnesses and parties continue to support venue in this

13         district.

14

15  Dated: November 6, 2007        Respectfully submitted,

16                     LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

17

18                     By:   /s/ Nancy Chung
                            Nancy Chung

19
                          Robert J. Nelson (State Bar No. 132797)
20                        Scott P. Nealey (State Bar No. 193062)
                          Nancy Chung (State Bar No. 225584)
21                        LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
                          Embarcadero Center West
22                        275 Battery Street, 30th Floor
                          San Francisco, CA  94111-3339
23                        Telephone:  (415) 956-1000
                          Facsimile:  (415) 956-1008
24                        Attorneys for Plaintiffs

25

26

27

28