Robert J. Nelson (State Bar No. 132797)
Scott P. Nealey (State Bar No. 193062)
Nancy Chung (State Bar No. 225584)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUSAN FARMER, ARTHUR FARMER, ESTATE OF VIRGINIA M. FARLEY, VIRGINIA M. FARLEY REVOCABLE TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, BUDGET RENT A CAR SYSTEM, INC., and DOES 1-100, inclusive,<br><br>Defendants. | Case No. C 07-03539 SI<br><br>**DECLARATION OF SCOTT P. NEALEY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE**<br><br>Date:       November 30, 2007<br>Time:      9:00 a.m.<br>Judge:     Susan Ilston<br>Courtroom: 10 |

I, Scott P. Nealey, declare as follows:

1. I am a partner at the law firm of Lieff, Cabraser, Heimann & Bernstein, LLP, am a member in good standing of the bar of the State of California, and have been admitted to practice in numerous federal courts. I am one of counsel for Plaintiffs in this action. This declaration is made under penalty of perjury, and if called to, I could testify competently to the information contained herein.

2. I was counsel for Plaintiffs in the case *Mraz v. DaimlerChrysler Corporation*, No. BC332487, tried to verdict before the Honorable Mel Recana in Department 45.

A true and correct copy of the verdict in this case is attached hereto as Exhibit A.  The verdict was upheld in post-trial motions, and the case is now on appeal.  The *Mraz* case involved a similar transmission defect (inadequate detente force provided by the detente spring to insure that an operator cannot leave the shift selector between gears, resulting in a delayed engagement of hydraulic reverse) in a 1991 Dodge Dakota pickup.  When the *Mraz* case was tried, the expert witnesses presented by Plaintiffs were from respectively Phoenix, Detroit, Irvine, California, and Washington, D.C.

3. For the instant case, Plaintiffs would utilize the same witnesses, and likely an additional witness from Detroit.

4. In the *Mraz* case there was no site view (none was even requested); nor did the actual accident scene play any role in the accident; nor did any EMT or police officer testify. The defect was shown to the jury via reconstruction of the accident by experts.

5. Likewise in the case of *Craggs v. DaimlerChrysler*, which was settled six days before trial, Plaintiffs, while arranging to call the Craggs' treatment doctors, did not list, or would we have called at trial the EMT and police officers who responded to the accident. Likewise, no party requested a site view.

I hereby declare that the foregoing is true and correct to the best of my knowledge under penalty of perjury.

Executed on this 6th day of November, 2007 at San Francisco, California.

_____
SCOTT P. NEALEY

735511.1 - 2 - DECLARATION OF SCOTT P. NEALEY ISO PLIFS' OPP TO DFDTS' MOTION TO TRANSFER VENUE
CASE NO. C 07-03539 SI