Robert J. Nelson (State Bar No. 132797)
Scott P. Nealey (State Bar No. 193062)
Nancy Chung (State Bar No. 225584)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUSAN FARMER, ARTHUR FARMER, ESTATE OF VIRGINIA M. FARLEY, VIRGINIA M. FARLEY REVOCABLE TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, BUDGET RENT A CAR SYSTEM, INC., and DOES 1-100, inclusive,<br><br>Defendants. | Case No. C 07-03539 SI<br><br>**DECLARATION OF SCOTT P. NEALEY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE**<br><br>Date:      November 30, 2007<br>Time:     9:00 a.m.<br>Judge:    Susan Ilston<br>Courtroom: 10 |

I, Scott P. Nealey, declare as follows:

1. I am a partner at the law firm of Lieff, Cabraser, Heimann & Bernstein, LLP, am a member in good standing of the bar of the State of California, and have been admitted to practice in numerous federal courts. I am one of counsel for Plaintiffs in this action. This declaration is made under penalty of perjury, and if called to, I could testify competently to the information contained herein.

2. I was counsel for Plaintiffs in the case *Mraz v. DaimlerChrysler*

1. *Corporation*, No. BC332487, tried to verdict before the Honorable Mel Recana in Department 45. A true and correct copy of the verdict in this case is attached hereto as Exhibit A. The verdict was upheld in post-trial motions, and the case is now on appeal. The *Mraz* case involved a similar transmission defect (inadequate detente force provided by the detente spring to insure that an operator cannot leave the shift selector between gears, resulting in a delayed engagement of hydraulic reverse) in a 1991 Dodge Dakota pickup. When the *Mraz* case was tried, the expert witnesses presented by Plaintiffs were from respectively Phoenix, Detroit, Irvine, California, and Washington, D.C.

3. For the instant case, Plaintiffs would utilize the same witnesses, and likely an additional witness from Detroit.

4. In the *Mraz* case there was no site view (none was even requested); nor did the actual accident scene play any role in the accident; nor did any EMT or police officer testify. The defect was shown to the jury via reconstruction of the accident by experts.

5. Likewise in the case of *Craggs v. DaimlerChrysler*, which was settled six days before trial, Plaintiffs, while arranging to call the Craggs' treatment doctors, did not list, or would we have called at trial the EMT and police officers who responded to the accident. Likewise, no party requested a site view.

I hereby declare that the foregoing is true and correct to the best of my knowledge under penalty of perjury.

Executed on this 6th day of November, 2007 at San Francisco, California.

_____
SCOTT P. NEALEY

# EXHIBIT A

FEB 27 2007
DEPT. 45

FILED
LOS ANGELES SUPERIOR COURT
MAR 2 2007
JOHN A. CLARKE, CLERK
BY D. HARO, DEPUTY

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ADRIANA MRAZ; ESTATE OF RICHARD MRAZ; a minor plaintiffs ADDISON MRAZ, JOE LOPEZ, ROY LOPEZ, through their Guardian Ad Litem Adriana Mraz, <br><br> Plaintiff, <br><br> v. <br><br> DAIMLERCHRYSLER CORPORATION, <br><br> Defendant. | CASE NO. BC 332487 <br><br> **SPECIAL VERDICT FORM** <br><br> Department: 45 <br> Judge: Hon. Mel Red Recana |

We answer the questions submitted to us as follows:

1. Was the design of the 1992 Dodge Dakota a substantial factor in causing harm to Richard Mraz?

   Yes  ✓          No  _____

   [If yes, please answer #2, #3, and #4.  If no, go to #5.]

2. Do the risks of the design of the 1992 Dodge Dakota outweigh the benefits of the design?

   Yes  ✓          No  _____

   [Go to #3.]

1

724678.1

SPECIAL VERDICT FORM

3. Did the 1992 Dodge Dakota fail to perform as safely as an ordinary consumer would have expected it to perform?

   Yes ✓          No ____

   [Go to #4.]

4. Was DaimlerChrysler Corporation negligent in designing the 1992 Dodge Dakota?

   Yes ✓          No ____

   [Go to #5.]

5. Did DaimlerChrysler Corporation fail to adequately warn or instruct of the potential risks associated with the 1992 Dodge Dakota?

   Yes ✓          No ____

   [If yes, go to #6. If no, go to #7.]

6. Was the lack of adequate warning or instruction regarding the potential risks associated with the 1992 Dodge Dakota a substantial factor in causing harm to Richard Mraz?

   Yes ✓          No ____

   [Go to #7.]

7. Was DaimlerChrysler Corporation negligent in failing to adequately recall or retrofit the 1992 Dodge Dakota?

   Yes ✓          No ____

   [If yes, go to #8. If no, go to the note following #8.]

724678.1

2

SPECIAL VERDICT FORM

8. Was DaimlerChrysler Corporation's negligence in failing to adequately recall or retrofit the 1992 Dodge Dakota a substantial factor in causing harm to Richard Mraz?

   Yes __✓__   No _____

   [If you answered yes to any of #2, #3, #4, #6, or #8, go to #9. If not, sign and date the verdict form.]

9. What are the total economic damages incurred by the estate of Richard Mraz? Do not reduce these damages based on the fault, if any, of Richard Mraz and/or others.

   a. Medical expenses:        $ 175,534.25
   b. Lost wages prior to death: $ 4,029.00

   [Go to #10.]

10. What are the total economic and non-economic damages incurred by the heirs of Richard Mraz, who are Adriana Mraz, Addison Mraz, Joe Lopez, and Ray Lopez? Do not reduce these damages based on the fault, if any, of Richard Mraz and/or others.

    a. Economic damages:     $ 3,033,753
    b. Non-economic damages: $ 2,000,000

    [Go to #11.]

11. Was Richard Mraz negligent?

    Yes __✓__   No _____

    [If yes, go to #12. If no, enter 0% for #15a and then go to #13.]

12. Was Richard Mraz's negligence a substantial factor in causing his death?

    Yes __✓__   No _____

    [If yes, go to #13. If no, enter 0% for #15a and then go to #13.]

---

724678.1

3

SPECIAL VERDICT FORM

13. Was American President Lines/Eagle Marine Services negligent?

    Yes ✓          No _____

    [If yes, go to #14. If no, enter 0% for #15b and then complete #15.]

14. Was the negligence of American President Lines/Eagle Marine Services a substantial factor in causing Richard Mraz's death?

    Yes ✓          No _____

    [If yes, go to #15. If no, enter 0% for #15b and then complete #15.]

15. What percentage of responsibility for Richard Mraz's death do you assign to each of the following? Your total must be 100%:

    a. Richard Mraz:                                          10 %

    b. American President Lines/Eagle Marine Services:        15 %

    c. DaimlerChrysler Corporation:                           75 %

    TOTAL:                                                   100%

    [If you assigned any percentage of responsibility to DaimlerChrysler Corporation, go to #16. If not, sign and date the verdict form.]

16. Do you find, by clear and convincing evidence, that DaimlerChrysler Corporation acted with malice when engaging in the conduct upon which you have based your finding of liability?

    Yes ✓          No _____

[Sign and date the verdict form.]

3/2/07                                    Carol S. Libby
Date                                      Foreperson

4

SPECIAL VERDICT FORM

FILED
LOS ANGELES SUPERIOR COURT
MAR 7 2007
JOHN A. CLARKE, CLERK
BY D. HARO, DEPUTY

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

ADRIANA MRAZ; ESTATE OF RICHARD MRAZ; a minor plaintiffs ADDISON MRAZ, JOE LOPEZ, ROY LOPEZ, through their Guardian Ad Litem Adriana Mraz,

Plaintiff,

v.

DAIMLERCHRYSLER CORPORATION,

Defendant.

CASE NO. BC 332487

**SPECIAL VERDICT FORM**

Department: 45
Judge: Hon. Mel Red Recana

We answer the questions submitted to us as follows:

1. What amount of punitive damages, if any, do you award to the estate of Richard Mraz?

   $ 50,000,000

[Please sign and date the verdict form.]

3/7/07
Date

_Carol S. Libby_
Foreperson

1
SPECIAL VERDICT FORM

724678.1