**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SUSAN FARMER, *et al.*,

Plaintiffs,

v.

FORD MOTOR CO., *et al.*,

Defendants.
_______________________________/

No. C 07-3539 SI

**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE TO NORTHERN DISTRICT OF OHIO**

Defendants' motion to transfer venue is scheduled for a hearing on November 30, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendants' motion and TRANSFERS this action to the United States District Court for the Northern District of Ohio.

**BACKGROUND**

This case arises out of an automobile accident that occurred on June 10, 2006 in Akron, Ohio. On June 8, 2006, plaintiff Susan Farmer rented a 2006 Grand Marquis from defendant Budget Rent A Car located at Cleveland Hopkins International Airport in Ohio. Complaint ¶¶ 2-3.[1] Mrs. Farmer was visiting her mother, Virginia Farley, in Ohio where Ms. Farley lived. *Id.* ¶¶ 5, 10. The complaint alleges that on June 10, 2006, in the parking lot of the Carousel Dinner Theater in Akron, Ohio, Mrs. Farmer put the rental car into what she believed to be "park," and then exited the car to assist her mother

[1] The complaint alleges that "the solicitation for and eventual reservation with BUDGET for the GRAND MARQUIS rental car was made in Contra Costa County, California." *Id.* ¶ 5.

into the passenger seat of the car. *Id.* ¶ 3. Plaintiffs allege that as Mrs. Farmer opened the passenger door, the car self-shifted into "reverse," knocking Ms. Farley to the ground. *Id.* Mrs. Farmer attempted to pull her mother away from the car, and became caught between the car's floorboard and the open passenger door. *Id.* Mrs. Farmer was dragged 80 feet across the parking lot. *Id.* Both Mrs. Farmer and her mother were injured as a result of the accident. *Id.*

Mrs. Farmer and her mother received assistance at the scene from members of the Akron Police Department, and were then taken to the Akron City Hospital where they received further treatment. Nassihi Decl. ¶ 2, Ex. A. Mrs. Farmer has required extensive medical treatment as a result of her injuries, including major reconstructive spinal surgery and spinal fusion, which took place in San Francisco and Contra Costa County. Farmer Decl. ¶ 3. The allegedly defective car is being stored in Cleveland, Ohio. Kachler Decl. ¶ 6. Soon after the accident, Mrs. Farmer and Ms. Farley retained a Hudson, Ohio attorney to represent them and to ensure that the vehicle be preserved in its then-current condition. Nassihi Decl. Ex. B.

On June 7, 2007, Mrs. Farmer, the Estate of Virginia M. Farley,[2] and the Virginia M. Farley Revocable Trust, through executor and trustee, Gail M. Royster, filed this action in Contra Costa County Superior Court, alleging strict products liability, negligence, violations of California Business & Professions Code § 17200 *et seq.*, and California Civil Code § 750 *et seq.* In addition, Arthur L. Farmer, Mrs. Farmer's husband, alleges loss of consortium due to his wife's injuries. Mr. and Mrs. Farley live in Orinda, California. Complaint ¶¶ 7-8. Gail M. Royster is Virginia Farley's daughter, and is a resident of Ohio. *Id.* ¶ 9.

Defendant Budget Rent A Car System, Inc., rented and maintained the allegedly defective car solely in Ohio. Kachler Decl. ¶¶ 3-4. Of the previous renters of the car who Budget has identified to date, none are residents of California, and four are residents of Ohio. *Id.* ¶ 5. Defendant Ford Motor Company has submitted documents showing that the vehicle was designed in Michigan and assembled in Canada. Nassihi Decl. ¶ 6, Ex. C. Defendant Ford is a Delaware corporation with its headquarters in Dearborn, Michigan. *Id.* ¶ 12. Defendant Budget is a Delaware corporation with its principal place

---

[2] The complaint states that Ms. Farley passed away in November 2006, at the age of 93. Complaint ¶ 9.

United States District Court
For the Northern District of California

of business in Parsippany, New Jersey. Eisenberg Decl. ¶ 2.

On July 9, 2007, defendants removed this action on the basis of diversity jurisdiction. Defendants now move to transfer this action to the Northern District of Ohio pursuant to 28 U.S.C. § 1404(a).

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964) (internal citations and quotation omitted). A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

To support a motion for transfer, the moving party must establish: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses, and will promote the interests of justice. *See Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992). Transfer is discretionary, but is governed by certain factors specified in § 1404(a) and in relevant case law.

## DISCUSSION

As an initial matter, the Court finds that venue would be proper in either this district or the Northern District of Texas, and plaintiffs do not dispute this point. Once venue is determined to be proper in both districts, courts evaluate the following factors to determine which venue is more convenient to the parties and the witnesses: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. *See Williams*

*v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).

Plaintiffs only address the first three factors: plaintiffs' choice of forum, and convenience of the parties and witnesses. Plaintiffs argue that their choice of forum is to be given great deference, and they emphasize the fact that the only two living plaintiffs reside in California. Plaintiffs also argue that Mrs. Farmer's current treating physicians are located in California, and that transfer will be very inconvenient for these witnesses.

Courts should afford considerable weight to a plaintiff's choice in determining a motion to transfer. *See Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985). A plaintiff's choice of forum, however, is not dispositive, and must be balanced against other factors of convenience. For example, where the transactions giving rise to the action lack a significant connection to the plaintiff's chosen forum, the plaintiff's choice of forum is given considerably less weight, even if the plaintiff is a resident of the forum. *See* Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial § 4:763 (2007); *see also Schmidt v. American Inst. of Physics*, 322 F. Supp. 2d 28, 33 (D.D.C. 2004). Here, a majority of the operative facts giving rise to this case occurred in Ohio; the accident took place in Ohio, the car was serviced and maintained in Ohio, and plaintiffs were treated on the scene and at an Ohio hospital. Plaintiffs are correct that the design and assembly of the vehicle did not take place in Ohio; however, neither of those transactions occurred in California.[3]

On the whole, transfer will be marginally more convenient for the parties. Two of the four named plaintiffs – the Estate of Virginia Farley and the Virginia M. Farley Revocable Trust – are based in Ohio. Although the Farmers reside in California, and thus transfer will be less convenient for them, the Farmers do have ties to Ohio. Further, defendants note that the Northern District of Ohio permits parties to attend hearings via telephone, and thus to the extent the Farmers wish to attend hearings, they may do so by phone. Nassihi Reply Decl. ¶ 10, Ex. O (local rules). Because defendants are large companies, California would not be a particularly inconvenient forum. However, defendant Ford's principal place of business is in neighboring Michigan, and defendant Budget is headquartered in New

---

[3] Citing the fact that plaintiffs initially retained an Ohio attorney, defendants contend that plaintiffs' choice of forum should be disregarded because there are indications of forum shopping. The Court does not find this fact necessarily indicative of forum shopping, and accordingly does not find it relevant in the transfer analysis.

United States District Court
For the Northern District of California

Jersey, which is closer to Ohio.

The Court also finds that transfer will be significantly more convenient for the witnesses. Defendants have identified numerous witnesses who are located in Ohio, including the responding police officers, paramedics and physicians, employees of Budget, and individuals who previously rented the car. The Court is not persuaded by plaintiffs' assertion that the testimony of these individuals is not particularly relevant or important. Witnesses to the aftermath of the accident may possess information relevant to liability and causation, and whether prior renters had any experiences similar to plaintiffs' would be highly relevant. Similarly, Budget employees located in Ohio will testify as to the rental and maintenance of the car. Ford employees in nearby Michigan will testify about the design and manufacture of the car. Mrs. Farmer's current treating physicians are located in California, and it is true that transfer will be inconvenient for them. However, their testimony primarily goes to the issue of damages, and may be susceptible of video- and records-based presentation.

The remaining factors, which plaintiffs do not address, are either neutral or favor transfer. The parties will have greater ease of access to evidence in Ohio since the scene of the accident, the car, and many percipient witnesses are located there. The car's service and maintenance records are located in Ohio. Kachler Decl. ¶¶ 2-3, Ex. A. Either court is equally capable of applying the applicable law, whether that law is California law or Ohio law, and thus this factor is neutral in the transfer analysis. The feasibility of consolidation with other claims is not relevant here. The local interest in the controversy also favors Ohio, as the accident occurred in that district. Defendant Budget serviced and maintained the allegedly defective car in Ohio. Kachler Decl. ¶¶ 2-5, Ex. A & B. Defendant Ford does not have any manufacturing, assembly or fabrication plants in California, while Ford does have four such plants in Ohio. Nassihi Decl. ¶¶ 8-9, Ex. E & F. California's connection to this lawsuit is solely limited to the fact that two of the plaintiffs live in California. Finally, this district is considerably more congested than the Ohio district. *See* Nassihi Decl. Ex. I (Federal Judicial Caseload Statistics).

**CONCLUSION**

For the foregoing reasons and good cause shown, the Court hereby GRANTS defendants' motion

to transfer venue, and TRANSFERS this action to the United States District Court for the Northern District of Ohio. (Docket Nos. 17 & 21).

**IT IS SO ORDERED.**

Dated: November 28, 2007

SUSAN ILLSTON
United States District Judge

**United States District Court**
For the Northern District of California